1  M. Taylor Florence (SBN 159695)
   John E. Spomer III (SBN 204938)
2  BULLIVANT HOUSER BAILEY PC
   11335 Gold Express Drive, Suite 105
3  Gold River, California 95670-6310
   Telephone: 916.852.9100
4  Facsimile: 916.852.5777
   E-Mail:     taylor.florence@bullivant.com
5              john.spomer@bullivant.com

6  Attorneys for Defendant
   NOLL MANUFACTURING COMPANY
7  EMPLOYEE STOCK
   OWNERSHIP AND TRUST
8

9                  UNITED STATES DISTRICT COURT

10                EASTERN DISTRICT OF CALIFORNIA

11                     SACRAMENTO DIVISION

12 GREGORY JOHNSON, WILLIAM           Case No.: 2:05-CV-02046 RRBKJM
   RODWELL AND EDWARD RANGEL,
13
                  Plaintiffs,          **PROTECTIVE ORDER BY STIPULATION**
14      v.

15 CLAIR R. COUTURIER, JR., DAVID R.
   JOHANSON, ROBERT E. EDDY AND THE
16 NOLL MANUFACTURING COMPANY
   EMPLOYEE STOCK OWNERSHIP PLAN
17 AND TRUST,

18                Defendants.

19

20      Plaintiffs Gregory Johnson, William Rodwell and Edward Rangel, Defendants Clair R.

21 Couturier, Jr., David R. Johanson and Robert E. Eddy, and nominal Defendant The Noll

22 Manufacturing Employee Stock Ownership Plan and Trust (collectively, "the Parties"), by and

23 through their counsel of record, having stipulated to the following Protective Order to facilitate

24 discovery and protect the confidentiality of, and rights to, information and documents and things

25 disclosed in connection with this litigation, the Court, pursuant to Federal Rule of Civil

26 Procedure 26(c) and Local Rule 83-143, hereby enters a Protective Order as follows:

27 //

28 //

1    1.    PURPOSE OF PROTECTIVE ORDER

2         It is the purpose of this Protective Order to allow the Parties to have reasonable access to

3    information from the other Parties while providing the Parties and other third-party producing

4    entities or individuals with a means for limiting access to, and disclosure of, information

5    deemed confidential that is produced in this lawsuit without frequent resort to determinations of

6    discoverability by the Court. The fact that the Parties have stipulated to this Protective Order is

7    not, and shall not be construed as, a waiver by any Party of any privilege or objection to any

8    particular discovery request.

9    2.    DEFINITIONS

10        (a)    Party. "Party" means any of the Parties to this action, including any of their

11   respective predecessors, successors-in-interest, officers, directors, principals, partners,

12   employees, agents, representatives, independent fiduciaries and consultants.

13        (b)    Counsel. "Counsel" means: Shayne & Greenwald Company, LPA and Righetti ♦

14   Wynne for Plaintiffs Gregory Johnson, William Rodwell and Edward Rangel; Morgan Lewis &

15   Bockius, LLP for Defendants Clair R. Couturier, Jr., David R. Johanson and Robert E. Eddy;

16   Bullivant Houser Bailey, P.C. for nominal Defendant The Noll Manufacturing Employee Stock

17   Ownership Plan and Trust; and the legal, paralegal, secretarial, technical and other assistants

18   who are employed by Counsel and to whom it is necessary to disclose Protected Material for the

19   purposes of this action. Should new counsel for any new or existing party to this action desire

20   to subscribe to this Protective Order as Counsel, the Parties will not unreasonably object.

21        (c)    Discovery Material. "Discovery Material" means any information, document,

22   tangible thing, response to discovery requests, deposition testimony or transcript, and any other

23   similar materials, or portions thereof, produced in this action.

24        (d)    Producing Party. "Producing Party" means a Party to this action, and all

25   fiduciaries, employees and agents (other than Counsel) of the Party, or any other producing

26   third- party entity or individual, who produces Discovery Material to a Receiving Party.

27

28

---

–2–

PROTECTIVE ORDER BY STIPULATION

1-SF/7341345.1

1      (e)    <u>Receiving Party.</u> "Receiving Party" means a Party to this action and all

2  fiduciaries, employees and agents (other than Counsel) of the Party, who receives Discovery

3  Material from a Producing Party.

4      (f)    <u>Confidential Information.</u> "CONFIDENTIAL INFORMATION" is defined

5  herein as information which any Producing Party considers in good faith to be confidential

6  information relating to: trade secrets; patents; copyrights; trademarks; research and

7  development; strategic planning; compensation or benefits; private personal and/or business or

8  proprietary information not disclosed to persons other than the Internal Revenue Service,

9  accountants, attorneys, co-officers, co-directors, co-fiduciaries, and/or family members.

10      (g)    <u>Attorneys' Eyes Only Information.</u> "ATTORNEYS' EYES ONLY

11  INFORMATION" is defined herein as information which any Producing Party considers in

12  good faith to be highly sensitive confidential information relating to: trade secrets; patents;

13  copyrights; trademarks; research and development; strategic planning; compensation or benefits;

14  private personal and/or business or proprietary information not disclosed to persons other than

15  the Internal Revenue Service, accountants, attorneys, co-officers, co-directors, co-fiduciaries,

16  and/or family members.

17      (h)    <u>Protected Material.</u> "Protected Material" means any Discovery Material, and any

18  copies, abstracts, summaries, or information derived from such Discovery Material, and any

19  notes or other records embodying or disclosing the contents of such Discovery Material, that is

20  designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with

21  Paragraphs 3(a) and 3(b) below.

22      (i)    <u>Graphics Vendor.</u> "Graphics Vendor" means a professional in the field of

23  graphics preparation and its respective secretarial and other assistants to whom it is necessary or

24  useful to disclose Protected Material for the purpose of this action.

25      (j)    <u>Independent Expert.</u> "Independent Expert" means an expert and/or independent

26  consultant actually consulted, retained or employed to advise or to assist Counsel in the

27  preparation and/or trial of this action and who is not employed by any Party or affiliate of any

28  Party, and its technical, secretarial, and other clerical assistants who are not employed by a

– 3 –

<u>PROTECTIVE ORDER BY STIPULATION</u>

1-SF/7341345.1

1  Party, to whom it is necessary or useful to disclose Protected Material for the purpose of this

2  action.

3       (k)    Qualified Recipient. "Qualified Recipient" means any person as defined in

4  Paragraphs 4(a) and/or (b) of this Protective Order, as applicable.

5       3.    **DESIGNATION OF PROTECTED MATERIAL**

6       (a)    Any portion of any document or thing, any information produced on magnetic

7  disks or other computer-related media, and any portion of oral testimony produced or given in

8  this action that is asserted by the Producing Party to contain or constitute CONFIDENTIAL

9  INFORMATION shall be so designated by such Producing Party.  Each page of each document,

10  the front of each disk, and each object that contains CONFIDENTIAL INFORMATION shall

11  be marked on its face or otherwise marked with the legend "CONFIDENTIAL-SUBJECT TO

12  PROTECTIVE ORDER."  Transcript pages containing or constituting CONFIDENTIAL

13  INFORMATION shall be separately bound by the certified court reporter and marked

14  "CONFIDENTIAL" on each page.  If the Receiving Party wishes to show non-

15  CONFIDENTIAL portions of a transcript containing CONFIDENTIAL INFORMATION to a

16  person or party not described below in Paragraph 4(a), it shall first redact all pages designated

17  CONFIDENTIAL.

18       (b)    Any portion of any document or thing, any information produced on magnetic

19  disks or other computer-related media, and any portion of oral testimony produced or given in

20  this action that is asserted by the Producing Party to contain or constitute ATTORNEYS' EYES

21  ONLY INFORMATION shall be so designated by such Producing Party.  Each page of each

22  document, the front of each disk, and each object that contains ATTORNEYS' EYES ONLY

23  INFORMATION shall be marked on its face or otherwise marked with the legend

24  "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE

25  ORDER."  Transcript pages containing or constituting ATTORNEYS' EYES ONLY

26  INFORMATION shall be separately bound by the certified court reporter and marked

27  "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" on each page.  If the Receiving Party

28  wishes to show non-ATTORNEYS' EYES ONLY portions of a transcript containing

– 4 –

1-SF/7341345.1

1   ATTORNEYS' EYES ONLY information to a person or party not described below in Paragraph

2   4(b), it shall first redact all pages designated ATTORNEYS' EYES ONLY.

3       **4.**   **ACCESS TO PROTECTED MATERIAL**

4       (a)    Any CONFIDENTIAL INFORMATION produced in accordance with the

5   provisions of Paragraph 3(a) above shall be used solely for purposes of the prosecution and

6   defense of the above-entitled litigation and shall not be disclosed to or discussed with any

7   person other than: (i) the Receiving Party; (ii) Counsel for the Receiving Party including

8   necessary support personnel of Counsel; (iii) employees of the Receiving Party whose review of

9   such information is required for the conduct of the above-entitled litigation; (iv) Graphics

10  Vendors and Independent Experts of the Receiving Party and its support personnel; (v)

11  individual(s) who authored, prepared or received the information; (vi) any fact witness to the

12  extent necessary to assist in preparing that witness to testify at deposition or trial; (vii) any fact

13  witness to the extent reasonably necessary to determine (A) the extent of that witness's

14  knowledge relevant to this action, or (B) whether that witness will in fact be called to testify at

15  trial; (viii) certified court reporters and their support personnel involved in taking testimony in

16  this action by any means including, without limitation, by videotape; (ix) the Court and any

17  person employed by the Court whose duties require access to any Protected Material; and (x)

18  any other person to whom the Producing Party agrees in writing.

19      (b)    Any ATTORNEYS' EYES ONLY INFORMATION produced in accordance

20  with the provisions of Paragraph 3(b) above shall be used solely for purposes of the prosecution

21  and defense of the above-entitled litigation and shall not be disclosed to or discussed with any

22  person other than:  (i) Counsel for the Receiving Party including necessary support personnel of

23  Counsel; (ii) Graphics Vendors and Independent Experts of the Receiving Party and its support

24  personnel; (iii) the individual(s) who Counsel for the Receiving Party reasonably believe

25  authored, prepared, or received the information; (iv) certified court reporters and their support

26  personnel involved in taking testimony in this action by any means, including, without

27  limitations, by videotape; (v) one designated Party representative who has signed this Protective

28  Order By Stipulation; (vi) the Court and any person employed by the Court whose duties require

**PROTECTIVE ORDER BY STIPULATION**
1-SF/7341345.1

1    access to any Protected Material; and (vii) any other person to whom the Producing Party agrees

2    in writing.

3        (c)    Custody of Protected Material. All CONFIDENTIAL INFORMATION or

4    ATTORNEYS' EYES ONLY INFORMATION shall be maintained in the custody of Counsel

5    for the Parties, and no partial or complete copies thereof shall be retained by anyone else, except

6    that Graphics Vendors and Independent Experts may retain such documents or things on a

7    temporary basis for purposes of study, analysis, and preparation of the case.

8        (d)    Independent Experts. Subject to the provisions of this Protective Order, all

9    Protected Material may be disclosed to any Independent Expert who has agreed to be bound by

10    this Protective Order by executing the Acknowledgment and Agreement attached as Appendix

11    A. Counsel need not identify any of its Independent Experts, except pursuant to the exchange of

12    information concerning expert witnesses under Code of Civil Procedure, section 2034.

13        (e)    Graphics Vendors. Subject to the provisions of this Protective Order, all

14    Protected Material may be disclosed to Graphics Vendors who have agreed to be bound by this

15    Protective Order by executing the Acknowledgment and Agreement attached as Appendix A.

16        (f)    Acknowledgment of Protective Order. Before obtaining access to any Protected

17    Material covered by this Protective Order, any Qualified Recipient who is permitted to have

18    access to Protected Material under this Protective Order, other than Counsel, must signify assent

19    to the terms of this Protective Order by executing the Acknowledgment and Agreement attached

20    as Appendix A, indicating that he or she has read and understood this Protective Order and

21    agrees to be bound by its terms. Counsel for the Receiving Party shall be responsible for

22    maintaining copies of all signed Acknowledgment and Agreements.

23        (g)    Disclosure of Confidential Transcripts to Deponent. Deposition transcripts of a

24    deponent containing Protected Material may be shown to that deponent for the purpose of

25    correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be

26    bound by this Protective Order by signing a copy of the Acknowledgment and Agreement

27    attached as Appendix A. If a deponent refuses to execute the Acknowledgment and Agreement,

28    then: (i) the original of the portion of the deposition transcript containing Protected Material

PROTECTIVE ORDER BY STIPULATION

1-SF/7341345.1

1   shall be maintained at the office of the court reporter who transcribed the proceeding; (ii) the

2   deponent will be advised that, for purposes of making corrections, if any, and of signing the

3   transcript (A) a deponent who resides within the judicial district shall review the portion of the

4   transcript containing Protected Material at the reporter's office, or (B) a deponent who resides

5   outside the judicial district shall review the portion of the transcript containing Protected

6   Material at a neutral site agreed to by counsel for all Parties within 70 miles of the non-Party

7   deponent's residence; and (iii) the deponent shall be further advised that failure to review and/or

8   correct any transcript within sixty (60) days of notice from deposing counsel that the transcript

9   is available for review renders the transcript correct and deemed to have been executed by the

10   witness.

11      **5.**     **HANDLING OF PROTECTED MATERIAL**

12      (a)     Before a certified court reporter receives any CONFIDENTIAL

13   INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, he or she first shall have

14   read this Protective Order and agreed in writing or on the record to be bound by the terms

15   thereof.

16      (b)     Nothing herein shall restrict a Qualified Recipient from making working copies,

17   abstracts, digests and analyses of Protected Information for use in connection with the above-

18   entitled litigation and such working copies, abstracts, digests and analyses shall be deemed to

19   have the same level of protection under the terms of this Protective Order.  Further, nothing

20   herein shall restrict a Qualified Recipient from converting or translating such information into

21   machine-readable form for incorporation in a data retrieval system used in connection with this

22   action, provided that access to such information, in whatever form stored or reproduced, shall be

23   limited to Qualified Recipients.

24      (c)     If a Party through inadvertence produces any CONFIDENTIAL

25   INFORMATION or ATTORNEYS' EYES ONLY INFORMATION without labeling or

26   marking or otherwise designating it as such in accordance with the provisions of this Protective

27   Order, the Producing Party may give written notice to the Receiving Party that the document or

28   thing produced is deemed CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY

**PROTECTIVE ORDER BY STIPULATION**

1-SF/7341345.1

1  INFORMATION and should be treated as such in accordance with the provisions of this

2  Protective Order.  The Receiving Party must treat such documents or things with the noticed

3  level of protection from the date such notice is received.  Promptly upon providing such notice

4  to the Receiving Party, the Producing Party shall provide the Receiving Party with another copy

5  of the documents or things that bear the new designation under this Protective Order, at which

6  time the Receiving Party shall return the originally-produced documents and things (and all

7  copies thereof) to the Producing Party.  The Receiving Party's disclosure, prior to the receipt of

8  notice from the Producing Party of a new designation, to persons not authorized to receive such

9  information shall not be deemed a violation of this Protective Order.  However, the Receiving

10  Party shall make a good faith effort to immediately retrieve such information from such persons

11  not authorized to receive such information and to obtain an Acknowledgment and Agreement

12  attached as Appendix A executed by the person to whom the disclosure was made.  If such

13  efforts are unsuccessful, the Receiving Party shall notify the Producing Party of the disclosure

14  and the identity of the person or entity to whom the disclosure was made.

15          (d)     A document containing Protected Material may be used at a deposition only

16  where the individuals in attendance, including the witness, either:  (i) fall within the classes of

17  persons identified in paragraphs 4(a) or 4(b) above as authorized to have access to the

18  documents; or (ii) have been provided with a copy of this Protective Order and have agreed to

19  be bound by this Protective Order by executing the Acknowledgment and Agreement attached

20  as Appendix A.  Any non-deponent person who refuses to the sign the Acknowledgment and

21  Agreement may not attend that part of any deposition involving a document containing

22  Protected Material, unless the person is counsel for the deponent.

23          (e)     Subject to a proper foundation, a Party or present employee of a Party may be

24  examined and may testify concerning all CONFIDENTIAL INFORMATION and

25  ATTORNEYS' EYES ONLY INFORMATION produced by that Party.

26          (f)     Subject to a proper foundation, a former employee of a Party may be examined

27  and may testify concerning all CONFIDENTIAL INFORMATION and ATTORNEYS' EYES

28

– 8 –

PROTECTIVE ORDER BY STIPULATION

1-SF/7341345.1

1  ONLY INFORMATION produced by that Party which pertains to the period(s) of his or her

2  employment and/or ESOP participation.

3    (g)    Subject to a proper foundation, a present or former consultant to a Party (other

4  than a non-testifying litigation consultant) may be examined and may testify concerning all

5  CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION

6  produced by that Party which pertains to the period(s) of his or her consultation.

7    (h)    Subject to a proper foundation, non-parties may be examined and may testify

8  concerning any document or thing containing CONFIDENTIAL INFORMATION or

9  ATTORNEYS' EYES ONLY INFORMATION of a Producing Party which clearly appears on

10  its face or from other documents or testimony to have been prepared by, received by, known by

11  or communicated to the non-party.

12    (i)    This Protective Order shall apply to any non-party from whom discovery may be

13  sought pursuant to a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure and

14  allows, but does not require, such a non-party to designate Discovery Material as

15  CONFIDENTIAL or ATTORNEYS' EYES ONLY.

16    (j)    If such designation is not made at the time of the deposition, any transcript

17  containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY

18  INFORMATION shall be designated as containing such information by no later than twenty

19  (20) days after receiving the deposition transcript.  Otherwise, such transcript shall not be

20  subject to this Protective Order.

21    **6.    DESIGNATION NOT DETERMINATIVE OF STATUS**

22    The designation or failure to designate material as CONFIDENTIAL or ATTORNEYS'

23  EYES ONLY shall not be determinative of that material's status as Protected Material.  Any

24  Party shall have the right, within sixty (60) days following its receipt of any material designated

25  as CONFIDENTIAL or ATTORNEYS' EYES ONLY, to object to such designation by

26  informing the other Parties in writing by letter or other document any and identifying the

27  specific material challenged.  If the Receiving Party believes in good faith that the volume of

28  material produced requires additional time for objection, the Receiving Party shall, within

PROTECTIVE ORDER BY STIPULATION

1-SF/7341345.1

1   fourteen (14) days following its receipt, inform the other Parties in writing by letter or other
2   written communication of the reason(s) why an extension is needed and the length of the
3   extension (not to exceed thirty (30) days).  If the Producing Party in good faith does not agree
4   with the extension, it shall so inform the Receiving Party within fourteen (14) days of receipt of
5   the Receiving Party's communication, and then shall not be barred from arguing that any
6   challenge made by the Receiving Party after expiration of the 60-day period is untimely.

7          Within twenty (20) days following the receipt of such a written challenge, the
8   designating Party shall substantiate the basis for such designation in writing to the challenging
9   Party.  Thereafter, the Parties shall attempt to resolve such challenge in good faith on an
10  informal basis.  If the dispute cannot be informally resolved within thirty (30) days following
11  the substantiation provided to the challenging party, the Party challenging the designation may
12  seek appropriate relief from the Court.  The burden of proof shall be on the Party claiming
13  confidentiality.  Any document or thing designated CONFIDENTIAL or ATTORNEYS' EYES
14  ONLY shall enjoy the protection of such designation until the issue relating to the propriety of
15  the designation has been resolved.

16         **7.    RIGHT TO FURTHER RELIEF**
17         Nothing in this Protective Order shall abridge the right of any person to seek judicial
18  modification or amendment of this Protective Order.

19         **8.    RIGHT TO ASSERT OTHER OBJECTIONS**
20         This Protective Order shall not be construed as waiving any right to assert a claim of
21  privilege, relevance, or other grounds for not producing Discovery Material.

22         **9.    FINAL DISPOSITION**
23         Within ninety (90) days after final termination of this action, including all appeals, each
24  Receiving Party shall assemble all documents and things furnished and designated by any
25  Producing Party as containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES
26  ONLY INFORMATION, and all copies, summaries and abstracts thereof, and shall either, at
27  Receiving Party's option: (a) return such documents and things to the Producing Party at
28  Receiving Party's expense, or (b) destroy the documents and things; provided, however, that

– 10 –

1-SF/7341345.1

1   Counsel shall be entitled to retain an archival copy of documents that include or are derived

2   from Protected Material.  If a Party elects to destroy any documents or things, a Certificate of

3   Destruction executed by Receiving Party's Counsel shall be served on all Counsel within ninety

4   (90) days of final termination of the action.

5       **10.    NO CONTRACT**

6       This Protective Order by Stipulation is for the Court's consideration and approval as an

7   order.  It shall not be construed to create a contract between the Parties or between the Parties

8   and their respective Counsel.

9       **11.    SURVIVAL OF OBLIGATIONS**

10      The obligations created by this Protective Order by Stipulation shall survive the

11  termination of this lawsuit unless otherwise modified by the Court.  The Court shall retain

12  jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and to make

13  such amendments and modifications to this Protective Order as may be appropriate.

14      It is so stipulated.

15

16  Dated: February 15, 2006                    SHAYNE & GREENWALD COMPANY, LPA

17

18                                              By _____

19                                                  Anne Marie La Bue
                                                Attorneys for Plaintiffs

20

21

22  Dated: February __, 2006                    RIGHETTI ♦ WYNNE

23

24                                              By _____

25                                                  Matthew Righetti
                                                Attorneys for Plaintiffs

26

27

28

PROTECTIVE ORDER BY STIPULATION

1-SF/7341345.1

1 | Counsel shall be entitled to retain an archival copy of documents that include or are derived

2 | from Protected Material.  If a Party elects to destroy any documents or things, a Certificate of

3 | Destruction executed by Receiving Party's Counsel shall be served on all Counsel within ninety

4 | (90) days of final termination of the action.

5 | **10.    NO CONTRACT**

6 | This Protective Order by Stipulation is for the Court's consideration and approval as an

7 | order.  It shall not be construed to create a contract between the Parties or between the Parties

8 | and their respective Counsel.

9 | **11.    SURVIVAL OF OBLIGATIONS**

10 | The obligations created by this Protective Order by Stipulation shall survive the

11 | termination of this lawsuit unless otherwise modified by the Court.  The Court shall retain

12 | jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and to make

13 | such amendments and modifications to this Protective Order as may be appropriate.

14 | It is so stipulated.

15 |

16 | Dated:  February __, 2006                      SHAYNE & GREENWALD COMPANY, LPA

17 |

18 |                                                    By _____

19 |                                                         Anne Marie La Bue
     |                                                    Attorneys for Plaintiffs

20 |

21 |

22 | Dated:  February 15, 2006                    RIGHETTI ♦ WYNNE

23 |

24 |                                                    By _____
25 |                                                         Matthew Righetti
     |                                                    Attorneys for Plaintiffs

26 |

27 |

28 |

– 11 –

**PROTECTIVE ORDER BY STIPULATION**

1   Dated: February 21 , 2006              BULLIVANT HOUSER BAILEY PC
2
3                                          By
4                                              M. Taylor Florence
                                               Attorneys for Defendants
5                                          NOLL MANUFACTURING COMPANY
                                           EMPLOYEE STOCK
                                           OWNERSHIP AND TRUST
6
7   Dated: February 16 , 2006              MORGAN LEWIS & BOCKIUS, LLP
8
9                                          By
                                               D. Ward Kallstrom
10                                             Attorneys for Defendants
                                           CLAIR R. COUTURIER, JR., DAVID R.
11                                         JOHANSON AND ROBERT E. EDDY
12  Dated: February _____, 2006            MORGAN LEWIS & BOCKIUS, LLP
13
14                                         By
                                               M. Michael Cole
15                                             Attorneys for Defendants
                                           CLAIR R. COUTURIER, JR., DAVID R.
16                                         JOHANSON AND ROBERT E. EDDY

17  IT IS SO ORDERED

18  DATED: 2/22/06                         UNITED STATES DISTRICT COURT
                                           JUDGE
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

- 12 -
PROTECTIVE ORDER BY STIPULATION

## APPENDIX A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

Case: *Johnson, et al. v. Couturier, et al.*
U.S. District Court, Eastern District of California, Case No. 2:05-CV-02046 RRB KJM

I, _____, declare under penalty of perjury under the laws of the United States of America that I have read in its entirety the Protective Order by Stipulation in the above-referenced lawsuit, and agree to adhere to and be bound by its terms. I hereby submit to the jurisdiction of the U.S. District Court, Eastern District of California, for the purpose of enforcement of the Protective Order by Stipulation.

Date: _____

_____
Signature:

_____
Name (Print):

_____
Title:

_____
Address:

_____
City, State, Zip:

_____
Telephone Number:

e-mail Address:

– 13 –
PROTECTIVE ORDER BY STIPULATION

1-SF/7341345.1