M. Taylor Florence (SBN 159695)
John E. Spomer III (SBN 204938)
BULLIVANT HOUSER BAILEY PC
11335 Gold Express Drive, Suite 105
Gold River, California  95670-6310
Telephone: 916.852.9100
Facsimile: 916.852.5777
E-Mail:         taylor.florence@bullivant.com
                john.spomer@bullivant.com

Attorneys for Defendant
NOLL MANUFACTURING COMPANY
EMPLOYEE STOCK
OWNERSHIP AND TRUST

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| GREGORY JOHNSON, WILLIAM RODWELL AND EDWARD RANGEL,<br><br>        Plaintiffs,<br><br>    v.<br><br>CLAIR R. COUTURIER, JR., DAVID R. JOHANSON, ROBERT E. EDDY AND THE NOLL MANUFACTURING COMPANY EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST,<br><br>        Defendants. | Case No.: 2:05-CV-02046 RRBKJM<br><br>**PROTECTIVE ORDER BY STIPULATION** |

Plaintiffs Gregory Johnson, William Rodwell and Edward Rangel, Defendants Clair R. Couturier, Jr., David R. Johanson and Robert E. Eddy, and nominal Defendant The Noll Manufacturing Employee Stock Ownership Plan and Trust (collectively, "the Parties"), by and through their counsel of record, having stipulated to the following Protective Order to facilitate discovery and protect the confidentiality of, and rights to, information and documents and things disclosed in connection with this litigation, the Court, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 83-143, hereby enters a Protective Order as follows:

//

//

1.  **PURPOSE OF PROTECTIVE ORDER**

It is the purpose of this Protective Order to allow the Parties to have reasonable access to information from the other Parties while providing the Parties and other third-party producing entities or individuals with a means for limiting access to, and disclosure of, information deemed confidential that is produced in this lawsuit without frequent resort to determinations of discoverability by the Court.  The fact that the Parties have stipulated to this Protective Order is not, and shall not be construed as, a waiver by any Party of any privilege or objection to any particular discovery request.

2.  **DEFINITIONS**

(a)  Party.  "Party" means any of the Parties to this action, including any of their respective predecessors, successors-in-interest, officers, directors, principals, partners, employees, agents, representatives, independent fiduciaries and consultants.

(b)  Counsel.  "Counsel" means: Shayne & Greenwald Company, LPA and Righetti ♦ Wynne for Plaintiffs Gregory Johnson, William Rodwell and Edward Rangel; Morgan Lewis & Bockius, LLP for Defendants Clair R. Couturier, Jr., David R. Johanson and Robert E. Eddy; Bullivant Houser Bailey, P.C. for nominal Defendant The Noll Manufacturing Employee Stock Ownership Plan and Trust; and the legal, paralegal, secretarial, technical and other assistants who are employed by Counsel and to whom it is necessary to disclose Protected Material for the purposes of this action.  Should new counsel for any new or existing party to this action desire to subscribe to this Protective Order as Counsel, the Parties will not unreasonably object.

(c)  Discovery Material.  "Discovery Material" means any information, document, tangible thing, response to discovery requests, deposition testimony or transcript, and any other similar materials, or portions thereof, produced in this action.

(d)  Producing Party.  "Producing Party" means a Party to this action, and all fiduciaries, employees and agents (other than Counsel) of the Party, or any other producing third- party entity or individual, who produces Discovery Material to a Receiving Party.

(e)  Receiving Party. "Receiving Party" means a Party to this action and all fiduciaries, employees and agents (other than Counsel) of the Party, who receives Discovery Material from a Producing Party.

(f)  Confidential Information. "CONFIDENTIAL INFORMATION" is defined herein as information which any Producing Party considers in good faith to be confidential information relating to: trade secrets; patents; copyrights; trademarks; research and development; strategic planning; compensation or benefits; private personal and/or business or proprietary information not disclosed to persons other than the Internal Revenue Service, accountants, attorneys, co-officers, co-directors, co-fiduciaries, and/or family members.

(g)  Attorneys' Eyes Only Information. "ATTORNEYS' EYES ONLY INFORMATION" is defined herein as information which any Producing Party considers in good faith to be highly sensitive confidential information relating to: trade secrets; patents; copyrights; trademarks; research and development; strategic planning; compensation or benefits; private personal and/or business or proprietary information not disclosed to persons other than the Internal Revenue Service, accountants, attorneys, co-officers, co-directors, co-fiduciaries, and/or family members.

(h)  Protected Material. "Protected Material" means any Discovery Material, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records embodying or disclosing the contents of such Discovery Material, that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with Paragraphs 3(a) and 3(b) below.

(i)  Graphics Vendor. "Graphics Vendor" means a professional in the field of graphics preparation and its respective secretarial and other assistants to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

(j)  Independent Expert. "Independent Expert" means an expert and/or independent consultant actually consulted, retained or employed to advise or to assist Counsel in the preparation and/or trial of this action and who is not employed by any Party or affiliate of any Party, and its technical, secretarial, and other clerical assistants who are not employed by a

1  Party, to whom it is necessary or useful to disclose Protected Material for the purpose of this
2  action.
3      (k)    <u>Qualified Recipient.</u>  "Qualified Recipient" means any person as defined in
4  Paragraphs 4(a) and/or (b) of this Protective Order, as applicable.
5      **3.**    <u>**DESIGNATION OF PROTECTED MATERIAL**</u>
6      (a)    Any portion of any document or thing, any information produced on magnetic
7  disks or other computer-related media, and any portion of oral testimony produced or given in
8  this action that is asserted by the Producing Party to contain or constitute CONFIDENTIAL
9  INFORMATION shall be so designated by such Producing Party.  Each page of each document,
10 the front of each disk, and each object that contains CONFIDENTIAL INFORMATION shall
11 be marked on its face or otherwise marked with the legend "CONFIDENTIAL-SUBJECT TO
12 PROTECTIVE ORDER."  Transcript pages containing or constituting CONFIDENTIAL
13 INFORMATION shall be separately bound by the certified court reporter and marked
14 "CONFIDENTIAL" on each page.  If the Receiving Party wishes to show non-
15 CONFIDENTIAL portions of a transcript containing CONFIDENTIAL INFORMATION to a
16 person or party not described below in Paragraph 4(a), it shall first redact all pages designated
17 CONFIDENTIAL.
18     (b)    Any portion of any document or thing, any information produced on magnetic
19 disks or other computer-related media, and any portion of oral testimony produced or given in
20 this action that is asserted by the Producing Party to contain or constitute ATTORNEYS' EYES
21 ONLY INFORMATION shall be so designated by such Producing Party.  Each page of each
22 document, the front of each disk, and each object that contains ATTORNEYS' EYES ONLY
23 INFORMATION shall be marked on its face or otherwise marked with the legend
24 "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE
25 ORDER."  Transcript pages containing or constituting ATTORNEYS' EYES ONLY
26 INFORMATION shall be separately bound by the certified court reporter and marked
27 "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" on each page.  If the Receiving Party
28 wishes to show non-ATTORNEYS' EYES ONLY portions of a transcript containing

ATTORNEYS' EYES ONLY information to a person or party not described below in Paragraph 4(b), it shall first redact all pages designated ATTORNEYS' EYES ONLY.

**4.     ACCESS TO PROTECTED MATERIAL**

(a)     Any CONFIDENTIAL INFORMATION produced in accordance with the provisions of Paragraph 3(a) above shall be used solely for purposes of the prosecution and defense of the above-entitled litigation and shall not be disclosed to or discussed with any person other than: (i) the Receiving Party; (ii) Counsel for the Receiving Party including necessary support personnel of Counsel; (iii) employees of the Receiving Party whose review of such information is required for the conduct of the above-entitled litigation; (iv) Graphics Vendors and Independent Experts of the Receiving Party and its support personnel; (v) individual(s) who authored, prepared or received the information; (vi) any fact witness to the extent necessary to assist in preparing that witness to testify at deposition or trial; (vii) any fact witness to the extent reasonably necessary to determine (A) the extent of that witness's knowledge relevant to this action, or (B) whether that witness will in fact be called to testify at trial; (viii) certified court reporters and their support personnel involved in taking testimony in this action by any means including, without limitation, by videotape; (ix) the Court and any person employed by the Court whose duties require access to any Protected Material; and (x) any other person to whom the Producing Party agrees in writing.

(b)     Any ATTORNEYS' EYES ONLY INFORMATION produced in accordance with the provisions of Paragraph 3(b) above shall be used solely for purposes of the prosecution and defense of the above-entitled litigation and shall not be disclosed to or discussed with any person other than:  (i) Counsel for the Receiving Party including necessary support personnel of Counsel; (ii) Graphics Vendors and Independent Experts of the Receiving Party and its support personnel; (iii) the individual(s) who Counsel for the Receiving Party reasonably believe authored, prepared, or received the information; (iv) certified court reporters and their support personnel involved in taking testimony in this action by any means, including, without limitations, by videotape; (v) one designated Party representative who has signed this Protective Order By Stipulation; (vi) the Court and any person employed by the Court whose duties require

– 5 –
PROTECTIVE ORDER BY STIPULATION

access to any Protected Material; and (vii) any other person to whom the Producing Party agrees in writing.

      (c)    <u>Custody of Protected Material.</u>  All CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be maintained in the custody of Counsel for the Parties, and no partial or complete copies thereof shall be retained by anyone else, except that Graphics Vendors and Independent Experts may retain such documents or things on a temporary basis for purposes of study, analysis, and preparation of the case.

      (d)    <u>Independent Experts.</u>  Subject to the provisions of this Protective Order, all Protected Material may be disclosed to any Independent Expert who has agreed to be bound by this Protective Order by executing the Acknowledgment and Agreement attached as Appendix A.  Counsel need not identify any of its Independent Experts, except pursuant to the exchange of information concerning expert witnesses under Code of Civil Procedure, section 2034.

      (e)    <u>Graphics Vendors.</u>  Subject to the provisions of this Protective Order, all Protected Material may be disclosed to Graphics Vendors who have agreed to be bound by this Protective Order by executing the Acknowledgment and Agreement attached as Appendix A.

      (f)    <u>Acknowledgment of Protective Order.</u>  Before obtaining access to any Protected Material covered by this Protective Order, any Qualified Recipient who is permitted to have access to Protected Material under this Protective Order, other than Counsel, must signify assent to the terms of this Protective Order by executing the Acknowledgment and Agreement attached as Appendix A, indicating that he or she has read and understood this Protective Order and agrees to be bound by its terms.  Counsel for the Receiving Party shall be responsible for maintaining copies of all signed Acknowledgment and Agreements.

      (g)    <u>Disclosure of Confidential Transcripts to Deponent.</u>  Deposition transcripts of a deponent containing Protected Material may be shown to that deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Protective Order by signing a copy of the Acknowledgment and Agreement attached as Appendix A.  If a deponent refuses to execute the Acknowledgment and Agreement, then:  (i) the original of the portion of the deposition transcript containing Protected Material

shall be maintained at the office of the court reporter who transcribed the proceeding; (ii) the deponent will be advised that, for purposes of making corrections, if any, and of signing the transcript (A) a deponent who resides within the judicial district shall review the portion of the transcript containing Protected Material at the reporter's office, or (B) a deponent who resides outside the judicial district shall review the portion of the transcript containing Protected Material at a neutral site agreed to by counsel for all Parties within 70 miles of the non-Party deponent's residence; and (iii) the deponent shall be further advised that failure to review and/or correct any transcript within sixty (60) days of notice from deposing counsel that the transcript is available for review renders the transcript correct and deemed to have been executed by the witness.

**5.     HANDLING OF PROTECTED MATERIAL**

(a)     Before a certified court reporter receives any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, he or she first shall have read this Protective Order and agreed in writing or on the record to be bound by the terms thereof.

(b)     Nothing herein shall restrict a Qualified Recipient from making working copies, abstracts, digests and analyses of Protected Information for use in connection with the above-entitled litigation and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Protective Order.  Further, nothing herein shall restrict a Qualified Recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to Qualified Recipients.

(c)     If a Party through inadvertence produces any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY

INFORMATION and should be treated as such in accordance with the provisions of this Protective Order. The Receiving Party must treat such documents or things with the noticed level of protection from the date such notice is received. Promptly upon providing such notice to the Receiving Party, the Producing Party shall provide the Receiving Party with another copy of the documents or things that bear the new designation under this Protective Order, at which time the Receiving Party shall return the originally-produced documents and things (and all copies thereof) to the Producing Party. The Receiving Party's disclosure, prior to the receipt of notice from the Producing Party of a new designation, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order. However, the Receiving Party shall make a good faith effort to immediately retrieve such information from such persons not authorized to receive such information and to obtain an Acknowledgment and Agreement attached as Appendix A executed by the person to whom the disclosure was made. If such efforts are unsuccessful, the Receiving Party shall notify the Producing Party of the disclosure and the identity of the person or entity to whom the disclosure was made.

(d) A document containing Protected Material may be used at a deposition only where the individuals in attendance, including the witness, either: (i) fall within the classes of persons identified in paragraphs 4(a) or 4(b) above as authorized to have access to the documents; or (ii) have been provided with a copy of this Protective Order and have agreed to be bound by this Protective Order by executing the Acknowledgment and Agreement attached as Appendix A. Any non-deponent person who refuses to the sign the Acknowledgment and Agreement may not attend that part of any deposition involving a document containing Protected Material, unless the person is counsel for the deponent.

(e) Subject to a proper foundation, a Party or present employee of a Party may be examined and may testify concerning all CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION produced by that Party.

(f) Subject to a proper foundation, a former employee of a Party may be examined and may testify concerning all CONFIDENTIAL INFORMATION and ATTORNEYS' EYES

ONLY INFORMATION produced by that Party which pertains to the period(s) of his or her employment and/or ESOP participation.

 (g) Subject to a proper foundation, a present or former consultant to a Party (other than a non-testifying litigation consultant) may be examined and may testify concerning all CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION produced by that Party which pertains to the period(s) of his or her consultation.

 (h) Subject to a proper foundation, non-parties may be examined and may testify concerning any document or thing containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION of a Producing Party which clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to the non-party.

 (i) This Protective Order shall apply to any non-party from whom discovery may be sought pursuant to a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure and allows, but does not require, such a non-party to designate Discovery Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

 (j) If such designation is not made at the time of the deposition, any transcript containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be designated as containing such information by no later than twenty (20) days after receiving the deposition transcript. Otherwise, such transcript shall not be subject to this Protective Order.

 **6.** **DESIGNATION NOT DETERMINATIVE OF STATUS**

 The designation or failure to designate material as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not be determinative of that material's status as Protected Material. Any Party shall have the right, within sixty (60) days following its receipt of any material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, to object to such designation by informing the other Parties in writing by letter or other document any and identifying the specific material challenged. If the Receiving Party believes in good faith that the volume of material produced requires additional time for objection, the Receiving Party shall, within

fourteen (14) days following its receipt, inform the other Parties in writing by letter or other written communication of the reason(s) why an extension is needed and the length of the extension (not to exceed thirty (30) days). If the Producing Party in good faith does not agree with the extension, it shall so inform the Receiving Party within fourteen (14) days of receipt of the Receiving Party's communication, and then shall not be barred from arguing that any challenge made by the Receiving Party after expiration of the 60-day period is untimely.

Within twenty (20) days following the receipt of such a written challenge, the designating Party shall substantiate the basis for such designation in writing to the challenging Party. Thereafter, the Parties shall attempt to resolve such challenge in good faith on an informal basis. If the dispute cannot be informally resolved within thirty (30) days following the substantiation provided to the challenging party, the Party challenging the designation may seek appropriate relief from the Court. The burden of proof shall be on the Party claiming confidentiality. Any document or thing designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall enjoy the protection of such designation until the issue relating to the propriety of the designation has been resolved.

### 7. RIGHT TO FURTHER RELIEF

Nothing in this Protective Order shall abridge the right of any person to seek judicial modification or amendment of this Protective Order.

### 8. RIGHT TO ASSERT OTHER OBJECTIONS

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

### 9. FINAL DISPOSITION

Within ninety (90) days after final termination of this action, including all appeals, each Receiving Party shall assemble all documents and things furnished and designated by any Producing Party as containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, and all copies, summaries and abstracts thereof, and shall either, at Receiving Party's option: (a) return such documents and things to the Producing Party at Receiving Party's expense, or (b) destroy the documents and things; provided, however, that

Counsel shall be entitled to retain an archival copy of documents that include or are derived from Protected Material.  If a Party elects to destroy any documents or things, a Certificate of Destruction executed by Receiving Party's Counsel shall be served on all Counsel within ninety (90) days of final termination of the action.

**10.**     **NO CONTRACT**

This Protective Order by Stipulation is for the Court's consideration and approval as an order.  It shall not be construed to create a contract between the Parties or between the Parties and their respective Counsel.

**11.**     **SURVIVAL OF OBLIGATIONS**

The obligations created by this Protective Order by Stipulation shall survive the termination of this lawsuit unless otherwise modified by the Court.  The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and to make such amendments and modifications to this Protective Order as may be appropriate.

It is so stipulated.

Dated:  February __, 2006         SHAYNE & GREENWALD COMPANY, LPA

                                  By /s/ Anne Marie La Bue_____
                                     Anne Marie La Bue
                                  Attorneys for Plaintiffs


Dated:  February __, 2006         RIGHETTI ♦ WYNNE

                                  By /s/ Matthew Righetti_____
                                     Matthew Righetti
                                  Attorneys for Plaintiffs

| | | |
|---|---|---|
| 1 | Dated: February __, 2006 | BULLIVANT HOUSER BAILEY PC |
| 2 | | |
| 3 | | By /s/ M. Taylor Florence |
| 4 | | M. Taylor Florence |
| | | Attorneys for Defendant |
| 5 | | NOLL MANUFACTURING COMPANY |
| | | EMPLOYEE STOCK |
| 6 | | OWNERSHIP AND TRUST |
| 7 | | |
| 8 | Dated: February __, 2006 | MORGAN LEWIS & BOCKIUS, LLP |
| 9 | | |
| 10 | | By /s/ D. Ward Kallstrom |
| 11 | | D. Ward Kallstrom |
| | | Attorneys for Defendants |
| 12 | | CLAIR R. COUTURIER, JR., DAVID R. |
| | | JOHANSON AND ROBERT E. EDDY |
| 13 | | |
| 14 | Dated: February __, 2006 | MORGAN LEWIS & BOCKIUS, LLP |
| 15 | | |
| 16 | | By /s/ M. Michael Cole |
| | | M. Michael Cole |
| 17 | | Attorneys for Defendants |
| | | CLAIR R. COUTURIER, JR., DAVID R. |
| 18 | | JOHANSON AND ROBERT E. EDDY |
| 19 | | |
| 20 | **IT IS SO ORDERED.** | |
| 21 | | |
| 22 | DATED: March 10, 2006. | |
| 23 | | |
| 24 | | _____ |
| | | UNITED STATES MAGISTRATE JUDGE |

# **APPENDIX A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

Case: *Johnson, et al. v. Couturier, et al.*
U.S. District Court, Eastern District of California, Case No. 2:05-CV-02046 RRB KJM

I, _____, declare under penalty of perjury under the laws of the United States of America that I have read in its entirety the Protective Order by Stipulation in the above-referenced lawsuit, and agree to adhere to and be bound by its terms. I hereby submit to the jurisdiction of the U.S. District Court, Eastern District of California, for the purpose of enforcement of the Protective Order by Stipulation.

Date:  _____

_____
Signature:

_____
Name (Print):

_____
Title:

_____
Address:

_____
City, State, Zip:

_____
Telephone Number:

e-mail Address:

4208584.1