

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JOHNSON, WILLIAM RODWELL, and EDWARD RANGEL,<br><br>Plaintiffs,<br><br>vs.<br><br>CLAIR R. COUTURIER, JR., DAVID R. JOHANSON, ROBERT E. EDDY, and THE NOLL MANUFACTURING COMPANY EMPLOYEE STOCK OWNERSHIP PLAN and TRUST,<br><br>Defendants. | No. 2:05-cv-02046-RRB-KJM<br><br>ORDER<br>[Re: Motions at Docket No. 41 and Docket No. 74] |

I. MOTION PRESENTED

At Docket No. 41 Defendants Clair R. Couturier, Jr. ("Couturier"), David R. Johanson ("Johanson"), and Robert E. Eddy ("Eddy") (collectively the "Individual Defendants") have moved for summary judgment, or in the alternative summary adjudication, in their favor as against plaintiff Gregory Johnson ("Johnson"). At Docket No. 74 the Individual Defendants have moved for the imposition of sanctions under FED. R. CIV. P. 11. At Docket No. 77 Johnson has opposed the motion for summary judgment and at Docket No. 79 opposed the motion for sanctions. At Docket No. 81 the Individual Defendants have replied to both oppositions. No party has requested oral argument and the court, after reviewing the moving papers and oppositions, has determined that oral argument would not assist the Court in deciding the motions.

II. BACKGROUND

The complaint alleges numerous acts by the Individual Defendants contended to be in violation of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq* ["ERISA"]. Plaintiffs, including Johnson, seek to recoup from

the Individual Defendants profit and gains that the Individual Defendants allegedly received as a result of the violations of their fiduciary obligations to the Noll Manufacturing Company Employee Stock Ownership Trust ("Noll ESOT"), and to impose a constructive trust on those profits.[1/]

Approximately three years prior to the initiation of this lawsuit, Johnson brought suit against the Noll Manufacturing Company ("Noll") for allegedly unpaid vacation time and wages. Represented by the same attorney who has brought the present lawsuit, Johnson entered into a Settlement Agreement and General Release with Noll, N&NW Manufacturing Company, and Northwest Metal Products Co. (collectively the "Company"), and the Noll Manufacturing Company Employee Stock Ownership Trust ("Noll ESOT"),[2/] settling his claims for $291,693.52. As part of the transaction Johnson received a distribution from the Noll ESOT of all Noll shares in which he was vested.[3/] The release agreement was mutual, with the Company releasing all claims against Johnson arising prior to the execution of the release. Johnson, in exchange, in addition to dismissing his lawsuit, agreed:[4/]

> 4. Johnson Release. In consideration of the execution of this Agreement by the Parties and the receipt by Mr. Johnson of the Settlement Proceeds, Mr. Johnson, on behalf of his heirs, agents, executors, successors, administrators, attorneys and assigns, and any and all persons claiming by or through him, does hereby release, quit and forever discharge Noll and the Noll ESOT, their respective predecessors, successors, assigns,

---

[1/] ERISA § 502(a) [29 U.S.C. § 1132(a)] is the civil enforcement provision that establishes who may bring a civil action under the Act. One clause of § 502 is relevant to this case. Section 502(a)(2) states that "[a] civil action may be brought by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). This section authorizes suits to obtain remedies for breach of fiduciary duty available under ERISA § 409 [29 U.S.C. § 1109]. Here, plaintiffs invoke ERISA § 502(a)(2) to seek the imposition of a constructive trust under the catchall relief provision of ERISA § 409(a) [29 U.S.C. § 1109(a)].

[2/] Settlement Agreement and General Release, p.1. [A copy is attached as Exhibit B to the Declaration of Gregory Johnson, Docket No. 77-2 at 28; and Exhibit B to the Declaration of David R. Johanson, Docket 45 at 11.]

[3/] *Id.* (Allocated $65,000 to the unpaid vacation time/severance pay and the balance, $226,693.52, allocated to the purchase of the shares distributed to Johnson by the Noll ESOT.)

[4/] *Id.*, pp. 3–4; Docket 77-2 at 30–31; Docket 45 at 13–14.

parents, affiliated companies, including but not limited to Northwest Metal Products Co., Noll Manufacturing Company and N&NW Manufacturing Holding Company, Inc., subsidiaries and divisions, insurers, present and former directors, officers, shareholders, agents, representatives, employees, attorneys, accountants and all others acting for or in concert with Noll past or present (hereinafter collectively, the "'Releasees") from any and liabilities, damages, actions, causes of action, claims, demands or suits of any nature, kind or description whatsoever, whether accrued or to accrue, whether presently known or unknown, whether specifically alleged in the Lawsuit or which could have been alleged in the Lawsuit, that Mr. Johnson ever bad, now has or hereafter may have against any of the Releasees arising out of any act, omission, or matter occurring before execution of this Agreement, including, without limitation, all claims related to Mr. Johnson's employment with the Company, such as, but not limited to, any claims that may be the basis of any wage and hour claim or any employment discrimination complaint, charge, or proceeding in any federal, state or local court or administrative proceeding of any kind, including, but not limited to, claims under Title VII of the Civil Rights Act of 1964 (and all of its amendments); The Americans With Disabilities Act, as amended; the Fair Labor Standards Act (the "FLSA"); the Older Workers Benefits Protection Act (the "OWPA"); the Age Discrimination in Employment Act (the "ADEA"); the California Equal Employment for Persons with Disabilities Act; the Lawsuit; the Employee Retirement Income Security Act of 1974, as amended, or any other statute or regulation or any independent tort claim or any claim for breach of contract, promissory estoppel, or any other common law claim. Mr. Johnson also releases any right to bring an administrative claim or charge against Releasees. Mr. Johnson further covenants not to sue the Releasees in their individual, corporate or other capacities with respect to the claims described herein. Mr. Johnson expressly waives all rights under Section 1542 of the *California Civil Code*. That section reads as follows:

> "SECTION 1542. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE WHICH IF KNOWN TO HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR"

### III. ISSUES

The motions present three issues. First, did the release Johnson executed in October 2003 operate as a release of the claim he asserts in this lawsuit? Second, does Johnson, as a terminated employee who has been "cashed out," have standing to bring a claim under ERISA? Third, assuming that the release did operate to release the

claims asserted in this lawsuit, did the bringing of this lawsuit constitute a violation of FED. R. CIV. P. 11 and, if so, to what extent should sanctions be imposed?

## IV. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[5] Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[6] In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial.[7] The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. In order to show that a genuine issue of material fact exists a nonmoving plaintiff must introduce probative evidence that establishes the elements of the complaint.[8] Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[9] There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[10]

---

[5] FED. R. CIV. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir.1989).

[6] FED. R. CIV. P. 56(e)

[7] *Id*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir.2002).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[9] *Id* at 255.

[10] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## V. DISCUSSION [11]

Turning first the issue of the release. The Individual Defendants argue that the general release signed by Johnson in 2003 released any and all claims against not only Noll but also these individuals who fall within the scope of the Releasees. While the Court agrees that the Individual Defendants are Releasees covered by the General release and the release encompassed all individual claims he could assert against them under ERISA, the Individual Defendants are not entitled to dismissal.

The relief sought by the complaint is the return of the ill-gotten gains realized by the trustees to the Noll ESOT. It does not seek individual relief. While Johnson could waive his *individual* claims against the Individual Defendants, he could not waive the claims brought under § 502(a)92) for the benefit of the ESOT without the consent of the ESOT.[12] Without the consent of the Plan (or Plan administrator/fiduciary), Johnson had no authority or power to release the § 502(a)(2) claims. There is no evidence that the Noll ESOT consented to a release of the non-individual claims. In fact, a careful reading of the Settlement Agreement and General Release indicates it did not. The preamble identifies the parties, in addition to Johnson as "N&NW Manufacturing Company, Inc., a California corporation, Noll Manufacturing Company, a California corporation, Northwest Metal Products Co. (collectively 'Noll' or 'Company') and the Noll Manufacturing Company Stock Ownership Trust (the 'Noll ESOT')." In ¶ 3 of the agreement entitled "Company Release," the only named releasor is Noll; the Noll ESOT

---

[11] The Court notes that the Individual Defendants' Motion for Summary Judgment was filed after Plaintiffs moved to file an amended complaint, which motion the Court is granting, in part, concurrently by separate order. It, therefore, addresses a pleading that will be superceded and of no further effect in this case. 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FED. PRAC. & PROC. CIV., § 1476 (2d ed.); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992); *Loux v. Ray*, 375 F.2d 55, 57 (9th Cir.1967). Generally, the filing of an amended pleading renders moot any pending motions addressed to the superceded pleading. *See Norman v. United States,* 63 Fed.Cl. 231, 242 (Fed. Cl.2004); *National City Mortgage Co. v. Navarro,* 220 F.R.D. 102, 106 (D. D.C.2004). The Court has compared the proposed Amended Complaint to its predecessor and determined that the amendment, which seeks to add a new party plaintiff and defendant and eliminate a current defendant, does not materially affect the issues to be decided by the Court. Accordingly, in the interests of the parties and judicial efficiency, the Court will rule on this motion on the merits.

[12] Bowles v. Reade, 198 F.3d 752, 759–760 (9th Cir.1999).

ORDER [Re: Motions at Docket Nos. 41 and 74] *Johnson et al v. Couturier et al*, 2:05-cv-02046-RRB – 5

is not a releasor and has not, apparently, released any claims it may have against Johnson. Although the Noll ESOT is a signatory to the Settlement Agreement and General Release, the only indication of the necessity of its joinder was to transfer to Johnson the shares in which he had a vested interest. Moreover, the Settlement Agreement and General Release was signed on behalf of the Noll ESOT by Couturier, as the trustee. This fact itself begs the question, which the Court need not address, as to the validity of a consent to a release of claims for the benefit of the Noll ESOT against the very trustee who is alleged to have committed the defalcations.

This leaves the issue of whether Johnson has standing to bring the action under § 502(a)(2). It is undisputed that Johnson received a distribution of all shares of stock held by the Noll ESOT in which he was vested at the time of his termination. Section 502(a)(2) permits a participant to bring an action for relief under § 409, the very relief sought in this case. ERISA § 3 [29 U.S.C. § 1002] defines participant as:

> (7) The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

The Individual Defendants argue that Johnson lacks standing because he is not a participant, relying on the Ninth Circuit decision in *Kuntz v. Reese* holding that former pension plan participants and beneficiaries who had received all of the vested benefits owed to them under the plan no longer had standing to sue for damages.[13] The Individual Defendants' reliance on *Kuntz* is misplaced. As the Ninth Circuit later held in *Amalgamated Textile Workers v. Murdock*, a case granting standing to former employees who had received a full distribution under an ERISA Plan:[14]

---

[13] 785 F.2d 1410, 1411 (9th Cir.1986) (*per curium*), *abrogated on other grounds, Kayes v. Pacific Lumber Co.*, 51 F.3d 1449 (9th Cir.1995) (based on the amendment to § 502(a)(9) by the Pension Annuitants Protection Act of 1994). Neither party argues that either *Kayes* or § 502(a)(9) are applicable to this case and they clearly are not.

[14] 861 F.2d 1406, 1419 (9th Cir.1988).

> We therefore hold that, for the limited purpose of granting plan participants and beneficiaries standing to sue in cases such as this one, ill-gotten profits held in a constructive trust for plan participants and beneficiaries may be construed as equitably vested benefits under an ERISA plan.

*Murdock* acknowledged that under *Kuntz* the former employees, who had received their benefits from the plan, could not bring an action for damages.[15] Therefore, to the extent that Johnson is seeking damages, he lacks standing to bring the action.[16]

The case at bar clearly falls outside the scope of *Kuntz* (it does not seek damages but seeks to impose a constructive trust for the benefit of the plan). While this case does not fit cleanly within *Murdock* (in *Murdock* the plan had been terminated and there were no current participants, while in this case there are current participants), the Court can find no principled reason not to apply its express holding to this case. The complaint in this case seeks only equitable relief, *i.e.*, the imposition of a constructive trust, it does not seek monetary damages. Under the holding in *Murdock* Johnson has an equitably vested interest in that constructive trust held for the benefit of the Noll ESOT. Although plaintiff Gregory Johnson lacks standing to seek monetary damages,[17] he does have standing to seek the equitable relief sought in this case: the imposition of a constructive trust on ill-gotten profits or gains.

## VI. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment, or in the Alternative, Summary Adjudication, at Docket No. 41 and Motion for Rule 11 Sanctions at Docket No. 74 filed by Defendants Clair R. Couturier, Jr., David R. Johanson, and Robert E. Eddy are DENIED.

Dated: October 13, 2006

s/ RRB

RALPH R. BEISTLINE
United States District Judge

---

[15] *Id.*, 861 F.2d at 1410 n. 7.

[16] This may be the case with respect to Johanson and Eddy but is clearly not the case with respect to Couturier.

[17] The Court notes that this has no practical impact on this lawsuit inasmuch that, at least under the proposed amended complaint, there is at least one other plaintiff that does have the requisite standing to seek monetary damages on behalf of the plan.

ORDER [Re: Motions at Docket Nos. 41 and 74] *Johnson et al v. Couturier et al*, 2:05-cv-02046-RRB – 7