IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JOHNSON, WILLIAM ROSWELL, EDWARD RANGEL; and KELLY MORRELL,<br><br>              Plaintiffs,<br><br>                  vs.<br><br>CLAIR R. COUTURIER, JR.; DAVID R. JOHANSON; ROBERT E. EDDY; JOHANSON BERENSON LLP, and PENSCO, INC.<br><br>              Defendants,<br>and<br><br>THE EMPLOYEE OWNERSHIP HOLDING COMPANY, INC.; EMPLOYEE STOCK OWNERSHIP PLAN; NOLL MANUFACTURING COMPANY; N&NW MANUFACTURING HOLDING COMPANY, INC.; and THE EMPLOYEE OWNERSHIP HOLDING COMPANY, INC.,<br><br>              Nominal Defendants. | Case No. 2:05-cv-02046-RRB-KJM<br><br>**MEMORANDUM DECISION**<br>**and ORDER**<br>**[Re:  Motions at Docket Nos. 163, 165, 185, and 212]** |

## I.  MOTIONS PRESENTED

At Docket No. 163 defendant David R. Johanson ("Johanson") moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and

Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action.  At Docket No. 178 Plaintiffs opposed the motion to which Johanson replied at Docket No. 180.

At Docket No. 165 defendant Clair R. Couturier, Jr. ("Couturier") moved to dismiss the First and Second Claims for Relief under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action.  At Docket No. 178 Plaintiffs opposed the motion to which Couturier replied at Docket No. 182.[1]

At Docket No. 185 defendant Robert E. Eddy ("Eddy") moved to dismiss the First and Second Claims for Relief under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action. At Docket No. 197 Plaintiffs opposed the motion to which Eddy replied at Docket No. 206.

At Docket No. 212 defendants Noll Manufacturing Co., N&NW Manufacturing Holding Co., Inc., and The Employee Ownership Holding Co. moved to dismiss the Second and Third Claims for Relief under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action.  At Docket No. 214 Plaintiffs opposed the motion

---

[1] Couturier attached the Declaration of Robert E. Eddy to his motion, which declaration addresses the current status of Kelly Morrell as a participant in the plan.  The declaration and attachments constitute matters outside the pleadings.  The Court, at this point, to turn the motion into a motion for summary judgment governed by Federal Rule of Civil Procedure 56 as permitted by Rule 12(b).

to which  Noll Manufacturing Co., N&NW Manufacturing Holding Co., Inc., and The Employee Ownership Holding Co. replied at Docket No. 218.

The Court having reviewed the moving papers and oppositions has determined that oral argument would not assist the Court in ruling on the motions.  The requests for oral argument are DENIED.

## II.   PROCEDURAL BACKGROUND/JURISDICTION

After receiving leave of court to so do, Plaintiffs filed their Amended Complaint (Docket No. 150).  As amended, the complaint sets forth three causes of action.  In addition to adding a number of factual statements and deleting others, Plaintiffs amended the complaint in four particulars, adding: (1) Kelly Morrell as a party plaintiff; (2) Pensco, Inc., the custodian of Couturier's IRA Account as a defendant; (3) Johanson Berenson LLP, Johanson's law firm as a defendant; and (4) two new derivative state-law causes of action brought solely by Kelly Morrell (Second Claim for Relief – Breach of Fiduciary Duty by Officers and Directors and Third Claim for Relief – Professional Negligence). Plaintiffs also added Noll Manufacturing Co. ("Noll"), N&NW Manufacturing Holding Co., Inc. ("N&NW"), and The Employee Ownership Holding Co. ("TEOHC"), as nominal defendants.  The Noll ESOP, named as defendant in the original complaint is retained as

a nominal defendant under its current name: The Employee Ownership Holding Co., Inc. Employee Stock Ownership Plan ("ESOP").

Plaintiff's Gregory Johnson, William Roswell, and Edward Rangel, were terminated and received distribution of their interests in the ESOP prior to the time this action was commenced. Although plaintiff Kelly Morrell has terminated her employment and her vested benefits will be determined as of June 30, 2007, she has not yet received a distribution.

The First Claim for Relief alleges numerous acts by the individual defendants, Couturier, Eddy and Johanson, that are contended to be in violation of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq* ["ERISA"]. Plaintiffs seek to recover the amounts lost and impose a constructive trust on the profits and gains realized by the individual defendants as a result of the violations of their fiduciary obligations to the Noll ESOP.

The Second Claim for Relief, a "double" derivative action, *i.e.*, a derivative action on behalf of one entity to bring a derivative action on behalf of another, brought solely by plaintiff Kelly Morrell, seeks relief from the individual defendants Couturier and Johanson, for breach of their state-law fiduciary duties as officers and directors of Noll, N&NW, and TEOHC.

The Third Claim for Relief, also a "double" derivative action brought solely by plaintiff Kelly Morrell, is a professional malpractice claim against Johanson and Johanson and Berenson LLP on behalf of Noll, N&NW, and TEOHC.

This Court has jurisdiction over the First Claim for Relief under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims, the Second and Third Claims for Relief, under 28 U.S.C. § 1367.

### III.  ISSUES PRESENTED

Johanson in his motion at Docket No. 163 raises five issues: (1) failure to allege facts sufficient to support a claim that he functioned as an ERISA fiduciary; (2) Plaintiffs lack standing to sue under ERISA; (3) Plaintiff Morrell lacks standing to sue under state law; (4) the state-law fiduciary claim is preempted by ERISA; and (5) the demand requirement for bringing a shareholder derivative suit under Federal Rule of Civil Procedure 23.1 has not been satisfied.

Couturier in his motion at Docket No. 165 raises five issues: (1) his compensation is not subject to review under ERISA; (2) Plaintiffs Johnson, Rangel, and Roswell lack standing under ERISA; (3) failure to verify the state-law derivative claims; (4) failure to make demand as required to bring the state-law derivative

claims; and (5) the Second Claim for Relief is barred by the applicable statute of limitations.

Eddy in his Motion at Docket No. 185 raises five issues: (1) he is not liable for breaches that occurred prior to his becoming a fiduciary; (2) the complaint fails to allege sufficient facts to support a finding that Eddy breached his fiduciary obligations; (3) the complaint is defective in that it does not allege that he received any wrongful profits; (4) the former plan participants lack standing under ERISA; and (5) Plaintiff Morrell can not adequately represent the other plan participants in the two derivative causes of action. Eddy also joins Johanson in his memorandum as to dismissing the First and Second Claims for Relief.

In their motion at Docket No. 212 defendants Noll Manufacturing Co., N&NW Manufacturing Holding Co., Inc., and The Employee Ownership Holding Co. raise four issues: (1) Plaintiff Morrell lacks standing because she is not a shareholder or member; (2) Morrell lacks standing because she is not a current plan participant; (3) Morrell can not adequately represent the interests of similarly situated persons; and (4) the complaint was not verified.

### IV.   STANDARD OF REVIEW/LEGAL PRINCIPLES

In ruling on a motion to dismiss under Rule 12(b)(6) the court must treat all well pleaded facts as true and construe them in the

light most favorable to the non-moving party. *ASW v. Oregon*, 424 F.3d 970, 974 (9th Cir. 2005).  A court does not, however, accept as true legal conclusions simply because they are cast in the form of factual allegations.  *Wyler Summit P'ship v. Turner Broad. System, Inc*, 135 F.2d 658, 665 (9th Cir. 1998).  A dismissal under Rule 12(b)(6) is warranted only if the pleader against whom the motion is brought can prove no facts in support of the pleader's claims that would entitle the pleader to relief.  *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003).

Standing has two components—constitutional and prudential—both of which must be present.  A plaintiff must also demonstrate standing for each form of relief requested.  That is, a plaintiff may have standing to obtain damages but not equitable relief or vice versa. *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)

*Constitutional*.  In order to have standing to bring an action a person must show: (1) the person has suffered an injury in fact that is concrete and particularized and is actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992).

*Prudential*.  Prudential standing goes to the question of whether the right invaded is a legal right—one of property, arising out of a contract, protected against tortious invasion, or founded on a statute that confers a privilege. *Ass'n of Data Processing Serv. Org., Inc. v. Camp,* 397 U.S. 150, 153 (1970).  With regards to prudential standing, it is sufficient if the interest sought to be protected by the complainant is *arguably* within the zone of interests to be protected. *Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co.,* 522 U.S. 479, 492 (1998).

Under the law of the case doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court or a higher court in the same case. *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.1993).  However, the law of the case doctrine is not a shackle without a key.  As long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.  *City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001).  That inherent power is not unfettered: "the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice." *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393

(9th Cir. 1995); *see also School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## V.  DISCUSSION

As Plaintiffs correctly point out, several of the issues presented in the motions at bar were previously raised and decided the Court on a motions for summary judgment and  the motion to amend and opposition to it.  *See* Order [Re: Motions at Docket No. 41 and Docket No. 74] at Docket No. 95 and Order Granting Motion to File Amended Complaint  at Docket No. 140.  The rulings in those orders constitute the law of the case, reconsideration of which, as noted above, is limited.

**A.**  *First Claim for Relief.*

1.  **Standing**.  The standing of the plaintiffs who are no longer participants in the ESOP was addressed in the Order at Docket No. 95, pages 6-7, and decided against the moving parties. The moving parties cite the subsequent Ninth Circuit decision in *Glanton v. AdvancePCS, Inc.*, 465 F.3d 1123 (9th Cir. 2006) as constituting a change in controlling authority.  The Court has carefully considered the impact of *Glanton* on its prior ruling and determined that *Glanton* does not compel  a different result.

In  *Glanton*,  the  plaintiff's  were  prescription  plan participants who sued a pharmacy benefits  management company for

charging the plans too much for drugs, which in turn, caused the participants to pay higher co-payments and contributions. The Ninth Circuit found that they failed to show that the injury they suffered would be redressed by a favorable outcome to the litigation, stating (465 F.3d at 1125):

> Plaintiffs claim that, if their suit is successful, the plans' drug costs will decrease, and that the plans might then reduce contributions or co-payments. But nothing would force ALCOA or K-Mart to do this, nor would any one-time award to the plans for past overpayments inure to the benefit of participants. ALCOA and K-Mart would be free to reduce their contributions or cease funding the plans altogether until any such funds were exhausted. There is no redressability, and thus no standing, where (as is the case here) any prospective benefits depend on an independent actor who retains "broad and legitimate discretion the courts cannot presume either to control or to predict."

In this case, at least some of the acts complained of occurred prior to the time that each of three plaintiffs, Gregory Johnson, William Rodwell, and Edward Rangel, received their distributions from the ESOP. Assuming a favorable result, the proceeds will unquestionably flow to the benefit of the ESOP. The unanswered question is will the three plaintiffs who received their distributions realize any benefit from the recovery. That is, under the ESOP plan will the proceeds, to the extent they are attributable to periods prior to the time the distributions were made, will Gregory Johnson, William Rodwell, and Edward Rangel receive an additional distribution? If yes, those three plaintiffs

have standing; if no, then standing is precluded by *Glanton*.  This determination can not be made at this stage of the pleadings.

Kelly Morrell, since she is still a participant, stands on a different footing.  Her distributive share of the ESOP may have been determined as June 30, 2007; however, even if so, she has not received her distributive share.  From the documents filed with the court, it appears that the current state of the ESOP is winding up its affairs, *i.e.*, realization of the sales price for the shares in Noll.  The Court assumes that the distributive share to be received by Morrell will include those proceeds.  It is difficult for the Court to understand how  the proceeds of the sale, the accrual of the right to preceded Morrell's valuation date, would not also apply to the proceeds from this litigation that, although contingent, also preceded the valuation date.  Consequently, on the state of the pleadings, the Court can not say that Morrell does not have standing under *Lujan*.

2.  **Johanson as ERISA Fiduciary**.  It is clear from the pleadings that Johanson was not a named fiduciary, *i.e.*, that the trustee or trustees of the ESOP during the relevant time period was either Couturier or Eddy.  Thus, the questions becomes whether Plaintiffs have pleaded sufficient facts to bring Johanson into the definition of a fiduciary: "exercises any discretionary authority or discretionary control respecting management of such plan or

exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A).

Under the ERISA regulations issued by the Secretary of Labor, the board of directors of a corporation that select or retain a plan fiduciary are themselves fiduciaries. *See Batchelor v. Oak Hill Medical Group*, 870 F2d 1446, 1448-49 (9th Cir. 1989). Plaintiff has alleged that Johanson, acting as a director of Noll, participated in the selection of the plan trustee. The allegations of the complaint, taken, as they must be, as true, also establish that Johanson knowingly participated in the acts of his co-fiduciaries that breached their duties of a fiduciary. 29 U.S.C. § 1105(a); *see Stewart v. Thorpe Holding Co. Profit Sharing Plan*, 207 F.3d 1143, 1157 (9th Cir. 2000). Moreover, the facts pleaded, again taken as true, establish that Johanson was a "*de facto*" fiduciary in that he exercised informal control over administration of the plan.[2/] *See Wright v. Metallurgical Corp.*, 360 F.3d 1090,

---

[2/] *E.g.*, Amended Complaint, ¶¶ 44, 45, 58, 63, 73, 80, 81, 91, 92, 93, and 98.

1101-02 (9th Cir. 2004).  Whether the evidence supports these allegation remains to be seen.  However, that decision can not be made on the basis of the pleadings as they presently exist.

  3.  **Fiduciary Liability of Couturier**.  The Fiduciary liability of Couturier arises out of both the period in which he was the plan trustee and the period during which he exercised fiduciary responsibilities either as a director of Noll or as a *de facto* fiduciary.  Couturier argues that the transactions of which Plaintiffs complain  involve executive compensation which are not subject to ERISA because executive compensation does not involve the administration of plan assets.

  Couturier  argues that the company itself was not an asset of the ESOP, his compensation was negotiated between himself and the board of directors, and the setting of corporate salaries is generally a matter of corporate governance, citing *Eckelkamp v. Beste*, 201 F.Supp.2d 1012 (E.D. Mo. 2002).  Couturier's argument overlooks a critical factor that was neither presented to nor decided by the court in *Eckelkamp*.  The "asset" of the ESOP to be administered consisted of the shares of stock in the company.  The ESOP, if not the sole shareholder of the corporation, was at least the controlling shareholder.  In that capacity the ESOP had the authority and power to elect the board of directors of the corporation and to remove existing directors.  As a fiduciary of

the ESOP and as a director and officer of the corporation, Couturier had full knowledge of the terms of the allegedly excessive compensation package.  If, in fact, Couturier's executive compensation package was excessive, the fiduciaries of the ESOP, including Couturier, had an obligation in administering the ESOP asset, to exercise the ESOP's rights as a shareholder, remove the existing directors and elect new directors.[3/]  Couturier in this case was essentially serving three masters: himself, the company, and the ESOP; as to the company and to the ESOP he was functioning as a fiduciary.  In this case, assuming the allegations in the complaint are true, Couturier allowed his personal interests and gain to override his fiduciary responsibilities to the ESOP.  In exercising his function as an fiduciary to the ESOP under ERISA, Couturier was required to act "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in such capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."  29 U.S.C. §§ 1104(a)(1)(B); *see Howard v. Shay*, 100 F.3d 1484, 1488 (9th Cir. 1996).  This is particularly true in

---

[3/] This factor also distinguishes this case from *Husvar v. Rapoport*, 430 F.3d 777 (6th Cir. 2005), also cited by Couturier. In *Husvar*, there were no allegations challenging the decisions or actions of plan fiduciaries.  430 F.3d at 782.

situations where the fiduciary is engaging, as here, in self-dealing transactions.  29 U.S.C. § 1106(b); *Howard v. Shay*.

4.  **Fiduciary Liability of Eddy**.  Eddy advances three arguments: (1) he is not liable for acts that occurred prior to his appointment as special trustee; (2) a lack of factual allegations to establish a breach of his fiduciary obligations, and (3) failure to allege that he received any wrongful profits.

Eddy is correct that he cannot be held liable for breaches that occurred prior to the time he became a fiduciary.  29 U.S.C. § 1109(b).  Plaintiffs appear to concede that point.

The Amended Complaint specifically alleges that Eddy was retained as special counsel to review the proposed transactions with Couturier, to determine the impact on the ESOP and approve or disapprove of the transactions based upon the best interests of the ESOP.[4]   Instead, Eddy, acting under the control and direction of Johanson and Couturier, acted in the best interests of Couturier, not in the best interests of the ESOP.[5]  In addition, it is alleged that Eddy participated knowingly in the breaches by his co-fiduciaries.[6]  These are sufficient allegations of a breach of a

---

[4]  Amended Complaint, ¶ 80.

[5]  Amended Complaint, ¶ 81.

[6]  Amended Complaint, ¶ 128.

fiduciary duty to support a claim under ERISA.  *See* 29 U.S.C. §§ 1104(a); 1105(a).

Plaintiffs have alleged that Eddy realized profits from his alleged breaches of his fiduciary relationship with the ESOP.[1/] While the amount of the allegedly ill-gotten gains Eddy received is not specified, that fact alone does not render the complaint defective.  Whether the evidence will support the allegations remains to be seen.  However, at this stage of the pleadings the Court cannot find that Plaintiffs have not alleged sufficient facts to warrant granting the relief requested or any relief at all.

**B.   *Second Claim for Relief - Derivative Claim for Breach of Fiduciary Duty***

1.   **ERISA Preemption**.  This issue was addressed in the Order Granting Motion to File Amended Complaint, Docket No. 140, pages 11-15, and decided against the moving parties.  The pleadings have not materially changed; nor have the movants shown any intervening change in controlling law or persuaded the Court that the earlier ruling was manifestly incorrect.  The Court can see no reason to revisit the issue.

2.   **Limitations Period**.  This issue was also addressed in the Order Granting Motion to File Amended Complaint, Docket No. 140,

---

[1/] Amended Complaint, ¶¶ 105, 136.

ORDER RE MOTIONS AT DOCKETS
 163, 165, 185, AND 212 - 16
2:05-CV-2046-RRB-KJM

page 15, and decided against the moving parties.  The pleadings have not materially changed; nor have the movants shown any intervening change in controlling law or persuaded the Court that the earlier ruling was manifestly incorrect.  The Court can see no reason to revisit the issue.

3.  **Failure to Verify Complaint**.  Federal Rule of Civil Procedure 23.1 requires that a derivative action being brought on behalf of a corporation or unincorporated association be verified. As the moving parties correctly point out, the amended complaint is unverified.  However, this is a technical defect that is easily remedied by amendment.  Moreover, in Plaintiff's Memorandum in Opposition to Defendant's Three Motions to Dismiss at Docket No. 178, plaintiff Morrell appended the omitted verification.  The Court will accept that verification and order that the verification at Docket No. 178-4 be deemed filed as part of the Amended Complaint filed at Docket No. 150.

4.  **Failure to Make Demand**.  This issue was also addressed in the Order Granting Motion to File Amended Complaint, Docket No. 140, pages 8-11, and decided in favor of Morrell.  Federal Rule of Civil Procedure 23.1 requires that the complaint allege with particularity the reasons for not making demand.  Although the earlier ruling was based upon the requirements under California law,  the same rationale, that the very defendants being sued in

this action to recover the gains realized from the breach of their obligations to the corporate entities, control the corporate entities, applies with equal effect to the pleading requirements under Rule 23.1.  *See In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 989-90 (9th Cir. 1999).  The pleadings have not materially changed; nor have the moving parties shown any intervening change in controlling law or persuaded the Court that the earlier ruling was manifestly incorrect.  The Court can see no reason to revisit the issue.

    5.   **Morrell as Shareholder/Member**.   Under Federal Rule of Civil Procedure 23.1, a person bringing a derivative lawsuit must be a shareholder/member at the time of the lawsuit is commenced and maintain that status throughout the litigation.  *Lewis v. Chiles*, 719 F.2d 1044, 1047 (9th Cir. 1983).  Moving parties, based upon the declaration of Robert E. Eddy submitted by Couturier in support of his motion to dismiss, argue that Morrell fails to meet this requirement.  As noted above, the Court declines to consider this declaration, which would require converting the motion to a motion for summary judgment under Federal Rule of Civil Procedure 56.

    Moreover, even if the Court were to consider the Eddy declaration, it would not compel a different result.  The declaration at best shows that Morrell is no longer an employee and her  interest in the ESOP will be valued as of June 30, 2007.  The

declaration and its attachment do not establish when the distribution is to occur. Moreover, to the extent that Morrell's interest is fixed as of June 30, 2007, logically, in the absence of evidence to the contrary, since any right of the ESOP to recover from the defendants vested prior to the valuation date, the valuation must include that contingent asset. A distribution made before resolution of this action would be an incomplete distribution and Morrell would retain her interest in the ESOP.

      6. **Morrell as an Adequate Representative**.

      The arguments that Morrell is not an adequate representative of the plan participants is principally based upon the position that she is no longer a participant and has no real stake in the outcome. This position the Court rejected in the immediately preceding discussion.

      In *Larson v. Dumke*, 900 F.2d 1363, 1367 (9th Cir. 1990), the Ninth Circuit enumerated a number of factors to be considered in making the determination of the adequacy of representation under Federal Rule of Civil Procedure 23.1, stating (internal citations omitted):

> An adequate representative must have the capacity to vigorously and conscientiously prosecute a derivative suit and be free from economic interests that are antagonistic to the interests of the class. Other courts have stated certain factors to determine adequacy of representation: "(1) indications that the plaintiff is not the true party in interest; (2) the plaintiff's

unfamiliarity with the litigation and unwillingness to learn about the suit; (3) the degree of control exercised by the attorneys over the litigation; (4) the degree of support received by the plaintiff from other shareholders; ... (5) the lack of any personal commitment to the action on the part of the representative plaintiff"; (6) the remedy sought by plaintiff in the derivative action; (7) the relative magnitude of plaintiff's personal interests as compared to his interest in the derivative action itself; and (8) plaintiff's vindictiveness toward the defendants. These factors are "intertwined or interrelated, and it is frequently a combination of factors which leads a court to conclude that the plaintiff does not fulfill the requirements of 23.1. We are satisfied that an evaluation of these factors is important in determining the adequacy of representation by a derivative plaintiff under Rule 23.1.

At this stage of the pleadings it is impossible for the Court to make a determination of the adequacy of Morrell's representation under the *Larson* factors.

## C. *Third Claim for Relief – Derivative Claim for Professional Negligence.*

The arguments of the moving parties with respect to the Third Claim for Relief mirror their arguments as to the Second Claim for Relief. Those arguments are rejected for the same reason as they were rejected as directed against the Second Claim for Relief and are not repeated here.

### VI. CONCLUSION and ORDER

For the foregoing reasons, the Motions to Dismiss at **Docket Nos. 163, 165, 185, and 212, are DENIED.**

**IT IS ORDERED THAT** defendants Clair R. Couturier, Jr., David R. Johanson, Robert E. Eddy, Noll Manufacturing Co., N&NW Manufacturing Holding Co., Inc., and The Employee Ownership Holding Co. must file an answer by the close of business on **November 16, 2007.**

ENTERED this 25th day of October, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

ORDER RE MOTIONS AT DOCKETS
 163, 165, 185, AND 212 - 21
2:05-CV-2046-RRB-KJM