IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JOHNSON, WILLIAM ROSWELL, EDWARD RANGEL; and KELLY MORRELL,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CLAIR R. COUTURIER, JR.; DAVID R. JOHANSON; ROBERT E. EDDY; JOHANSON BERENSON LLP, and PENSCO, INC.<br><br>    Defendants,<br>and<br><br>THE EMPLOYEE OWNERSHIP HOLDING COMPANY, INC.; EMPLOYEE STOCK OWNERSHIP PLAN; NOLL MANUFACTURING COMPANY; N&NW MANUFACTURING HOLDING COMPANY, INC.; and THE EMPLOYEE OWNERSHIP HOLDING COMPANY, INC.,<br><br>    Nominal Defendants. | Case No. 2:05-cv-02046-RRB-KJM<br><br>**MEMORANDUM DECISION and ORDER**<br>[Re:  Motions at Docket Nos. 167, 195 and 203] |

**I.  MOTIONS PRESENTED**

Plaintiff Kelly Morrell has brought a derivative action for professional malpractice against defendants Johanson Berenson LLP ("Law Firm") and David R. Johanson ("Johanson") on behalf of Noll

Manufacturing Co. ("Noll"), N & NW Manufacturing Holding Co., Inc. ("N & NW"), and The Employee Ownership Holding Co., Inc. ("TEOHC"). [Amended Complaint, Docket No. 150, Third Claim for Relief – Derivative Claim for Professional Negligence.]

At Docket No. 167 the Law Firm moved to dismiss the case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Plaintiff opposed the motion at Docket No. 178, to which the Law Firm replied at Docket No. 181.  At Docket No. 195 the Law Firm moved for an order to compel arbitration and stay of the professional malpractice action pending completion of arbitration.  At Docket No. 203 the Law Firm moved for an order to compel arbitration and stay of the professional malpractice action pending completion of arbitration, which the court treats as superceding the prior identical motion at Docket No. 195.  At Docket No. 207 Plaintiff opposed the Motion and at Docket No. 209 the Law Firm replied.[1]

After reviewing the moving papers and opposition, the Court has determined that oral argument would not assist in deciding the motions.  **The hearing on the Motion to Compel Arbitration set for November 2, 2007, (Docket No. 227) is VACATED.**

For the reasons that follow, the Motion to Compel Arbitration and Stay Action Pending Completion of Arbitration at **Docket No. 203 is granted**, the Motion to Compel Arbitration and Stay Action

---

[1] Johanson has not joined in this motion.

Pending Completion of Arbitration at **Docket No. 195 is denied as moot**, and the Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) at **Docket No. 167 is denied, without prejudice** to the extent the motion is based upon Federal Rule of Civil Procedure 12(b)(6).

## II.  JURISDICTION

The Law Firm in its motion to dismiss has challenged the subject matter jurisdiction of the Court as to the Third Claim for relief under Rule 12(b)(1).  Upon review of the motion and its supporting memoranda of law, the Court concludes that the position taken by the Law Firm is not well-taken.

The Law Firm does not dispute that this court has supplemental jurisdiction over the state-law cause of action, Third Claim for Relief – Derivative Claim for Professional Negligence, under 28 U.S.C. § 1367.  The argument advanced by the Law Firm is that the Court should decline to exercise its supplemental jurisdiction over the derivative state law claim on the basis that the derivative claim for professional malpractice raises novel or complex issues of state law, *see* 28 U.S.C. § 1367(c)(1), or that declining to exercise supplemental jurisdiction will best provide economy, convenience, fairness and comity.  While the Court agrees that these may be reasons for *declining* to exercise supplemental jurisdiction, that is not the same as saying that this Court *lacks*

supplemental jurisdiction, the touchstone of dismissal under Rule 12(b)(1).

This Court has jurisdiction over the Third Claim for Relief, under 28 U.S.C. § 1367. Accordingly, the Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) at **Docket No. 167**, to the extent it is based upon Federal Rules of Civil Procedure 12(b)(1), **is DENIED.**[2]

### III.  ARBITRATION AGREEMENTS

The Law Firm and Johanson provided legal services to Noll, N & NW, and TEOHC under a 2000 Attorney-Client Fee Agreement and 2003 Attorney-Client Fee Agreement. The 2000 Agreement between the Law Firm and the Noll Manufacturing Company Stock Ownership Plan and Trust and Noll contains an "Arbitration of Disputes" clause, which provides:

> The Attorney seldom has disagreements with clients, but some occasionally occur. The Attorney desires to resolve any such disagreements through amicable discussion; unfortunately, such disputes cannot always be resolved in that way. The Attorney's experience is that, in such situations, it is in the interest of both the client and the Attorney that the dispute be resolved through binding arbitration rather than by legal action in the courts. To that end, Client, Noll and the Attorney hereby agree that any and all disputes (other than an action described in Section 9. of this Agreement) arising pursuant to any of the terms of this Agreement or which relate in any manner whatsoever to the Services provided by the Attorney to or on behalf of Client which cannot be resolved in a

---

[2] Due to the disposition on the Motion to Compel Arbitration at Docket No. 203, the Court need not, and does not, reach the merits of the motions to dismiss under Rule 12(b)(6).

> reasonable time by discussions between the Attorney, Client and Noll shall be submitted to binding arbitration, pursuant to the <u>Federal Arbitration Act</u>, before the American Arbitration Association pursuant to its then existing rules. Client, Noll and the Attorney also specifically agree that the prevailing party in such arbitration and/or any related court proceeding shall be awarded reasonable costs and attorneys' fees incurred in connection with the dispute. Any arbitration award (or judgment under Section 9. of this Agreement) shall be binding and enforceable in the Municipal or Superior Court of Napa County of the State of California or the United States District Court for the Northern District of California or any jurisdiction in which Noll conducts business.

The 2003 Fee Agreement between the Law Firm and Noll and N & NW contains a similar "Arbitration of Disputes" clause, which provides:

> The Attorney seldom has disagreements with clients, but some occasionally occur. The Attorney desires to resolve any such disagreements through amicable discussion; unfortunately, such disputes cannot always be resolved in that way. The Attorney's experience is that, in such situations, it is in the interest of both the client and the Attorney that the dispute be resolved through binding arbitration rather than by legal action in the courts. To that end, the Clients and the Attorney hereby agree that any and all disputes arising pursuant to any of the terms of this Agreement or which relate in any manner whatsoever to the Services provided by the Attorney to or on behalf of the Clients which cannot be resolved in a reasonable time by discussions between the Attorney and the Clients shall be submitted to binding arbitration, pursuant to the Federal Arbitration Act, before the American Arbitration Association pursuant to its then existing rules. The arbitration shall be held in Napa County, California. The Clients and Attorney also specifically agree that the prevailing party in such arbitration and/or any related court proceeding shall be awarded reasonable costs and attorneys' fees incurred in connection with the dispute. Any arbitration award shall

be binding and enforceable in the Superior Court of Napa County of the State of California.

### IV.  DISCUSSION

Plaintiff does not contest the validity of the arbitration clauses or that the professional malpractice action she brought is not within the scope of the arbitration clauses.[3/]  Plaintiff argues: (1) because Johanson has not joined in the motion, the claim against him is not subject to arbitration and, therefore, the claim against him must proceed in this Court; (2) the Law Firm has waived arbitration; and (3) arbitration should be stayed pending the outcome of this action.[4/]  For the reasons that follow, the Court disagrees with Plaintiff on all three points.

Our discussion, by necessity, starts with the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq* ("FAA"), its interpretation and application by controlling authority.  The Court must then

---

[3/] Plaintiff, in bringing this derivative action stands essentially in the same shoes as the corporations on whose behalf she is suing to enforce rights she could not enforce on her own. *See Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 548 (1949).  Plaintiff does not claim to have any greater rights than the corporate entities for which she is acting on behalf.  For the purposes of ruling on the motion before it, the Court treats the non-moving Plaintiff as though she were the corporations on whose behalf she has brought suit.

[4/] Plaintiff also argues, admittedly perhaps in an overabundance of caution, that the first two causes of action are not subject to arbitration and, therefore, should not be stayed.  The Court agrees; however, the Court does not read the motion at Docket No. 203 as seeking to stay the entire action, only the Third Claim for Relief.

ORDER RE DOCKETS 167, 195, AND 203 - 6
2:05-CV-2046-RRB-KJM

apply those principles to the issues presented by the motion and opposition. Section 3 of the FAA, 9 U.S.C. § 3, provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Both the Supreme Court and the Ninth Circuit have made clear that, as a matter of policy, arbitration is favored in lieu of a judicial forum. *See Dean Witter Reynolds, Inv. v. Byrd*, 470 U.S. 213, 220-21 (1985); *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984); *Simla, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). Indeed, the FAA leaves no place for the exercise of discretion by a district court, but instead mandates that the court direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. *Dean Witter*, 470 U.S. at 218; *Simla*, 175 F.3d at 719. Arbitration agreements are rigorously enforced. *Dean Witter*, 470 U.S. at 221. If, as in the case presented here, the making of the arbitration agreement is not in issue, this Court can only determine whether an agreement to

arbitrate exists, and if it does, enforce it in accordance with its terms.  *Simla*, 175 F.3d at 720.

    **A.**   ***Arbitration of claim against Johanson.***

Plaintiff's position on this quite simple: because Johanson has not joined in the motion he has waived the right to compel arbitration.  Accordingly, Plaintiff argues, since Plaintiff's claim against Johanson personally is not subject to arbitration, there will be parallel actions: one in arbitration against the Law Firm and the other against Johanson personally before this Court.  Therefore, Plaintiff argues, because the liability of the Law Firm is based upon a *respondent superior* theory, there is a significant risk of inconsistent determinations and, in that case, which is preclusive.  Therefore, Plaintiff argues, the Court should decline to compel arbitration of the third cause of action.

Assuming, without deciding, that Johanson has waived any right he may have to compel arbitration that does not deny the Law Firm the right to compel arbitration of the entire professional malpractice claim.  Plaintiff would have the Court favor litigation in a judicial forum over arbitration.  Such a result would be directly contrary to the strong public policy consideration in favor of arbitration expressed by the Supreme Court noted above

> [W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive

> assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

*AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 650 (1986), *quoting Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582-83, (1960).

Plaintiff alleges that (1) all legal services upon which the Third Claim for Relief is based were performed by Johanson and (2) the Law Firm is liable for Johanson's acts of professional malpractice under the principles of *respondent superior*. That Plaintiff's derivative claim for professional malpractice against Johanson individually, as well as the *respondent superior* claim against the Law Firm, arise out of the contract and the liability of the Law Firm is directly dependent upon the liability of Johanson is neither disputed nor disputable. Thus, it seems clear that the Law Firm can not only compel Plaintiff to arbitrate the dispute between Plaintiff and the Law Firm, it could also compel Johanson to arbitrate claims arising out of the contract to the extent that the Law Firm is liable, whether directly or under the principles of *respondent superior*. To hold otherwise would permit a disgruntled agent/employee or former agent/employee to effectively abrogate a principal's contractual right to arbitrate by unilaterally waving that right. Just as Johanson had no power, acting in his individual capacity, to amend the terms of the

contract between the clients and the Law Firm, his failure to join the motion, even if a deliberate waiver of any rights he may have held as an individual, did not operate as a waiver of the right of the Law Firm to compel arbitration of the *entire* dispute subject to arbitration, *i.e.*, all "disputes arising pursuant to any of the terms of this Agreement or which relate in any manner whatsoever to the Services provided by the Attorney to or on behalf of the Clients."

    **B.   *Waiver*.**

Plaintiff argues that the Law Firm has waived its right to compel arbitration because the Law Firm delayed in bringing the motion.  Any doubt as to arbitrable issues must be resolved in favor of arbitration, whether the issue involves construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.  *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25 (1983).  "A party seeking to prove waiver of a right to arbitrate must demonstrate (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th Cir. 2005) (internal quotations and citations omitted).

The Law Firm clearly knew it had a right to arbitrate any dispute that arose out of the Fee Agreement from the outset of this case. However, that is not the issue. The critical issue is at what point in time did it have reason or cause to raise the arbitration issue. In the context of the motion before the court, that did not occur until such time as it was served with the Amended Complaint that raised the malpractice claim against it. Prior to that point, the only claim made was against Johanson in his capacity as an ERISA fiduciary, not in his capacity as an attorney. Thus, in applying the rules of *Brown v. Dillard's, Inc.* to the case before the Court, it is presumed that the Law Firm had knowledge of its right to compel arbitration at the time it was served with the amended complaint. The second and third prongs of *Brown v. Dillard's, Inc*. are to be measured from that date.

A chronology of the events and involvement of the Law Firm in this action are:

April 9, 2007 – The Amended Complaint raising the malpractice claim filed (Docket No. 150); April 12, 2007 – summons issued (Docket No. 151);

April 19, 2007 – Counsel for the Law Firm first appeared in this action as a signatory to a stipulation extending the time for defendants to answer the complaint (Docket No. 152);

May 8, 2007 – the Law Firm filed an *ex parte* application to stay discovery (Docket No. 159);

May 16, 2007 – the Law Firm filed its motion to dismiss (Docket No. 167);

July 13, 2007 – the Law Firm Filed its motion to compel arbitration (Docket No. 195);

July 27, 2007 – the Law Firm filed a duplicate motion to compel arbitration (Docket No. 203).

The acts of the Law Firm hardly fall within the scope of those acts that are considered as being inconsistent with the right to compel arbitration. *See, e.g., Brown v. Dillard's, Inc*. (refusal to accede to a demand to arbitrate); *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344-45 (5th Cir. 2004) (filed complaint; answered counterclaims; conducted full-fledged discovery, including four depositions; amended its complaint; and filed the required pretrial materials with the district court; filed numerous other motions, including two motions to compel discovery, a motion for summary judgment, and a motion *in limine*); *In re Citigroup, Inc.*, 376 F.3d 23, 27 (1st Cir. 2004) (delay of 11 months); *Stifel, Nicolaus & Co. Inc. v. Freeman*, 924 F.2d 157, 158 (8th Cir. 1991) (filed the lawsuit, engaged in discovery, and delayed six months before seeking to compel arbitration). In fact, this case falls much closer to those cases in which the acts were

found not to be plainly inconsistent with arbitration.  *See, e.g., Britton v. Co-op Banking Group*, 916 F.2d 1405, 1413 (9th Cir. 1990) (efforts to avoid discovery and stay proceedings are not inconsistent with the pursuit of arbitration); *Sovak v.Chugai Pharm. Co.*, 280 F.3d 1266, 1270-71 (9th Cir. 2002) (no waiver following successful motion to dismiss for failure to state a claim).

The minimal activity engaged in by the Law Firm hardly reaches the level that has been found to be prejudicial.  *See, e.g., Lewallen v. Green Tree Servcing, L.L.C.*, 487 F.3d 1085, 1093–94 (8th Cir. 2007) (attempt to litigate the merits of the claim, participation in discovery and delay in excess of a year); *Brown v. Dillard's, Inc.* (refusal to arbitrate compelling the other party to file suit).  This case falls squarely within ambit of those cases in which prejudice was not found to exist.  *See, e.g., Lake Commc'ns, Inc. v. ICC Corp.*, 738 F.3d 1473, 1477, overruled on other grounds by, *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 632–35 (1985) (motion to dismiss, limited discovery, and a delay of a year).  As the Ninth Circuit has observed "courts are reluctant to find prejudice to the plaintiff who has chosen to litigate, simply because the defendant litigated briefly (e.g., by filing a motion to dismiss or

requesting limited discovery) before moving to compel arbitration." *Brown v. Dilliard's, Inc.*, 430 F.3d at 1012.

Plaintiff somewhat candidly acknowledges that the Law Firm's delay and activities prior to filing its motion to compel alone would perhaps not be sufficient in an ordinary case. Plaintiff then attempts to take this out of the ordinary. Its main claim on the issue of prejudice is that it will be forced to litigate the same claim in two forums, arbitration as to the Law Firm and in this Court as to Johanson. However, as explained in subpart IV.A., above, the entire professional malpractice claim is subject to the arbitration clause, including the claim against Johanson individually.

For the forgoing reasons, the Court finds that Johanson Berenson LLP has not waived its right to arbitrate.

**C.   *Stay of Arbitration Proceedings*.**

Plaintiff's final argument is that in the event the Court should compel arbitration it should stay arbitration pending the outcome in this case under California Civil Procedure Code § 1281.1(c), relying on *Volt Information Sciences v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468 (1989). Plaintiff's reliance on *Volt* is misplaced as that case is inapposite to this case. In *Volt,* the action was commenced in the California state courts and reached the United States Supreme Court

from the California Court of Appeal.  Unlike the arbitration clause in this case, which specifically provides that the FAA applies, the arbitration clause in *Volt* specifically provided that California arbitration procedures would apply.  In *Volt* the Supreme Court did nothing more than enforce the contractual provision that the parties had agreed to—applied California arbitration procedures.  The narrow holding in *Volt* was that the FAA did not preempt application of California arbitration procedural laws where the parties specifically contracted for their application—nothing less, nothing more.

California Civil Procedure Code § 1281.1(c) has no application in this case.  A federal court looks to state (California) substantive law in interpreting the validity and scope of the contractual obligation to arbitrate.  *Ingle v. Circuit City Stores, Inc.*, 326 F.3d 1165, 1170 (9th Cir. 2003); *Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1210 (9th Cir. 1998).  However, it generally applies the procedural rules developed by federal courts under the FAA.  *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000); *see Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 60-64 (1995).  While the parties may agree to the state law rules for arbitration, the parties must clearly evidence their intent to be bound by such rules.  A strong default presumption exists that the FAA, not state law, provides

the procedural rules for arbitration.  *Sovak v. Chugai Pharmaceutical Co.*, 280 F.3d at 1269.  Plaintiff has not only failed to overcome that presumption, the agreement itself with its provision that the FAA will govern, makes it conclusive.  *See Chiron*.

### V.  CONCLUSION and ORDER

For the foregoing reasons:

1.   The Motion to Compel Arbitration and Stay Action Pending Completion of Arbitration at Docket No. 203 is GRANTED;

2.   The Motion to Compel Arbitration and Stay Action Pending Completion of Arbitration at Docket No. 195 is DENIED as moot; and

3.   The Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) at Docket No. 167 is DENIED, without prejudice to the extent the motion is based upon Federal Rule of Civil Procedure 12(b)(6).

**IT IS ORDERED THAT**

1.   The dispute between the parties set forth in the Third Claim for Relief – Derivative Claim for Professional Negligence in the Amended Complaint must be submitted to arbitration in accordance with the procedures provided in the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*; and

2. Further proceedings in this Court on the claim asserted in the Third Claim for Relief are hereby STAYED pending further order of the Court.

**IT IS FURTHER ORDERED THAT** upon the completion of the arbitration proceedings, the parties are directed to comply with the provisions of 9 U.S.C. §§ 9-13, as applicable.

ENTERED this 25th day of October, 2007.

                                            S/RALPH R. BEISTLINE
                                            UNITED STATES DISTRICT JUDGE