IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLEEN STANTON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CLAIR R. COUTURIER, JR.; DAVID R. JOHANSON; ROBERT E. EDDY; JOHANSON BERENSON LLP, and PENSCO, INC.<br><br>　　　　Defendants,<br>and<br><br>THE EMPLOYEE OWNERSHIP HOLDING COMPANY, INC.; EMPLOYEE STOCK OWNERSHIP PLAN; NOLL MANUFACTURING COMPANY; N&NW MANUFACTURING HOLDING COMPANY, INC.; and THE EMPLOYEE OWNERSHIP HOLDING COMPANY, INC.,<br><br>　　　　Nominal Defendants. | Case 2:05-cv-02046-RRB-KJM<br>　　[2:07-cv-01208-RRB-JFM<br>　Consolidated with Lead Case]<br><br>**MEMORANDUM DECISION**<br>**　　　and ORDER**<br>**[Re:　Docket No. 248]** |

## I.　MOTION PRESENTED

At Docket No. 248 defendant David R. Johanson ("Johanson") moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action. At Docket No. 255 Plaintiff opposed the motion to which Johanson replied at Docket No. 257.

The Court having reviewed the moving papers and opposition has determined that oral argument would not assist the Court in ruling on the motions. The request for oral argument is DENIED.

## II.   PROCEDURAL BACKGROUND/JURISDICTION

The procedural background and status of this case is well known to the parties and, in the interests of brevity, is not recounted here except to the extent necessary to understanding this decision.

Stanton's First Claim for Relief alleges numerous acts by the individual defendants, including Johanson, that are contended to be in violation of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq* ["ERISA"].  Stanton seeks to recover the amounts lost and impose  a constructive trust on the profits and gains realized by the individual defendants as a result of the violations of their fiduciary obligations to the Noll ESOP.

The Second Claim for Relief, a "double" derivative action, *i.e.*, a derivative action on behalf of one entity to bring a derivative action on behalf of another, seeks relief from the individual defendants Couturier and Johanson, for breach of their state-law fiduciary duties as officers and directors of Noll, N&NW, and TEOHC.

The Third Claim for Relief, also a "double" derivative action, is professional malpractice claim against Johanson and Johanson and Berenson LLP on behalf of Noll, N&NW, and TEOHC.

This Court has jurisdiction over the First Claim for Relief under 28 U.S.C. § 1331 and supplemental jurisdiction over the state

law claims, the Second and Third Claims for Relief, under 28 U.S.C. § 1367.

### III. ISSUES PRESENTED

Johanson in his motion at Docket No. 248 raises two issues directed at the First Claim for Relief: (1) Plaintiff does not have a cognizable claim under ERISA, 29 U.S.C. § 1132(a)(2) in that Plaintiff has not shown that former plan participants will be protected and adequately represented in this action; and (2) Plaintiff does not have a cognizable claim under 29 U.S.C. § 1132(a)(3) in that Plaintiff has not identified any specific fund or property over which Johanson has control and upon which a constructive trust may be imposed. Johanson then argues that if the First Claim for Relief is dismissed, the Court should decline to exercise its supplemental jurisdiction over the state law claims set forth in the Second Claim for Relief.[1]

### IV. STANDARD OF REVIEW

In ruling on a motion to dismiss under Rule 12(b)(6) the court must treat all well pleaded facts as true and construe them in the light most favorable to the non-moving party. *ASW v. Oregon*, 424 F.3d 970, 974 (9th Cir. 2005). A court does not, however, accept as true legal conclusions simply because they are cast in the form of factual allegations. *Wyler Summit P'ship v. Turner Broad.*

---

[1] Johanson acknowledges that under the prior order of the Court, the Third Claim for Relief must be arbitrated and that the parties are preparing a stipulation to stay the Third Claim for Relief. Consequently, that issue is not before the Court at this time and is not addressed.

MEMORANDUM DECISION AND ORDER - 3
2:05-CV-2046-RRB-KJM

*System, Inc*, 135 F.2d 658, 665 (9th Cir. 1998). A dismissal under Rule 12(b)(6) is warranted only if the pleader against whom the motion is brought can prove no facts in support of the pleader's claims that would entitle the pleader to relief. *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003).

## V.  DISCUSSION

**A.   *Stanton as Representative of the Prior Participants*.**

Johanson argues that Stanton, as a current participant in the ESOP, cannot adequately represent the interest of those individuals who are no longer participants, *i.e.* those whose interests in the plan have been cashed out and terminated. Indeed, Johanson argues, the interests of Stanton and the other current participants is antithetical to the interests of the former participants because a distribution to one "class" necessarily reduces the amount distributable to the other, thereby creating an adversarial relationship.[2/]  Johanson's argument lacks merit. The issue presented to this Court is not how the proceeds realized from this action might be distributed among the participants or as between participants and former participants. Stanton's First Claim for Relief, which seeks recovery for the benefit of the plan, concerns the financial integrity of the plan, a common interest of both classes. *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 141 (1985). To the extent former participants may still, under the

---

[2/] Johanson does not question Stanton's adequacy to represent the other participants in the plan, only those former participants whose interests have been terminated.

MEMORANDUM DECISION AND ORDER - 4
2:05-CV-2046-RRB-KJM

terms of the plan, be entitled to share in the proceeds recovered by the plan will be determined by the plan trustees under the terms of the plan, not as part of this action.  As this Court noted earlier (Order at Docket No. 233), the extent to which each class may share is yet to be determined.  However, irrespective of the sharing arrangement under the plan, the interests of the current participants and former participants, assuming they are entitled to a share, insofar as this action is concerned is coextensive—maximize recovery.  On the other hand, if the former participants are not entitled to share under the terms of the plan in any event, they have no interest that need, or can, be protected.

In *Larson v. Dumke* , 900 F.2d 1363,  1367 (9th Cir. 1990), the Ninth Circuit enumerated a number of factors to be considered in making the determination of the adequacy of representation under Federal Rule of Civil Procedure 23.1, stating (internal citations omitted):

> An adequate representative must have the capacity to vigorously and conscientiously prosecute a derivative suit and be free from economic interests that are antagonistic to the interests of the class. Other courts have stated certain factors to determine adequacy of representation: "(1) indications that the plaintiff is not the true party in interest; (2) the plaintiff's unfamiliarity with the litigation and unwillingness to learn about the suit; (3) the degree of control exercised by the attorneys over the litigation; (4) the degree of support received by the plaintiff from other shareholders; ... (5) the lack of any personal commitment to the action on the part of the representative plaintiff"; (6) the remedy sought by plaintiff in the derivative action; (7) the relative magnitude of

> plaintiff's personal interests as compared to his interest in the derivative action itself; and (8) plaintiff's vindictiveness toward the defendants. These factors are "intertwined or interrelated, and it is frequently a combination of factors which leads a court to conclude that the plaintiff does not fulfill the requirements of 23.1. We are satisfied that an evaluation of these factors is important in determining the adequacy of representation by a derivative plaintiff under Rule 23.1.

At this stage of the pleadings it is impossible for the Court to make a determination of the adequacy of Stanton's representation under the *Larson* factors.  Johanson's reliance on *Coan v. Kaufman*, 457 F.3d 250 (2d Cir. 2006), is misplaced.    *Coan* is neither controlling nor apposite.  The facts as well as the procedural status of *Coan* and this case differ materially.  *Coan* was decided on a motion for summary judgment.  But more importantly, unlike this case, *Coan* involved a defunct 401(k) plan, which, as the Second Circuit noted, 457 F.3d at 261–62, presented procedural difficulties in formulating judicially imposed safeguards without a great deal of improvisation, effort, and expense.  Here, the plan remains in existence and the Court may easily direct that the proceeds be paid to the plan directly.  Alternatively, the Court may, either upon motion of a party or    *sua sponte*, invoke the procedures of Rule 23.1, either wholly or in part, to the extent necessary to protect the interests of the other interested parties.  That is not, however, a matter that need be addressed at this stage of the proceedings.

**B.**   *Equitable Relief—Constructive Trust.*

In her complaint, Stanton alleges that Johanson personally enriched himself from the breach of his fiduciary duties (¶ 98) and that the ESOP is entitled to the imposition of a constructive trust on Johanson's ill-gotten profits (¶ 100). Johanson does not argue that the imposition of a constructive trust does not constitute appropriate equitable relief under § 1129(a)(3), but that Stanton has failed to identify a particular fund or property that is traceable to the ill-gotten gains. The Court agrees that in order to impose a constructive trust, the particular funds or property upon which a constructive trust is to be imposed must be identified and traceable back to the ill-gotten profits realized by Johanson. *Great West Life & Annuity Ins. Co.*, 534 U.S. 204, 213–14 (2002). However, Johanson cites no authority for the proposition that the funds or property must be identified in the complaint, and independent research by the Court has not revealed any such controlling authority. *Sereboff v. Mid-Atlantic Medical Svcs., Inc.*, 547 U.S. ____, ____, 126 S.Ct. 1869, 1875–77 (2006), cited by Johanson, does not mandate such a result and is of no assistance to Johanson. *Sereboff* was decided on summary judgment after the close of discovery and the plaintiff in that case was able to trace the proceeds to an identifiable fund.

To accept Johanson's argument would require a person seeking to impose a constructive trust to engage in a significant degree of pre-filing investigation and obtain information peculiarly in the

possession of the defendant that is normally part of the discovery process in civil actions.  Whether or not the evidence proffered by Stanton (1) identifies specific funds or property that Johanson received from the ESOP and (2) traces those funds or that property to funds or property currently in the possession or under the control of Johanson, remains to be seen.  However, that can not be determined at this stage of the proceedings; it can only be determined after Stanton has an opportunity to conduct discovery and fully develop the facts.[3]

### VI.  CONCLUSION and ORDER

For the foregoing reasons, the motion to Dismiss at **Docket No. 248 is DENIED**.

IT IS ORDERED THAT defendant David R. Johanson must file an answer within 20 days of the date of entry of this order.

ENTERED this 21st day of December, 2007.

        S/RALPH R. BEISTLINE
        UNITED STATES DISTRICT JUDGE

---

[3] The Court does not agree with Stanton that the IRA held by Pensco meets this requirement.  The IRA is traceable to profits received by Couturier, not Johanson.