Juli E. Farris (SBN 141716)
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
jfarris@kellerrohrback.com

Matthew Righetti (SBN 121012)
RIGHETTI LAW FIRM, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 983-0900
Facsimile: (415) 397-9005

Attorneys for Plaintiffs
*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| GREGORY JOHNSON, et al., <br><br> Plaintiffs, <br> v. <br><br> CLAIR R. COUTURIER, JR., et al., <br><br> Defendants, | No. 2:05-cv-02046 RRB GGH <br> (Lead Case-Consolidated) <br><br> **ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER** |
| DARLEEN STANTON, <br><br> Plaintiff, <br> v. <br><br> CLAIR R. COUTURIER, JR., et al. <br><br> Defendants. | No. 2:07-CV-01208 WBS-JFM <br><br> (Consolidated under <br> 2:05-CV-02046 RRB KJM) |

1

Order to Show Cause

   Upon Plaintiffs' Application for an Order to Show Cause and Temporary Restraining Order to be issued against Defendants Clair R. Couturier, Jr., David Johanson, Robert Eddy, The Employee Ownership Holding Company, inc. ("TEOHC"), Noll Manufacturing Company, Inc. ("Noll"), N&NW Manufacturing Holding Company, Inc. ("N&NW") and the American Arbitration Association ("AAA") filed September 18, 2008, and Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunctive and other Equitable Relief filed August 18, 2008, along with all supporting declarations and exhibits as well as the Amended Complaint (Dkt. 150) and Supplemental Complaint (Exhibit 1 to Dkt. 322) filed in this case,

   Let Defendants show cause before the Honorable Ralph R. Beistline, District Judge of the Federal District Court sitting by assignment in the Eastern District of California at a Term of the Court to be held at the United States Courthouse, 501 I Street, Sacramento, California, on the _22_ day of _September at 12:15_, 2008, at Sacramento, California, why an Order should not be entered granting a Preliminary Injunction for the following relief:

   1. Enjoining and restraining Defendants TEOHC, Noll, and N&NW or any persons in active concert with them from advancing prior to the disposition of this litigation, directly or indirectly, any fees or expenses of Defendants Couturier, Johanson, and Eddy incurred in defending this litigation or any action instituted against them by the Department of Labor alleging the same or similar conduct;

   2. Enjoining and restraining Defendants Johanson, Eddy, TEOHC, and the AAA, pending the outcome of this litigation, from completing the arbitration proceeding under Case No. 74-180-00001-08-JENF, in or about Napa, California, and issuing an arbitration award determining the validity of Defendants' indemnity agreements and their right to advancement of legal fees and expenses in this litigation; and

1  3.  Such other and further relief as the Court deems just and proper under the
2  circumstances of the case.

3  Sufficient cause appearing therefore, it is hereby

4  ORDERED that answering papers shall be served on or before 4:10 pm ~~5:00~~ p.m. PST on
5  September 22, 2008, ~~and reply papers may be served on or before 5:00~~
6  ~~p.m. PST on _____, 2008, and it is further~~
7

8  ORDERED that sufficient cause appearing that personal service of a copy of this
9  Order and the papers on which it is based shall be made upon Defendants and the AAA on or
10 before September 19, 2008, shall be deemed good and sufficient service upon
11 said Defendants and the AAA.

12 Further, based on Plaintiffs' submissions on this Motion, the Court finds that Plaintiffs
13 will suffer immediate and irreparable harm in the absence of a Temporary Restraining Order.
14 Specifically, the Court finds that Plaintiffs have adequately shown by specific and particular
15 facts that the Plaintiffs and the TEOHC ESOP have a substantial interest in the proceeds of
16 TEOHC's asset sale to a subsidiary of Gibraltar Industries, Inc., that there is a substantial
17 likelihood that the proceeds of the asset sale will be substantially depleted if advances are
18 made to the individual Defendants to pay their defense fees and expenses in this litigation,
19
20 that the undertakings provided by the individual Defendants are unsecured and inadequate to
21 protect the interests of TEOHC and its ESOP in the event it is ultimately determined that the
22 individual Defendants are not entitled to indemnification and must repay the advances, and
23 that no one has conducted a prudent investigation into the finances of the Defendants to
24 substantiate their ability to repay the advances, if necessary. Based upon these facts, this
25 Court finds that Plaintiffs acting on behalf of TEOHC and the TEOHC ESOP will suffer
26

immediate and irreparable injury if TEOHC makes any advances of fees and expenses to the individual Defendants without adequate security and proper due diligence.

  The Court also finds that Plaintiffs have adequately shown by specific and particular facts that an arbitration award is imminent which may prejudice the rights of Plaintiffs and the ESOP to challenge the validity of the Arbitration award, that Plaintiffs and the ESOP have been denied the right to participate and present their opposition in the Arbitration proceeding which purports to validate the Indemnity Agreements and the right of the individual Defendants to advancement of their fees and expenses, that the closed nature of the proceeding and the exclusion of Plaintiffs and the ESOP maximizes the control of the outcome by the individual Defendants and that, upon issuance of the award, TEOHC will be immediately caused to advance a substantial portion of the proceeds of the asset sale to the individual Defendants based upon their unsecured and inadequate undertakings. Upon these facts, this Court finds that completion of the Arbitration and issuance of the Arbitration award will cause Plaintiffs and the ESOP to suffer immediate and irreparable injury. To preserve the status quo and prevent irreparable injury, until this matter can be heard on Plaintiffs' Motion for Preliminary Injunction, this Court is issuing a Temporary Restraining Order.

  Further, this Court finds that the issuance of a Temporary Restraining Order is appropriate in that Defendants and the AAA were provided prior notice in connection with the Plaintiffs' Supplemental Complaint and motion papers filed and served on August 18, 2008, and that all Defendants had the prior opportunity to be heard and defend against this Motion by the filing of their opposition papers on September 8, 2008, all of which were reviewed by this Court. The Court also finds that Plaintiffs have filed the Affidavit of Gary Greenwald supporting the existence of irreparable injury, detailing all of Plaintiffs' efforts to effect notice

to the affected parties or counsel of the motion papers filed on August 18, 2008 and September 18, 2008, and demonstrating good cause why prior notice was not given of the motion papers filed on September 18, 2008.

Sufficient cause appearing therefore, it is hereby

ORDERED that

A.   Defendants TEOHC, N&NW, and Noll are hereby enjoined from making any payments or advances to Defendants Couturier, Johanson, and Eddy, or their counsel, directly or indirectly, for their fees or costs in defending this action, and

B.   Defendants Johanson, Eddy, and TEOHC, the AAA, and all persons who are in active concert or participation with them are hereby enjoined from completing their formal Arbitration under Case No. 74-180-00001-08-JENF or issuing an Arbitration award.

IT IS FURTHER ORDERED that the issuance of the Temporary Restraining Order is conditioned upon the payment by Plaintiffs of a cash bond in the amount of $5,000, to be deposited with the Clerk of Courts as security for this Order.

This Temporary Order shall remain in full force and effect for ten (10) days following the date of issuance, pursuant to Fed. R. Civ. Pro. 65(b).

On two (2) days' notice to Plaintiffs, Defendants may appear and move to dissolve or modify this Order.

This Order issued at 9:00 a.m./p.m., on September 19, 2008.

DATED: September 19, 2008, Sacramento, California

*[signature]*

The Honorable Ralph R. Beistline
United States Judge

5                                                                 Order to Show Cause