IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY JOHNSON, <u>et al.</u>,

       Plaintiffs,

vs.

CLAIR R. COUTURIER, JR., <u>et al.</u>,

       Defendants.

2:05-cv-02046-RRB-KJM

**<u>ORDER GRANTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION</u>**

## I.   INTRODUCTION

Before the Court are Plaintiffs Gregory Johnson, William Rodwell, Edward Rangel, and Kelly Morrell ("Plaintiffs") with a Motion for a Temporary Restraining Order, Preliminary Injunctive and Other Equitable Relief at Docket 321. The Court has already granted Plaintiffs' motion for a ten-day temporary restraining order pending the issuance of a decision on the request for a preliminary injunction.[1] Plaintiffs seek to enjoin Defendant The Employee Ownership Holding Company, Inc. ("TEOHC") "from advancing,

---

[1]     Docket 367.

prior to the final disposition of this proceeding, any litigation or other expenses of Defendants Clair R. Couturier Jr., David Johanson, and Robert Eddy incurred in defending this action or any action instituted against them by the United States Department of Labor (the "DOL") alleging the same or similar conduct."[2] Nominal Defendant The Employee Ownership Holding Company, Inc. Employee Stock Ownership Plan and Trust ("ESOP") has joined the Plaintiffs' motion at Docket 374, and the Department of Labor ("DOL") submitted an amicus brief at Docket 389.

     The Plaintiffs also sought to enjoin the Defendants and the American Arbitration Association ("AAA") from conducting arbitration with regard to the validity of any indemnification agreements between TEOHC and the individual Defendants, and with regard to the advancement of legal expenses under such indemnification agreements.[3] But, because the AAA has already issued a decision in the arbitration between TEOHC and Defendants Johanson and Eddy concerning advancement of legal fees,[4] that aspect of the motion is moot. The Court has, however, permitted Plaintiffs to amend their motion such that the proposed injunction

---

[2]    Docket 321 at 2.

[3]    Id.

[4]    Docket 370 at Exhibit A.

ORDER GRANTING MOTION FOR
  PRELIMINARY INJUNCTION - 2
2:05-CV-2046-RRB

would prohibit any of the Defendants from seeking to enforce the AAA's decision in any state court proceeding or in any other manner.[5]

Defendants Johanson and Eddy have opposed at Docket 346 and Docket 347, respectively, arguing that Plaintiffs have failed to meet the burden for issuing a preliminary injunction, and that the District Court has no jurisdiction over this issue because of the arbitration clause in the indemnification agreements. Defendant Claire Couturier, who was not a party to the arbitration, opposes at 351 and argues that Plaintiffs have failed to meet the burden for issuance of a preliminary injunction.

The Court has also considered all of the other briefing filed in this matter.

## II.  BACKGROUND

The facts of this case, extensive as they are, will be discussed only insofar as they are relevant to the Court's decision. Inasmuch as the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, the Court has determined that oral argument is neither necessary nor warranted.

---

[5]     Motion Hearing of Sept. 22, 2008 (See Docket 382).

ORDER GRANTING MOTION FOR
  PRELIMINARY INJUNCTION - 3
2:05-CV-2046-RRB

III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 65 authorizes injunctive relief under certain specified conditions.  As this court has previously noted, "[p]reliminary injunctive relief is appropriate when a plaintiff establishes (1) probable success on the merits and irreparable harm if relief is denied, or (2) that there are serious questions on the merits and the balance of hardship tips sharply in favor of plaintiff."[6]  The test represents "a single continuum of concern which evaluates two factors that must always be considered: 'The likelihood of the plaintiff's success on the merits; and the relative balance of potential hardships to the plaintiff, defendant, and public."[7]  Analysis is affected by the relative probability of success and potential hardship: "[t]he higher a plaintiff's probability of success, the less the balance of hardship need tip in plaintiff's favor to support issuance of an injunction."[8]

---

[6]     Rowe v. Burton, 884 F. Supp. 1372, 1375 (D. Alaska 1994) (citing Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc., 944 F.2d 597, 602 (9th Cir. 1991)).

[7]     Id. (quoting State of Alaska v. Native Village of Venetie, 856 F.2d 1384, 1389 (9th Cir. 1988)).

[8]     Id.

ORDER GRANTING MOTION FOR
  PRELIMINARY INJUNCTION - 4
2:05-CV-2046-RRB

IV.   DISCUSSION

Because of the recently completed arbitration of Defendants Eddy and Johanson's claim for advancement of legal fees, the proposed injunction as to those two Defendants concerns some distinct legal issues that do not apply to Defendant Couturier. The Court will first determine whether the Plaintiffs have met the burden for issuance of a preliminary injunction against advancement of fees to all defendants, and will then separately analyze the legal arguments pertaining to each individual defendant.

A.   **Plaintiffs Have Met the Burden for a Preliminary Injunction Against Advancement of Fees**

The Court finds that Plaintiffs have carried their burden of showing probable success on the merits of their ERISA claims against Defendants Couturier, Eddy and Johanson. The Plaintiffs have alleged in their amended complaint numerous violations of ERISA by each of the individual Defendants, amounting to a breach of their fiduciary duties.[9]

Plaintiffs are likely to be able to show that the individual Defendants engaged in a scheme to defraud the Noll Manufacturing Company shareholders and the participants of employees' pension plan by arranging for grossly disproportionate

---

[9]      Docket 150.

ORDER GRANTING MOTION FOR
   PRELIMINARY INJUNCTION - 5
2:05-CV-2046-RRB

compensation to Defendant Couturier and others. The apparent level of Mr. Couturier's compensation (detailed with great specificity in the amended complaint) when compared with the overall value of Noll Manufacturing Company, would, if proven, be strong evidence by itself of either willful misconduct or at least lack of prudence by the individual defendants in their capacities as plan fiduciaries. The Plaintiffs have therefore carried the burden of showing probable success on the merits of their ERISA claims under Count 1 of the Amended Complaint, which concerns the alleged breaches of fiduciary duty.

The Court bases this finding on the many exhibits, affidavits, declarations and factual allegations which have been submitted to the Court by all parties, not only in relation to this motion, but throughout the course of this litigation. While the Court duly notes Defendant Johanson's objections to the evidentiary admissibility of various statements by Plaintiffs' counsel, the Ninth Circuit has held that because the "'urgency of obtaining a preliminary injunction necessitates a prompt determination'", a "'trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before

trial'".[10] Furthermore, a trial court "may consider allegations in verified complaint in issuing [a] preliminary injunction".[11]

The Court also agrees with both Plaintiffs and with the Department of Labor that advancement of funds to the Defendants would violate Section 410 of ERISA, which invalidates instruments and agreements that exculpate plan fiduciaries from liability for their misconduct. Insofar as the indemnification agreements at issue here reimburse Defendants for legal fees resulting from ERISA violations, then they are invalid. The agreements do prohibit indemnification for "deliberate wrongful acts or gross negligence" by the Defendants.[12] However, as the DOL noted in its amicus brief, "None of the agreements provide for recourse by TEOHC against any of the defendants if they are found to have breached their fiduciary obligations under ERISA."[13] To the extent that Plaintiffs have shown "probable success on the merits" of their ERISA claims, the Court must conclude that indemnification would be invalid under ERISA § 410.

---

[10]   Republic of the Philippines v. Marcos, 862 F.2d 1355, 1363 (9th Cir. 1988), quoting Flynt Distrib. Co., Inc. v. Harvey, 734 F.2d 1389, 1394 (9th Cir.1984).

[11]   Republic of the Philippines at 1363, citing K-2 Ski Co. v. Head Ski Co., 467 F.2d 1087, 1088 (9th Cir. 1972).

[12]   Docket 321 at Exhibit 5.

[13]   Docket 389-2 at 2.

Because the Plaintiffs have shown "probable success on the merits" of their claims, the only additional requirement for issuance of this injunction is that they show "irreparable harm" if injunctive relief is denied.[14] The Court finds that this burden has been met. As the Plaintiffs note, if the Defendants were to lose this case, the judgment against them could total in the tens of millions of dollars.[15] That being the case, full repayment of the advanced fees seems very unlikely in the event of a verdict in favor of the Plaintiffs.

For example, Mr. Couturier's assertion that he cannot pay his legal bills without advancement of funds[16] is difficult to square with his further assertion that his promise of repayment (should he lose this litigation) is sufficient to prevent irreparable harm to the Plaintiffs.[17] If Mr. Couturier is unable to pay his legal bills at this point, he is far less likely to be able to do so in the event of an adverse judgment.

Even if the Plaintiffs had not carried the burden of showing "probable success on the merits", they would still prevail

---

[14]     Rowe v. Burton, 884 F. Supp. at 1375.

[15]     Docket 321 at 21.

[16]     Docket 373 at 1.

[17]     Docket 351 at 5.

on this motion because they have raised "serious questions on the merits" and "the balance of hardship tips sharply in favor of plaintiff[s]".[18] With regard to the "serious questions" standard, the Ninth Circuit has held as follows:

> For the purposes of injunctive relief, "serious questions" refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo. Serious questions are "substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 740 (2d Cir. 1952) (Frank, J.). Serious questions need not promise a certainty of success, nor even present a probability of success, but must involve a "fair chance of success on the merits." National Wildlife Fed'n v. Coston, 773 F.2d 1513, 1517 (9th Cir. 1985).[19]

As this Court has already determined that Plaintiffs have established probable success on the merits, there is no question that they have at least established at least a "fair chance of success on the merits." Furthermore, the "balance of hardship" weighs heavily in favor of issuing this injunction. If Defendants are advanced their legal expenses and judgment is rendered against

---

[18]   Rowe at 1375.

[19]   Republic of the Philippines at 1362.

them, the Court finds it highly unlikely that the ESOP, and therefore the Plaintiffs, will ever be fully compensated for the depletion of funds from the TEOHC. The Court is well aware that the Defendants have used up fully $5 Million in insurance funds to defend this suit.[20] The Court has no doubt that this litigation has the potential to deplete all or most of TEOHC's remaining liquid assets. The prejudice to the Plaintiffs would be immense.

The potential hardships to the Defendants, on the other hand, are considerably less. The TEOHC funds to which the individual Defendants would be entitled upon a favorable judgment are not going anywhere, and in any event the Plaintiffs have proposed to set aside the potential legal expenses in escrow.[21] Under such an arrangement, the only potential prejudice to the Defendants would be that they would have to pay their attorneys out of pocket, or that their attorneys would have to wait until completion of the litigation for payment. Neither of these scenarios would prejudice Defendants as much as the depletion of the retirement funds would prejudice the Plaintiffs. Therefore, the "balance of hardship" tips sharply in favor of issuing the injunction.

---

[20]     Docket 321 at 26.

[21]     Docket 363-2 at 26.

ORDER GRANTING MOTION FOR
  PRELIMINARY INJUNCTION - 10
2:05-CV-2046-RRB

Because the Plaintiffs have shown "probable success", or at the very least "a fair chance of success"[22] on the merits of their ERISA claims, and because the balance of hardship weighs heavily in their favor, the Court finds that they have met the burden for issuance of the preliminary injunction. It should be noted that the Court expresses no opinion as to the merits of ESOP's allegation that "the 2001 and 2005 indemnification agreements for the benefit of individual defendants Couturier, Johanson and Eddy have been superseded in their entirety and are of no force and effect whatsoever."[23] The Court need not address this allegation as it is unnecessary for the Court's decision today.

**B.   Preliminary Injunction Against Advancement of Defendant Couturier's Fees is Proper**

The Court will address some of Defendant Couturier's objections to the Court's authority to issue this ruling. First of all, Mr. Couturier simply has no standing to invoke the preclusive effect of the arbitration between TEOHC and Defendants Eddy and Johanson.[24] Mr. Couturier was not a party to the arbitration, and the arbitrator's decision only addressed the rights of advancement

---

[22]    <u>Republic of the Philippines</u> at 1362.

[23]    Docket 374 at 2.

[24]    Docket 373 at 1-2.

ORDER GRANTING MOTION FOR
  PRELIMINARY INJUNCTION - 11
2:05-CV-2046-RRB

of Defendants Eddy and Johanson. The arbitration results are completely irrelevant to the injunction as it applies to Mr. Couturier.

Also, the Court rejects Defendant Couturier's objection, based on the Supreme Court's decision in <u>Grupo de Mexicano De Dessarollo S.A. v. Alliance Bond Fund, Inc.</u>, 527 U.S. 308 (1999), that this Court may not enjoin TEOHC from advancing the legal fees. In <u>Grupo de Mexicano</u>, the Court held that the "district court lacked authority, prior to entry of money judgment, to issue a preliminary injunction preventing [the] defendant from transferring assets in which no lien or equitable interest was claimed."[25] The plaintiffs in <u>Grupo de Mexicano</u> had no legal or equitable interest in the assets of the defendants. In the present case, Plaintiffs have brought this action as participants of the ESOP, which is the sole owner of TEOHC. Because Plaintiffs are owed a fiduciary duty under ERISA with regard to the disposition of the funds, they have an "equitable interest" in the funds as plan participants, regardless of whether the funds are considered "plan assets" for purposes of the Internal Revenue Code under 29 C.F.R. § 2510.3-101.

In any event, the <u>Grupo de Mexicano</u> Court "specifically noted [...] the difference between actions seeking purely money

---

[25]   <u>Grupo de Mexicano</u> at 310.

damages and cases [...] seeking equitable relief."[26] Furthermore, "Grupo does not bar courts from freezing assets to preserve them for equitable relief, such as disgorgement."[27] In their Amended Complaint, the Plaintiffs have petitioned the court for disgorgement of improperly obtained funds and for other equitable relief.[28] In any event, all remedies pursuant to an ERISA claim must be equitable.[29] Because the distribution of these assets is enjoined to preserve potential equitable remedies as opposed to legal remedies, Grupo de Mexicano is inapplicable.

Finally, while the Court agrees with Defendant Couturier that the Plaintiffs' ERISA claims are not "derivative" of TEOHC's rights, his argument that the Plaintiffs have no "right" to the funds held by TEOHC is incorrect.[30] A number of federal courts have

---

[26]  S.E.C. v. Lauer, 445 F. Supp. 2d 1362, 1367 (S.D. Fla. 2006), citing Grupo de Mexicano at 333. See also In re Focus Media Inc., 387 F.3d 1077, 1084 (9th Cir. 2004) ("Grupo Mexicano suggests that when equitable claims are at issue, as opposed to solely legal damages claims, the rule barring issuance of a preliminary injunction freezing assets is inapplicable as well.")

[27]  S.E.C. v. Lauer at 1367, citing SEC v. ETS Payphones, Inc., 408 F.3d 727, 734-35 (11th Cir. 2005).

[28]  Docket 150.

[29]  Providence Health Plan v. McDowell, 385 F.3d 1168, 1174 (9th Cir. 2004).

[30]  Docket 371 at 3-4.

held that under ERISA § 410, where "an ESOP owns a substantial portion of the sponsoring company's stock, it would be inconsistent with the intentions of ERISA to allow a trustee who has breached his fiduciary duties to the ESOP to be indemnified by the sponsoring company where the ESOP would indirectly bear the financial burden."[31] In Donovan v. Cunningham, the District Court reasoned that ERISA section 410 was designed "to protect the ESOP from suffering any expense of this suit," a goal that "cannot be met by requiring [the company] to indemnify any party to this suit." The Court finds this reasoning persuasive, and therefore finds that Plaintiffs do holds an equitable interest in the funds which Defendants seek from TEOHC.

**C.  Preliminary Injunction Against Advancement of Defendants Eddy and Johanson' Fees is Proper**

Issuance of the preliminary injunction against the advancement of fees to Defendants Eddy and Johanson is proper for all of the same reasons stated above. However, the Court must determine what preclusive effect, if any, the decision of the arbitrator has on this Court as to the proposed injunction.

---

[31]  Delta Star, Inc. v. Patton, 76 F. Supp. 2d 617, 640-41 (W.D. Pa.1999), citing Donovan v. Cunningham, 541 F. Supp. 276, 289 (S.D. Tex.1982).

The Court holds that the arbitrator's decision, while it has preclusive effect as to the TEOHC's *contractual* duties under the indemnification agreement, it does not and, in fact, could not affect the Plaintiffs' ERISA claims. The Supreme Court has held that because "a contract cannot bind a nonparty", the Federal Arbitration Act ("FAA") "'does not require parties to arbitrate when they have not agreed to do so.'"[32] The Ninth Circuit has explicitly held that "a fiduciary's contract with an employer cannot get it off the hook with the employees who participate in the ERISA plan. They did not sign a contract exonerating the fiduciary."[33] The Court further held that:

> Even if General American could by contract exonerate itself from fiduciary responsibilities to IT Corporation, there is no reason to suppose that the contract would exonerate General American from its duties to participants and beneficiaries of the ERISA plan. 29 U.S.C. §§ 1104, 1110(a); cf. Restatement (Second) of Trusts § 216, comment I (1959). The participant-employee plaintiff did not sign the contract with the exonerating provisions, and he is entitled to have the

---

[32] E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 293-94 (2002), quoting Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989).

[33] IT Corp. v. General American Life Ins. Co., 107 F.3d 1415, 1418 (9th Cir. 1997).

plan administered in the interest of participants and beneficiaries.[34]

In another ERISA case, the Ninth Circuit held that an arbitration clause in a contract has no preclusive effect on a non-signing party unless that party "'knowingly exploit[ed] the agreement[s] containing the arbitration clause[s] despite having never signed the agreement[s].'"[35]

In the present case, the Plaintiffs did not sign the indemnification agreements, and they could not be bound by TEOHC when TEOHC signed the agreements. Plaintiffs obviously have not sought the benefit of the indemnification agreements. In fact, they ask this Court invalidate them. They therefore are not bound by the arbitration clause contained therein, and the arbitrator's decision has no preclusive effect on them.

Even if the arbitrator in this case "heard the defense that ERISA barred advancements"[36], that fact is irrelevant because Plaintiffs were not party to the arbitration and cannot be bound by the arbitrator's decision. Unlike in the Keene v. Morgan Stanley

---

[34]     IT Corp. At 1419.

[35]     Comer v. Micor, Inc., 436 F.3d 1098, 1101-02 (9th Cir. 2006), quoting E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, 269 F.3d 187, 199 (3d Cir.2001) (alteration in original).

[36]     Docket 388 at 4.

case cited by Defendant Johanson, there is no "identity of claims" or "identity or privity between the parties" as required for *res judicata* effect.[37]  The TEOHC is an *adverse* party to the Plaintiffs, and the claims litigated in the arbitration were contractual and not based on ERISA.

To answer another of the Defendants' objections, this preliminary injunction does not violate the Anti-Injunction Act, 28 U.S.C. § 2283. The Act prohibits a federal court from granting an injunction "to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[38] Simply put, there is no state court proceeding as yet, and therefore no stay has been issued. The court has enjoined the several defendants from initiating a state court proceeding, but that is hardly the same thing. Furthermore, this Court has jurisdiction over the Plaintiffs' ERISA claims, and any stay issued by this court to preserve their right to relief under ERISA would be necessary in aid of this Court's jurisdiction and therefore

---

[37]   <u>Keene v. Morgan Stanley</u>, 2008 WL 2113387 (D. Alaska 2008).

[38]   28 U.S.C. § 2283.

permissible. A state court would be precluded from adjudicating the ERISA claims due to federal preemption in any event.

Because the arbitration clause has no preclusive effect on the Plaintiffs' ERISA claims, the Court need not address the question whether the indemnification agreements or the arbitration clauses themselves were fraudulently obtained.

V.    CONCLUSION

Because the Plaintiffs have shown "probable success", or at the very least, "a fair chance of success," on the merits of their ERISA claims, and because the balance of hardship weighs heavily in their favor, Plaintiffs have met the required burden for issuance of a preliminary injunction. Because the arbitration clause has no preclusive effect on the claims, and because the issuance of a preliminary injunction is in accordance with federal law, the request for a preliminary injunction prohibiting TEOHC from advancing legal expenses to the individual Defendants is **GRANTED.** All other pending motions are DENIED as moot.

**IT IS SO ORDERED**

ENTERED this 26th day of September, 2008.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE