Juli E. Farris (SBN 141716)
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
jfarris@kellerrohrback.com

Matthew Righetti (SBN 121012)
RIGHETTI LAW FIRM, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 983-0900
Facsimile: (415) 397-9005

Attorneys for Plaintiffs
*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| GREGORY JOHNSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CLAIR R. COUTURIER, JR., et al., <br><br> Defendants, | No. 2:05-cv-02046 RRB GGH <br> (Lead Case-Consolidated) <br><br> **SECOND ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER** |
| DARLEEN STANTON, <br><br> Plaintiff, <br><br> v. <br><br> CLAIR R. COUTURIER, JR., et al. <br><br> Defendants. | No. 2:07-CV-01208 WBS-JFM <br><br> (Consolidated under <br> 2:05-CV-02046 RRB KJM) |

Upon Plaintiffs' Second Application for an Order to Show Cause and Temporary Restraining Order to be issued against Defendant Clair R. Couturier, Jr., filed October 15, 2008, along with all supporting declarations and exhibits as well as the Amended Complaint (Dkt. 150),

Let Defendants show cause before the Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by assignment in the Eastern District of California in writing on or before October 24, 2008, why an Order should not be entered granting a Preliminary Injunction against Defendant Clair R. Couturier, Jr., his agents, servants, employees, attorneys, and all persons in active concert or participation with them, for the following relief:

1. Imposing a constructive trust upon all property (wherever it is now located and in whatever form it now exists) which Defendant Clair R. Couturier, Jr. received from TEOHC and/or the TEOHC Employee Stock Ownership Plan (the "ESOP") as a result of the Agreement and Plan of Merger dated January 21, 2004, the First Amendment to Agreement and Plan of Merger dated July 20, 2004, and all subsequent agreements with TEOHC, N&NW Manufacturing Holding Company, Inc. ("N&NW"), and Noll Manufacturing Corporation ("Noll"), in connection therewith, including but not limited to, any and all assets deposited in the Pensco Trust IRA Account for Clair R. Couturier, Jr., the real property and capital improvements located at 113 Wanish Place, Palm Desert, California, and all art work, furniture, and furnishings contained therein, the 2006 Bentley vehicle (VIN SCBCR63W16C030768), and the golf club membership at the Big Horn Golf Club issued to Clair R. Couturier, Jr. (hereinafter referred to as the "Constructive Trust assets");

2. Ordering Clair R. Couturier, Jr. to preserve the Constructive Trust assets and all profits generated there from (wherever they are now located and in whatever form they now exist) during the pendency of this case;

3. Enjoining Defendant Clair R. Couturier, Jr. from transferring, secreting, assigning, pledging, mortgaging, or hypothecating any interest in the Constructive Trust assets, wherever they are now located and in whatever form they now exist, during the pendency of this case;

4. Ordering Defendant Clair R. Couturier to report and account to Plaintiffs and this Court within twenty (20) days of the date of issuance of the Preliminary Injunction as to the following information:

    A. An accounting of all the Constructive Trust assets received from TEOHC, N&NW, and Noll from the Agreement and Plan of Merger, the First Amendment to Agreement, and Plan of Merger, and all subsequent agreements in connection therewith;

    B. Identification of where and when all Constructive Trust assets were deposited, invested, and/or transferred, including account name and number at each institution, through present date;

    C. An accounting of all profits and/or losses generated from deposits, investments, and/or transfers of the Constructive Trust assets;

    D. An accounting of all consideration or value received by Couturier for the transfer of any of the Constructive Trust assets to any transferee as well as the identity and address of each transferee, the date of each transfer, and a description of each asset transferred to each transferee; and

E. The current value of each of the Constructive Trust assets (and profits there from) held by Clair R. Couturier, Jr., personally, constructively, or through any trust.

5. Such other and further relief as the Court deems just and proper under the circumstances of this case.

Sufficient cause appearing therefore, it is hereby

ORDERED that answering papers shall be served on or before 5:00 p.m. PST on October 20, 2008, and reply papers may be served on or before 5:00 p.m. PST on October 23, 2008, and it is further

ORDERED that sufficient cause appearing that personal service of a copy of this Order and the papers on which it is based shall be made upon counsel for Defendant Clair R. Couturier, Jr. on or before October 17, 2008, shall be deemed good and sufficient service upon said Defendant.

Further, based on Plaintiffs' submissions in this Motion, the Court finds that Plaintiffs will suffer immediate and irreparable harm in the absence of a Temporary Restraining Order. This Court has previously made specific findings that Plaintiffs have carried the burden of showing probable success on the merits and are likely to show that the individual Defendants, including Couturier, engaged in a scheme to defraud the ESOP in breach of their fiduciary duties. (Dkt. 398.) Specifically, the Court finds that Plaintiffs have adequately shown by specific and particular facts that Defendant Couturier has engaged in multiple transfers of certain of the Constructive Trust assets since his receipt of same, that Defendant Couturier has attempted to conceal such transfers from Plaintiffs during the course of this litigation, and that he now claims that he does not have sufficient assets to pay his attorneys. Because Plaintiffs have demonstrated that they have a substantial interest in the Constructive Trust assets -- the

property received from the scheme to defraud – and Defendant Couturier has concealed and claims not to possess over $34 million in assets received since 2004, this Court finds that Plaintiffs acting on behalf of TEOHC and the ESOP will suffer irreparable and immediate injury if Defendant Couturier, his agents, servants, employees, attorneys, and all persons in active concert or participation with them, are not mandatorily enjoined to preserve the Constructive Trust assets and prohibitorily enjoined from transferring, secreting, assigning, pledging, mortgaging or hypothecating any interest in the Constructive Trust assets, wherever they are now located and in whatever form they now exist.

Further, this Court finds that the issuance of a Temporary Restraining Order is appropriate in that Defendant Couturier was served with a copy of this Motion simultaneous with its filing with this Court and will suffer no injury from this Order which preserves the status quo until all parties can be heard on the request for a preliminary injunction. The Court also finds that Plaintiffs have filed the Declaration of Gary D. Greenwald supporting the existing irreparable injury, detailing Plaintiffs' efforts to effect notice to the affected party or counsel, and demonstrating good cause why prior notice was not given of these Motion papers.

Sufficient cause appearing therefore, it is hereby

ORDERED that

A.  Defendant Clair R. Couturier, Jr., his agents, servants, employees, attorneys, and all persons in active concert or participation with them, are enjoined to preserve the Constructive Trust assets and all profits generated there from, wherever they are now located and in whatever form they now exist, and

B. Defendant Clair R. Couturier, Jr., his agents, servants, employees, attorneys, and anyone in active concert or participation with them, are enjoined from transferring, secreting, assigning, pledging, mortgaging, or hypothecating any interest in the Constructive Trust assets, wherever they are now located and in whatever form they now exist.

IT IS FURTHER ORDERED that the issuance of the Temporary Restraining Order is conditioned upon the payment by Plaintiffs of a cash bond in the amount of $5,000.00, to be deposited with the Clerk of Courts as security for this Order.

This Temporary Order shall remain in full force and effect for ten (10) days following the date of issuance, pursuant to Fed. R. Civ. P. 65(b)(2).

On two (2) days' notice to Plaintiffs, Defendants may appear and move to dissolve or modify this Order.

This Order issued at 11:00 a.m./p.m., on October 16, 2008.

DATED: October 16, 2008, ~~Sacramento, California~~ Anchorage, Alaska

_____
The Honorable Ralph R. Beistline
United States Judge