IN THE MATTER OF THE ARBITRATION BETWEEN

| | |
|---|---|
| BRUCE COUTURIER | |
| Plaintiff, | Arbitrator: Richard L. Gilbert |
| v. | MOTION OF GREGORY JOHNSON, EDWARD RANGEL, WILLIAM RODWELL, KELLY MORRELL AND DARLEEN STANTON TO INTERVENE AS NEW PARTY DEFENDANTS |
| TEOHC | |
| Defendant. | |

Now come Gregory Johnson, Edward Rangel, William Rodwell, Kelly Morrell and Darleen Stanton (hereinafter referred to as "Intervenors") and hereby move this Arbitrator to join Intervenors as New Party Defendants in the subject Arbitration so that Intervenors may protect their rights on behalf of the TEOHC Employee Stock Ownership Plan (ESOP") and TEOHC. A Memorandum in Support accompanies this Motion.

s/*Gary D. Greenwald*
Gary D. Greenwald

_____
Terence J. Devine

## Memorandum in Support

Intervenors are Plaintiffs in a federal lawsuit filed in the United States District Court for the Eastern District of California under Case No. 2:05-cv-02046-RRB-KJM. The federal action was filed in October 2005 and asserts claims under ERISA on behalf of the ESOP and derivatively under state law on behalf of TEOHC for breach of fiduciary duty against the former or present ESOP fiduciaries and corporate directors. A copy of the Amended Complaint is attached hereto as Exhibit A and incorporated herein by reference. The thrust of the Amended Complaint is that Defendants Clair Couturier (brother of Bruce Couturier), David Johanson and Robert Eddy engaged in a scheme to defraud the Noll Manufacturing and TEOHC shareholders and the participants of the Noll and TEOHC ESOP by arranging for grossly disproportionate compensation to Clair Couturier, Robert Eddy and others.

Recently, District Judge Ralph R. Beistline issued an Order granting Plaintiffs' Motion for Preliminary Injunction and enjoined TEOHC from advancing legal fees and expenses to defend the federal action pursuant to corporate Indemnification Agreements dated August 8, 2005. See Exhibit B attached hereto and incorporated herein. In so holding, the District Court held that Plaintiffs had shown "probable success on the merits of their ERISA claims" and were "likely to be able to show that the Individual Defendants engaged in a scheme to defraud the Noll Manufacturing Company shareholders and the participants of employees' pension plan by arranging for grossly disproportionate compensation to Defendant Couturier and others." (Exhibit 2, pp. 5-6).

2

In fact, the Indemnification Agreements and Release Agreements for Clair Couturier, David Johanson and Robert Eddy with respect to their wrongdoing were all executed by Bruce Couturier after his appointment to the TEOHC Board of Directors. As consideration for Bruce Couturier's execution of the Indemnification Agreements and Release Agreements issued to his brother Clair, David Johanson and Robert Eddy, they executed the same day an Indemnification Agreement and Release Agreement in his favor and rewarded him with stock options (7% of the company) and an Executive Employment Agreement through June 2011.[1]

Bruce Couturier thus breached his fiduciary duties of loyalty to TEOHC and its sole shareholder the ESOP for a future cash payment which he now seeks in this arbitration. Bruce Couturier was a faithless and disloyal servant to TEOHC and now seeks the reward which he was promised by his brother Clair for his disloyalty. Bruce Couturier seeks payment from the proceeds of sale of company assets, which are being held pursuant to a plan of liquidation for payment to the ESOP participants. Bruce Couturier also seeks to have this issue determined in a confidential and private proceeding pursuant to his Indemnification Agreement which was procured by fraud.

In the federal action, Judge Beistline made specific findings, including the following:

(1) Intervenors have rights under ERISA to TEOHC's cash proceeds from the sale of its assets where the ESOP owns a substantial interest in the company and the

---

[1] The Indemnification Agreement and Release issued to Bruce Couturier contained essentially the same language as the Indemnification Agreements and Release Agreements issued to Clair Couturier, David Johanson and Robert Eddy.

3

ESOP would indirectly bear the financial burden of the fiduciary's wrongful conduct[2] (Exhibit B, pp. 13-14)

(2) An arbitrator's decision, based upon a fiduciary's contract with his employer, has no preclusive effect upon the employees who participate in the ERISA plan where they didn't sign the contract or knowingly exploit the agreement (Exhibit B, pp. 15-18); and

(3) A preliminary injunction staying or enjoining the arbitration would not violate the Anti-Injunction Act, 28 U.S.C. §2283. (Exhibit B, pp. 17-18).

In light of Judge Beistline's decision, Intervenors could seek to enjoin the pending arbitration or seek to intervene in this arbitration to protect the rights of Intervenors and the ESOP. Intervenors hereby have opted to intervene in this arbitration proceeding to protect their rights. Absent an order granting intervention, Intervenors would have no alternative but to petition Judge Beistline for a preliminary injunction to stay the pending arbitration.

Intervenors are necessary parties to this arbitration if the Arbitrator is to render a final and binding decision. Moreover, Plaintiffs who represent the ESOP and its participants, are surely third party beneficiaries to the alleged contracts at issue and proper parties for joinder where TEOHC is and was at all times a 100% ESOP-owned company.

---

[2] As a director of TEOHC, Bruce Couturier was both a corporate fiduciary and an ERISA fiduciary. As an ERISA fiduciary, he had the duty as director to appoint and remove ERISA fiduciaries and monitor their activities to prevent wrongdoing.

4

In the arbitration, TEOHC is represented by attorney Cynthia Larsen who has opposed Plaintiffs' lawsuit from the outset. She not only filed a Motion to Dismiss the Amended Complaint, but also filed opposition papers to the Motion for TRO and Preliminary Injunction. She was initially hired by TEOHC's Board of Directors, which then consisted of Clair Couturier, David Johanson and Robert Eddy. Plaintiffs cannot rely upon Ms. Larsen to protect the ESOP and company interests in this closed proceeding.

To the extent Bruce Couturier claims excessive compensation and benefits procured as part of the same fraud perpetrated by his brother, Intervenors have a right and duty to intervene and assert the defenses of fraud, breach of fiduciary duty and faithless servant, inter alia, to protect the ESOP's interest in assets currently held by TEOHC.

For all of the foregoing reasons, Intervenors submit that their Motion should be granted.

DATED this 2nd day of October, 2008.

*s/Gary D. Greenwald*
Gary D. Greenwald

_____
Terence J. Devine