IN THE MATTER OF THE ARBITRATION BETWEEN

BRUCE COUTURIER,  )
   )
    Plaintiff,  )
   )  **Ruling on Application of Gregory Johnson,**
vs.  )  **Edward Rangel, William Rodwell, Kelly**
   )  **Morrell and Darleen Stanton to Intervene;**
TEOHC,  )  **Order on Request for Further Order**
   )  **Regarding Interim Payment**
    Defendant.  )
   )

## I. Motion to Intervene.

A. <u>Introduction and Summary of Ruling.</u>

    This Arbitration concerns claims by Bruce Couturier ("Couturier") against "The Employee Ownership Holding Company" ("TEOHC") for additional compensation following Couturier's termination as an employee of TEOHC. The underlying claims are subject to arbitration in accordance with terms of underlying employment and related agreements. In accordance with those agreements, the undersigned was selected as "Arbitrator".

    On October 2, 2008, Gregory Johnson, Edward Rangel, William Rodwell, Kelly Morrell and Darleen Stanton ("Intervenors") filed an application in these proceedings to intervene as

party defendants to assert and vindicate rights asserted under the TEOHC Employee Stock Ownership Plan ("ESOP"). The Arbitrator invited comment by Plaintiff and Defendant here and set the matter for hearing by teleconference on October 17, 2008. Kevin M. Seibert, *Downey Brand LLP*, Stockton, California, appeared for Couturier. Cynthia J. Larsen, *Orrick, Herrington & Sutcliffe LLP*, Sacramento, California, appeared for TEOHC. Gary D. Greenwald, *Keller Rohrback, P.L.C.*, Phoenix, Arizona, and Terence J. Devine, *Devine, Markovits & Snyder, L.L.P.*, Albany, New York, appeared for Intervenors.

It is the determination of the Arbitrator that the Arbitrator is not empowered to determine if a non-signatory to the underlying arbitration agreement has standing to intervene and that such determination is properly made by a court with jurisdiction over the arbitration proceedings. The fact that the subject matter of the proceedings may implicate and effect rights of Intervenors under the federal ERISA laws does not affect that state procedural matter and does not independently require the Arbitrator to accord them party status in this proceeding. Accordingly, the application to intervene is denied, but denied solely on the procedural grounds mentioned.

B. <u>Discussion.</u>

All of the shares of TEOHC are held by the TEOHC Employee Stock Ownership Trust ("ESOT"), administered by the TEOHC Employee Stock Ownership Plan ("ESOP"). All of TEOHC's assets were sold for cash to a third party in 2007. TEOHC is winding down and, after satisfaction of obligations not at issue here, its remaining cash assets will be delivered to the ESOT for distribution.[1]

Intervenors, individually and in a representative capacity as to others similarly situated, claim rights to certain ESOT/ESOP assets which could be affected by the determination sought by Couturier in this proceeding. Without question, the ESOT and ESOP are subject to the

---

[1] These facts are taken from TEOHC's Response to the motion to intervene and do not appear to be contested.

Couturier v. TEOHC – Ruling on Application for Intervention - 2

1  provisions of ERISA. Moreover, Intervenors are plaintiffs in an ERISA based action now
2  pending in the United States District Court for the Eastern District of California in which, *inter*
3  *alia*, they challenge certain agreements with former officers and employees of TEOHC.
4  (*Gregory Johnson, et al. v. Clair Couturier, Jr., et al*, case number 2:05-cv-02046-RRB-KJM.
5  (the "Johnson Action")). Bruce Couturier is not a party to the Johnson Action, nor is the
6  agreement under which Couturier asserts rights here specifically at issue in that case. Certain of
7  Intervenor's claims in the Johnson Action may have implications for the validity of Couturier's
8  agreement, however, and, without question, a payment obligation arising out a favorable result
9  by Couturier here will affect the assets of the ESOT and ESOP and, accordingly, any rights
10 intervenors have in those assets which may be governed by ERISA.

11      Notwithstanding that Intervenor's rights may ultimately be affected by a determination
12 here, it appears clear that the court, and not the arbitrator, has jurisdiction to determine whether
13 non-signatories to an arbitration agreement may be accorded party status. Determination of that
14 matter requires that a petition be presented to the court for determination. (*Bouton v. USAA*
15 (Fourth Appellate District, October 7, 2008, number D048522); *City of Hope v. Cave* (2002) 102
16 Cal.App.4 1356; and see, generally, *Carter v HealthNet* (9th Circuit, 2004) 374 F. 3d 830).

17      The fact that Intervenor's ERISA based interests are at stake is not a reason to ignore the
18 procedural rule. Abiding the jurisdictional divide does not preclude vindication of any right of
19 Intervenors to be a accorded party status, but simply determines who decides that status.

20      Likewise, this conclusion does not leave Intervenors without recourse, whether or not
21 they are granted party status in these proceedings. Intervenors will still have recourse to the
22 Federal Court to assert any pre-emptive federal rule which may affect, in whole or in part, any
23 relief granted here. Moreover, as Intervenors suggest, they may be able to seek a stay of this
24
25

Couturier v. TEOHC – Ruling on Application for Intervention - 3

1  action in favor of the pending Federal Court proceeding.[2] Such a request, presumably, can
2  include either a general stay of these proceedings or a temporary stay pending an application to
3  the state court to obtain standing in these proceedings.
4  ///
5  ///
6  ///
7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ───────────────
25 [2] Indeed, the Federal Court in the Johnson Action has expressed its openness to the question of protecting the ERISA rights of parties before it by controlling ancillary "state" arbitration proceedings. See, e.g., the Court's September 26, 2008, "Order Granting Plaintiffs' Motion For A Preliminary Injunction".

Couturier v. TEOHC – Ruling on Application for Intervention - 4

## II. Request Regarding Interim Order.

On September 18, 2008 the Arbitrator issued an order requiring TEOHC to make a payment to Couturier in accordance with an agreement between Couturier and TEOHC regarding an earlier continuance of the arbitration hearing. That order was conditioned only on TEOHC receiving a contrary directive or order from the Department of Labor (DOL). Service of the order on DOL was made by TEOHC as ordered. TEOHC then received a letter from DOL which the Arbitrator does not believe is either a directive or order to TEOHC with regard to the payment, but a statement that the DOL is not bound by the order of the Arbitrator and a "caution" to TEOHC that making the payment in accordance with the order would not relieve a fiduciary from obligations imposed by ERISA or relieve them from liability if the payment is in violation of an ERISA mandated duty. While TEOHC may determine that compliance with the order is ill advised under the present circumstances, the DOL letter is not one of the conditions relieving TEOHC from the order's effect in these proceedings. Accordingly, the order will stand as issued. A further order, as requested by Couturier is not needed. Enforcement of the order is the prerogative of the parties.

Dated: November 17, 2008

_____
Richard L. Gilbert