IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY JOHNSON, et al., | | |
| | Plaintiff, | No. CIV-S-05-2046 RRB GGH |
| vs. | | |
| CLAIR R. COUTURIER, JR., et al., | | |
| | Defendants. / | |
| DARLEEN STANTON, | | |
| | Plaintiff, | No. CIV-S-07-1208 RRB JFM |
| vs. | | |
| CLAIR R. COUTURIER, JR., et al., | | |
| | Defendants. / | |

*Introduction and Summary*

Two discovery motions are pending in the above captioned case (docket nos. 326 and 337): (1) a motion for sanctions brought by plaintiffs' counsel against counsel for defendants on account of alleged deposition improprieties; and (2) a motion to compel production of documents which were not produced on account of assertion of attorney-client privilege. This

1

1  Order deals only with the first motion and a separate order will be issued for the second.

2  For the reasons that follow, the court issues specific rules which will apply during

3  all future depositions in this case.

4  *Background*

5  Plaintiffs' counsel assert that various of defendants' counsel have obstructed the

6  taking of depositions by lengthy speaking objections which tend to disrupt the depositions and/or

7  coach the witness.  The court will not attempt to characterize every incident in which impropriety

8  is alleged (they are truly numerous), but rather will quote two examples, and let the record speak

9  for itself.  Even those excerpts submitted by defendants demonstrate the need for action herein.

10  The examples are:

Q. (By Mr. Greenwald) The why did you write what you wrote that their office made copies for your use in answering the subpoena request?
Mr. Becker: Same objection.
Ms. Rosenbaum: It doesn't say that anywhere.  That's misleading.
Mr. Greenwald: Go ahead, you can answer the question.
Mr. Rillo: Well, Mr.–Mr.__
Mr. Greenwald: Please, I mean–Chris, I don't have much more time.  Let me just finish.  I'm really not trying to mislead anybody.
Mr. Becker: Why don't you ask him who "their" and "they" is in that bullet point.
Mr. Greenwald: I'm asking the question why did you write–
Mr. Becker: No, you testified.
Mr. Greenwald – that "their office kindly made copies for my use in answering the subpoena request in the TEOHC matter."  I'm going to quote it, Ted.
Mr. Becker: Why don't you ask him–
Mr. Greenwald: Ted, let me ask my questions.  I'm quoting the language of this.
Mr. Becker: Could the reporter reread the pending question back along with Mr. Greenwald's – [question read back]
Ms. Rosenbaum: Object as to form.
Mr. Becker: Okay.  I object to the form of that question, it's leading, it assumes facts not in evidence, and it mischaracterizes the exhibit.  If you want to ask a proper question, ask the witness what he meant and who he was talking about when he wrote that.
Mr. Rillo: Gary, you just hit the table when she was reading the question.  Did she misread the question?
Mr. Greenwald: Now look, come on, guys, I don't have much time.
Mr. Becker: Now Gary, you are badgering–let the record reflect that he's standing up now and waiving his arms.
Mr. Greenwald: Fine.  I'm waiving my arms?
The Witness: You are.
Mr. Rillo: You were.
                    ***
Ms Rosenbaum: Why don't you rephrase the question and not waste your time.

2

1 Mr. Greenwald: You're wasting my time.
Mr. Becker: Why do you need to stand up and ask the question?  Sit down.
2 Q. (By Mr. Greenwald) The question is why did you write "when their office kindly made copies for my use in answering the subpoena request in the TEOHC matter."
3 Mr. Becker: Let the record reflect that Mr. Greenwald is standing up now to ask his questions.
[and on and on]
4
Donnelly Deposition at 252-254.
5
[Mytels Deposition]
6
Q. (By Mr. Greenwald) And did you see him providing advice about compensation and benefits?
7 Mr. Becker: Objection to the form of the question.  Was he doing it by sign language?
Mr. Greenwald: Go ahead, you can answer.
8 Mr. Rillo: Furthermore, as an ERISA attorney I'd be astonished if he wasn't providing advice as to compensation benefits, Mr. Greenwald.
9 Mr. Greenwald: Go ahead, you can answer.
Mr. Rillo: Silliest question in a deposition.
10 The Witness: Yes, I remember him giving advice about such things, yes.
Q. (By Mr. Greenwald) And did you observe Mr. Johanson providing accounting advice to Mr.
11 Couturier and the company?
Mr. Rillo: Objection to the form of the question.  What do you mean by accounting advice, was he
12 divvying up the books or–
The Witness: Yeah, what do you mean by accounting advice?
13 Q (By Mr. Greenwald) Well, did you see him or observe him overriding the advice of Mr. Roorda on accounting matters?
14 Mr. Rillo: On accounting matters, same objection.  Is he trying to define what was GAAP or GAAS.
15 Mr. Greenwald: That's not my question.  Why don't you let me ask the questions.
Mr. Rillo: Well, I will.  Ask a proper question.
16

17 Mytels Deposition, 215-216.

18      These examples form the tip of the iceberg concerning improper colloquy during a

19 deposition.  The undersigned need not refer to legal authority to state the obvious.  Clearly, the

20 deposition process is out of control.

21      Plaintiffs do not ask for immediate sanctions – yet.  They, and defendants to a

22 degree, ask for procedures in which a special master is appointed or that the undersigned

23 supervise all further depositions.  Defendants have suggested a deposition protocol which

24 inevitably invites future motions to determine whether, for example, a "short" explanation of the

25 objection is really "short." The court has a better interim idea (courts always do) which should

26 solve the problem without immediate, significant expense, or inordinate calls on the

3

undersigned's time.  Henceforth for all depositions:

    1. Objections not as to form are not to be stated;

    2. Objections as to form are to be comprised of the word, "objection," and then the type of objection, e.g., leading, asked and answered, mischaracterizes the testimony, vague, etc. Any statement in the objection besides the foregoing shall automatically incur sanctions at the rate of $10.00 per word (including articles, prepositions, conjunctions etc. – i.e. *every word*).

    3. Instructions not to answer shall be made only for protection of privilege purposes, and shall be limited to a concise statement of the privilege, and an instruction not to answer.  Words or statements in addition to this shall result in the $10.00 per word sanction.

    4. *If* the *interrogating* party requests an explanation or clarification from opposing counsel, that explanation/clarification may be given by defending counsel; however, when interrogating counsel states that he/she is ready to continue questioning, all explanation/clarification shall cease.  Failure to cease explanation/clarification will subject defending counsel to the $10.00 penalty per word.

    5. If an interrogating counsel believes that sanctions should be paid for violations of these procedures, within ten calendar days of the preparation of the deposition transcript, he/she shall submit a sanction word count for each incident and the corresponding, pertinent parts of the deposition transcript.  The sanctions shall be totaled.  No further briefing is required.  If the potentially offending counsel agrees, the requested sanctions shall be paid to interrogating counsel within ten calendar days of the filing of the sanctions statement.  If the potentially offending counsel disagrees that this order has been violated, he/she shall file a not-to-exceed three page explanation.  The court will expeditiously rule on the sanctions request, and may impose additional sanctions for unreasonable responses.

    6. Any counsel who appears at deposition, but who is not on the present service list for this case, shall be apprised of, and subject to, this order.

\\\\\

1 | This order does not prohibit the filing of otherwise appropriate discovery
2 | motions/protective orders arising from violations, or potential violations, of discovery law,
3 | pursuant to normal procedures.
4 | IT IS SO ORDERED.
5 | DATED: December 8, 2008
6 | /s/ Gregory G. Hollows
7 | GREGORY G. HOLLOWS
  | UNITED STATES MAGISTRATE JUDGE
8 |
9 | johnson2046.ord