IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JOHNSON, <u>et al.</u>,<br><br>    Plaintiffs,<br><br>vs.<br><br>CLAIR R. COUTURIER, JR., <u>et al.</u>,<br><br>    Defendants. | 2:05-cv-02046-RRB-KJM<br><br>**<u>ORDER DENYING DEFENDANTS'<br>MOTION TO STAY PENDING APPEAL</u>** |

**I.   INTRODUCTION**

Before the Court are Defendants Clair R. Couturier, Robert E. Eddy and David R. Johanson ("Defendants") with a Motion (1) To Stay Proceedings Pending Appeal, or, Alternatively, (2) To Stay the September 26, 2008, Preliminary Injunction Pending Appeal, or Alternatively, (3) For an Interim Stay Until the Ninth Circuit Rules Upon a Motion to Stay (the "Motion")at Docket 486. The "appeal" to which this Motion refers is a Ninth Circuit appeal of the Court's September 26, 2008, Order which preliminarily enjoined the advancement of legal fees from TEOHC to the respective

Defendants. Defendants argue that such a stay would help "preserve the status quo" while the Ninth Circuit considers their appeal of the injunction.[1]

Plaintiffs Gregory Johnson, William Rodwell, Edward Rangel, Darleen Stanton and Kelly Morrell ("Plaintiffs") oppose at Docket 499, arguing that the arguments in favor of issuing the stay "have already been rejected" by this Court.[2]

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

In deciding whether to grant a stay pending appeal, a court must consider: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the

---

[1]    Docket 489 at 3.

[2]    Docket 499 at 5.

public interest lies.'"[3] Motion for a stay pending appeal will only be granted if the movant can show "'(1) a strong likelihood of success on the merits, [and] (2) the possibility of irreparable injury to [the movant] if preliminary relief is not granted'"[4] or "'serious legal questions are raised and that the balance of hardships tips sharply in [the movant's} favor.'"[5]

## III. DISCUSSION

For the Court to find that Defendants are "likely to succeed on the merits" of their appeal, the Court would have to effectively reverse the legal and factual determinations which it made at the time that the preliminary injunction was issued. Having reviewed the briefs submitted by both parties, the Court sees no need to revisit these issues. If the Court thought that the injunction were likely to be reversed, it would not have issued the order in the first place.

Therefore, the only way Defendants can succeed in their Motion to Stay is by showing that "'serious legal questions are

---

[3] Golden Gate Restaurant Ass'n v. City and County of San Francisco, 512 F.3d 1112, 1115 (9th Cir. 2008), quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

[4] Golden Gate at 1115-16, quoting Natural Res. Def. Council, Inc. v. Winter, 502 F.3d 859, 862 (9th Cir. 2007).

[5] Golden Gate at 1116, quoting Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983).

raised and that the balance of hardships tips sharply in [their] favor.'"[6] The Court finds that the legal questions raised by Defendants in their appeal are serious ones.

The question, then, is whether Defendants have shown that the balance of hardships tips sharply in their favor. The Court finds that it does not. The Court has already found that the injunction was necessary to prevent irreparable harm to the Plaintiffs, by preserving their best [and potentially only] source for equitable relief.[7] Therefore, a stay of the preliminary injunction itself is improper.

A stay of the entire proceeding pending appeal would arguably impose less of an injury on the Plaintiffs than would a stay of the injunction, because it would not extinguish the ESOP funds like the advancement of attorneys' fees would. However, even a temporary stay would impair the Plaintiffs' interest in having their claims adjudicated within a reasonable time, a hardship against which the Defendants' interest in concurrent payment of legal expenses must be balanced.  Both are significant interests.

---

[6]     Golden Gate at 1116, quoting Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983).

[7]     Docket 398 at 8.

ORDER DENYING MOTION TO
   STAY PENDING APPEAL - 4
2:05-CV-2046-RRB

After considering all of the above, the Court concludes that there is a rough parity between the parties regarding the stay. Therefore, Defendants have failed to carry the burden of showing that the balance of hardships tips "sharply" in their favor. A stay of the proceedings is therefore unwarranted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for a Stay at **Docket 486** is **DENIED.**

**IT IS SO ORDERED.**

ENTERED this 17th day of December, 2008.

/S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE