IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JOHNSON, et al.,<br><br>          Plaintiffs,<br>vs.<br><br>CLAIR R. COUTURIER, JR., et al.,<br><br>          Defendants. | 2:05-cv-02046-RRB-KJM<br><br>**ORDER DENYING PLAINTIFFS'<br>MOTION FOR LEAVE TO AMEND** |

**I.   Introduction**

Before the Court are Plaintiffs Gregory Johnson, William Rodwell, Edward Rangel, Kelly Morrell and Darleen Stanton ("Plaintiffs") with a Motion for Leave to File Instanter Supplemental Complaint, to Join New Party Defendant Bruce Couturier, and to Grant Temporary Restraining Order and Preliminary Injunction at Docket 483. The proposed supplemental complaint alleges ERISA violations by non-party Bruce Couturier, a former director. Plaintiffs claim that Bruce Couturier, in his capacity as a director of Noll Manufacturing Company, was a participant in the a scheme to defraud the company and the

1

employee stock ownership plan. This same alleged scheme also serves as the basis for Plaintiffs' claims against the present defendants to this action.

Pursuant to their proposed supplemental complaint, the Plaintiffs further requests that this Court "enjoin and stay the Arbitration presently pending by and between Bruce Couturier and TEOHC, and the Arbitrator's Interim Order, or in the alternative, order[] that Plaintiffs [...] be permitted to intervene in the Arbitration and protect their interests in Plan assets."[1] The Arbitration to which Plaintiffs refer concerns Bruce Couturier's post-employment compensation, which is based on an Executive Employment Agreement ("EEA") and an Incentive Stock Option agreement ("ISO"), both of which were approved shortly after Bruce Couturier's appointment to the company board in 2005.

By leave of Court, Bruce Couturier opposes the motion at Docket 523, arguing that leave to amend should not be granted because of undue delay, prejudice, bad faith, and the futility of amendment due to the "untenable" underlying claims.[2] Couturier also argues that Plaintiffs have failed to carry the requisite burden for a preliminary injunction.

The original complaint in this case was filed on October 11,

---

[1] Docket 483 at 17.

[2] Docket 523 at 11.

2005.[3] The Plaintiffs have amended their pleadings by leave of court on two occasions, most recently on April 9, 2007.[4] The present motion was filed on November 24, 2008.

## II. Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), parties may, by leave of court, amend their pleading after a responsive pleading has been filed. Rule 15(a)(2) specifically states that the Court "should freely give leave when justice so requires."[5] However, the Court "may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit."[6] Prejudice to the opposing party is "the most important factor."[7]

A district court's discretion to deny a motion for leave to amend "is particularly broad where, as here, a plaintiff

---

[3] Docket 1.

[4] Docket 150.

[5] Fed. R. Civ. Proc. 15(a)(2).

[6] Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990), citing Foman v. Davis, 371 U.S. 178, 182 (1962). See also Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991) ("Undue delay is a valid reason for denying leave to amend." (citation omitted)).

[7] Jackson at 1387, citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971).

previously has been granted leave to amend."[8]

**III. Discussion**

The Court has no need to address the merits of Plaintiffs' motion for a preliminary injunction because their Motion for Leave to Amend fails for reasons of undue delay and prejudice to Bruce Couturier.

    **A.   Plaintiffs Unduly Delayed in Bringing this Motion**

When ruling on a Motion to Amend under Rule 15(a)(2), a court should consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."[9] Bruce Couturier argues that Plaintiffs' Motion to Amend should be denied for reasons of undue delay because they "have provided absolutely no explanation why they did not name Bruce Couturier as a party in their original Complaint, First Amended Complaint, or Second Amended Complaint."[10] Specifically, Mr. Couturier claims that

> the thrust of the complaint against Bruce Couturier is that he improperly consented to the Indemnity Agreements in favor of the Individual Defendants. Since the parties have

---

[8]    Griggs v. Pace American Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999), citing Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir.1996) and Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir.1990).

[9]    Jackson at 1388.

[10]    Docket 523 at 5.

4

conducted voluminous discovery and extensively litigated the validity of these Indemnity Agreements, Plaintiffs were clearly aware that Mr. Bruce Couturier executed these documents, yet they delayed bringing any action against him for years.[11]

For their part Plaintiffs assert that their delay in bringing to Motion to Amend was justified because they "had no knowledge that Bruce Couturier made a demand for arbitration in February 2008 or that an arbitration proceeding was pending against TEOHC relating to Bruce Couturier's ISOs and EEAs until September 17, 2008."[12]

The proposed supplemental complaint adds two theories under which the Plaintiffs could obtain ERISA relief against Bruce Couturier. The first is that Bruce Couturier, as a member of the company board, violated his fiduciary duty to the employee stockholders by "executing the Indemnification Agreements and Mutual General Release in favor of the Individual Defendants, and by failing to object to the closing of his brother's enormous buyout transaction."[13] The second theory is that Bruce Couturier was unjustly enriched by the ISOs and EEAs that he received, allegedly in exchange for his approval of his brother's compensation and indemnification agreements.[14]

---

[11]   Docket 523 at 6.

[12]   Docket 531 at 6.

[13]   Docket 523-2 at 11.

[14]   Id.

5

The problem with Plaintiffs' motion is that they "knew or should have known the facts and theories raised by the amendment" by at least the early part of 2007. Obviously, Plaintiffs were aware of the board's approval of Clair Couturier's compensation package when they filed their complaint over three years ago. They were aware of the indemnification agreements at least as early as March 2007, when they received a letter from ESOP trustee David Heald informing them of the existence of those agreements.[15] Plaintiffs acknowledge that they saw Bruce Couturier's ISOs and EEAs in "early 2007".[16] Since the proposed supplemental complaint alleges a rather simple quid pro quo consisting of these agreements between Bruce Couturier and the individual defendants, there is no reason why the motion could not have been filed back in early 2007.

It is insufficient for Plaintiffs to argue that they simply were not aware that Bruce Couturier was going to seek compensation or pursue arbitration under these agreements. Under Plaintiffs' theory of the case, they would have had a claim against Bruce Couturier whether or not he sought compensation under the ISO or EEA. In any event, it was entirely foreseeable that Mr. Couturier might attempt to obtain compensation under his compensation agreements.

---

[15]   Docket 321-2 at 2-3.

[16]   Docket 531 at 9.

It is likewise unavailing for Plaintiffs to point out that "[o]nly after the Arbitrator denied Plaintiffs' request for intervention and ordered that intervention could only be determined by a court of competent jurisdiction, did Plaintiffs prepare and file their Supplemental Complaint against Bruce Couturier."[17] Bruce Couturier correctly notes that "whether or not Plaintiffs could intervene as Defendants in that private arbitration has absolutely no bearing on when they should have plead their affirmative claims for relief against Bruce Couturier as Plaintiffs in this federal court."[18]

Plaintiffs delayed bringing this motion for, at minimum, approximately a year and a half. Although there is no strict minimum for what constitutes undue delay, the Ninth Circuit has upheld a district court's denial of leave to amend for a delay of so little as eight months.[19] Given the lack of justification for the delay, the Court finds that Plaintiffs unduly delayed in bringing their motion for leave to amend.

**B.   Bruce Couturier Would Be Prejudiced by Amendment**

A finding of undue delay, taken alone, is generally insufficient for a denial of leave to amend; the Court must also

---

[17]   Docket 531 at 7.

[18]   Docket 523 at 6.

[19]   Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798-99 (9th Cir. 1991).

find that amendment would prejudice the non-moving party.[20]

Bruce Couturier raises a number of reasons why amendment of complaint at this stage in the proceedings would be prejudicial to him. Such reasons include but are not limited to 1) his inability to contest any of the numerous motions already ruled upon in this case; 2) the fact that so many crucial witnesses have been deposed without his participation, and 3) the fact that the parties have previously anticipated trying the case sometime this year, an event for which he is unprepared.

Whether or not the case goes to trial this year, there is no question that discovery is at an advanced stage; it would be extremely difficult and inconvenient for Mr. Couturier to catch up with all of the depositions already conducted in this case. Mr. Couturier's assertion that he has not been permitted to participate in motions practice up to this point is also well taken. While these problems might not be insurmountable, the prejudice is real and is not justified in light of Plaintiffs' delay in bringing this motion. Amendment of the complaint would therefore be unduly prejudicial to Bruce Couturier.

## IV.  Conclusion

For the foregoing reasons, Plaintiffs' Motion for Leave to

---

[20]  See Howey v. U.S., 481 F.2d 1187, 1190 (9th Cir. 1973), ("Unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint.").

File Instanter Supplemental Complaint, to Join New Party Defendant Bruce Couturier, and to Grant Temporary Restraining Order and Preliminary Injunction at Docket 483 is DENIED.

IT IS SO ORDERED

ENTERED this 3rd day of February, 2009

/S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE