IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY JOHNSON, et al.,

    Plaintiffs,  No. CIV S-05-2046 RRB GGH

  vs.

CLAIR COUTURIER, JR., et al.,

    Defendants.
_____/

ELAINE L. CHAO, Secretary of the United States Dept. Of Labor,  No. CIV S-08-2732 RRB GGH

    Plaintiff,

  vs.  ORDER

CLAIR R. COURTIER, JR., et al.,

    Defendants.
_____/

\\\\\
\\\\\
\\\\\
\\\\\

*Introduction and Summary*

On March 6, 2009, the undersigned issued an amended order[1] finding that TEOHC, the undisputed holder of the attorney-client privilege for the vast majority of the documents withheld pursuant to the attorney-client privilege, had waived any opposition to production because it had failed to establish the elements of the attorney-client privilege, and even if it had, TEOHC had, with one exception, totally failed to contest plaintiffs' assertion (factual and legal) of waiver of the privilege. The vast majority of withheld documents were ordered produced.

However, TEOHC had at least made an argument that the Roorda withheld documents, documents involving accountants' communications with attorneys for TEOHC and vice versa, were privileged on account of the intertwined nature of the accountant and attorney advice. These documents were excluded from the March 6 order. Also excluded were a subset of documents for which defendant Eddy continued to assert an attorney-client privilege, the "Campbell" documents. Eddy had at least made an argument that these documents were not subject to production, and we know that Campbell was Eddy's attorney for a time.[2]

*The TEOHC Roorda Documents*

The sum total TEOHC presentation on the issue of the Roorda accountant documents is as follows:

> The Companies [TEOHC] disagree with Plaintiff's arguments in section D to the extent that the Plaintiffs argue that the Roorda, Piquet and Bessee documents could not be subject to the attorney-client privilege because it is an accounting firm. Communications to which Roorda or others in the firm were a party may still be protected by the attorney-client privilege. The attorney-client privilege extends to "communications with third parties that are necessary to effectuate the client's consultation." See United States v. Chevron Texaco Corp., 241 F. Supp. 2d 1065, 1072 (N.D. Cal. 2002). Here, the Companies claimed the attorney-client

---

[1] The initial order, identical in substance to the amended order, was issued on March 4, 2009.

[2] The other individual defendants, Couturier and Johanson, disclaimed any right to invoke the attorney-client privilege for documents at issue in this motion.

2

> privilege with respect to communications in which its accountants were assisting attorneys or otherwise necessary to effectuate the provision of legal advice. As a result, the accountant's participation in the communications did not effectuate a waiver of the privilege.

Joint Statement at 65-66.

Plaintiffs, with citations to various exhibits, paint a picture of an attorney, Johanson, who, in 2001, was one of the two member Board of Directors for Noll Manufacturing with the other Noll director, Couturier, himself being appointed as the Noll ESOP trustee. Johanson was also was the attorney for the Noll ESOP as of 2000 and the Noll Manufacturing Company. After the Noll ESOP purchased all outstanding Noll shares (in accordance with the testamentary desires of Noll's founder), the Noll Board of Directors (ultimately, all two of them) were (1) the trustee of the Noll ESOP and (2) the attorney for both entities. The two Directors then fashioned their own "Incentive Compensation" agreements by which the Directors, and especially Couturier received "option shares" in Noll stock which plaintiffs allege unlawfully diluted the shares of the Noll ESOP shareholder/employees. Couturier was able to derive huge benefits later on when he was to retire and have his shares purchased by TEOHC. The court has only summarized the extensive factual development given by plaintiffs for the purpose of demonstrating plaintiffs' proffer of the crime-fraud and fiduciary exception to the attorney-client privilege, as well as the facts that attorney Johanson was acting in a corporate capacity, and not that of a legal advisor, when all the alleged fraud was consummated. The Roorda accountant documents reflect accounting performed in connection with transactions above which the plaintiffs attack as a fraud on the ESOP.

Plaintiffs have clearly set forth a prima facie case that the attorney-client privilege never existed due to the corporate activities of Johanson, the fiduciary "exception" to attorney-client privilege, or was waived on account of the crime-fraud exception, or all of them.

In contravention of the detailed factual presentation by plaintiffs, TEOHC presents – nothing. It merely argues that accountant documents *can be* subject to the attorney-

client privilege if needed by the attorney to give legal advice. But the argument-in-a-vacuum begs the issue of whether the attorney-client privilege could exist in *this* case for the accountant documents given the facts, or whether it was waived. The court has only the sufficient presentation of plaintiffs to the contrary.

There apparently exists a belief on the part of TEOHC (and perhaps all defendants for that matter) that the mere assertion of privilege and presentation of documents for *in camera* review is a sufficient opposition for this court to make all necessary factual determinations regarding the existence or waiver of the attorney-client privilege, or even determine the necessity for holding an evidentiary hearing. This is not the case. A review of documents *in camera* can at times reveal whether a privilege would exist on the face of the documents alone, but the documents by themselves, unless smoking guns, generally reveal little about the existence or lack thereof of the privilege because the purported attorney was acting in a business capacity, or a fiduciary duty exists which prevents privileged status, or the crime-fraud exception applies. At the very least, when the party seeking production presents a prima facie case requiring production of the allegedly privileged documents, the party opposing production must at least contest the factual proffer of the requesting party by proffering themselves *some facts in opposition* by way of the joint statement which would require the court to hold an evidentiary hearing. While TEOHC may not have the burden of proof on the asserted exceptions to the attorney-client privilege, and most assuredly the crime fraud-exception, it does have a burden of production. That burden is not met with silence.

Therefore, the court finds that plaintiffs have met their burden of demonstrating that the Roorda accountant documents are not privileged, or if so, the privilege has been waived. TEOHC has presented no reason for this court to hold an evidentiary hearing to contest that showing.

\\\\\
\\\\\

4

*The Eddy-Campbell Documents*

According to plaintiffs, when Couturier was attempting to cash out his substantial equity in the ESOP, and when he and Johanson were creating the TEOHC so that it could leverage all the Noll assets to fund the ESOP purchase, even Johanson and Couturier knew that, if only for appearances sake, a special ESOP trustee had to be appointed. Robert Eddy, an acquaintance of Johanson and a Wachovia stockbroker who, according to plaintiffs, hoped to further his Wachovia business by running money through Wachovia accounts, was that person appointed. William Campbell was selected as the attorney for the Special Trustee. Eddy asserts privilege over those documents which reflect communications with his attorney, Campbell.

Unlike the situation above with TEOHC, Eddy takes issue with the factual sufficiency of plaintiffs' presentation vis-a-vis his relationship with Campbell that the fiduciary exception would exist, or that Eddy's relationship with Campbell was part of a crime-fraud. Eddy asserts, citing United States v. Mett, 178 F.3d 1058 (9th Cir. 1999), that while a fiduciary cannot assert privilege on matters of plan administration in a suit by beneficiaries, a fiduciary remains entitled to assert an attorney-client privilege pertaining to the trustee's own fiduciary duties. The former unprivileged situation relates to the day-to-day functioning of the plan and the latter privileged situation to the ethical obligations of the trustee.

The undersigned has considerable doubt that Eddy's communications with TEOHC, Couturier and/or Johanson, and others besides Campbell, can survive the fiduciary exception. On the other hand, communications to and from Campbell/Eddy would appear to be outside the fiduciary exception. At this point, other than the context of Eddy's appointment and the asserted purpose for which it was effectuated – get Couturier as much retirement money as possible while utilizing Eddy's Wachovia business – plaintiffs have adduced little in the way of specific facts which would show that Campbell's advice to Eddy, and Eddy's communications to Campbell, were in furtherance of a crime or fraud.

\\\\\

In any event, the undersigned desires oral argument on this matter of the Eddy documents which remain subject to Eddy's assertion of privilege. Counsel for plaintiffs and Eddy shall meet and confer, and then contact the undersigned's courtroom deputy to schedule the argument as soon as possible. Eddy shall bring to court all documents for which privilege is asserted for possible *in camera* examination by the court.

*Conclusion*

Accordingly, TEOHC shall produce within ten days the Roorda documents, except to the extent that Eddy has expressly asserted, and maintains his assertion of, privilege to specific Roorda documents;

The court will hear oral argument regarding the Eddy documents as set forth above.

DATED: March 10, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

johnson2046.ord3