# Exhibit A

Juli E. Farris (SBN 141716)
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
jfarris@kellerrohrback.com

Matthew Righetti (SBN 121012)
RIGHETTI LAW FIRM, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 983-0900
Facsimile: (415) 397-9005

Attorneys for Plaintiffs
*Additional Counsel on Signature Page*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| GREGORY JOHNSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CLAIR R. COUTURIER, JR., et al., <br><br> Defendants, | No. 2:05-cv-02046 RRB KJM <br> (Lead Case-Consolidated) <br><br> **PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CLAIR R. COUTURIER** |
| DARLEEN STANTON, <br><br> Plaintiff, <br><br> v. <br><br> CLAIR R. COUTURIER, JR., et al. <br><br> Defendants. | No. 2:07-CV-01208 WBS-JFM <br><br> (Consolidated under <br> 2:05-CV-02046 RRB KJM) |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby submit the following Request for Production of Documents to Defendant Clair R. Couturier, to be answered and responded to in writing and under oath within thirty (30) days after service hereof. It is understood that these Requests for Production of Documents shall be of a continuing nature and must be supplemented as soon as new or additional information is available, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. Defendant's responses and answers should be delivered within the time period set forth above to the offices of Keller Rohrback, PLC, 3101 North Central Avenue, Suite 1400, Phoenix, Arizona 85012.

## INSTRUCTIONS FOR ANSWERING

1. The requests for production of documents are to be responded in writing. As to each separate request, if Defendant fails or neglects to produce any requested item, for any reason, Defendant shall state the date on which such document was made, from whom, and to whom the document was directed, and a description of the substance of the document so that it can be identified for an *in camera* inspection. Defendant shall also state with specificity the precise objection as to the reason under the Federal Rules of Civil Procedure for which Defendant claims the right to withhold such document or item.

2. Unless otherwise specified, the relevant time period for each of the requests herein is January 1, 1999 through the present date.

3. Each and every interrogatory herein propounded shall be, and is hereby deemed sustaining and continuing so as to require supplemental answers in writing, under

oath, as to any and all further information obtained by Defendant, their agents, representatives or attorneys.

4. Answers to interrogatories must be made by one competent to testify at the time of trial and the information sought is to be related in the answers hereto based on facts obtainable by Defendant, his agents, representatives or attorneys or any other person used as a source of information from which answers to these interrogatories are drawn.

5. For any answer given which states an objection to the interrogatories on any grounds, state completely. If the interrogatory is only partly objectionable, answer the remainder of the interrogatory as required by these instructions.

6. If, in response to an interrogatory, Defendant refuses to provide the requested information based on a claim or privilege, provide a privilege log describing the nature of the document, communication or information not provided in a manner that, without revealing information itself privileged, will enable Plaintiffs to assess the applicability of the claimed privilege.

## DEFINITIONS

A. "NOLL" means Noll Manufacturing Company and its divisions including, but not limited to, Northwest Metal Products Company ("Norwesco") and General Metal Craft Company ("General Metal"), their past or present agents, officers, attorneys, directors, representatives, employees, and anyone acting with authority from or on behalf of any of the foregoing.

B. "NOLL ESOP" means the trust established pursuant to and implementing the Noll Manufacturing Company Employee Stock Ownership Plan and Trust, as

it has from time to time been amended, its present or past trustees, trust administrators, agents, officers, attorneys, directors, representatives, and employees, and anyone acting with authority from or on behalf of any of the foregoing. "ESOP" as defined herein includes the Noll ESOT.

C. "TEOHC" means The Employee Ownership Holding Corporation, and its subsidiaries and/or divisions, their past or present agents, officers, attorneys, directors, representatives, employees, and anyone acting with authority from or on behalf of any of the foregoing.

D. "TEOHC ESOP" means the trust established pursuant to and implementing the TEOHC Employee Stock Ownership Plan and Trust, as it has from time to time been amended, its present or past trustees, trust administrators, agents, officers, attorneys, directors, representatives, and employees, and anyone acting with authority from or on behalf of any of the foregoing. "ESOP" as defined herein includes the TEOHC ESOT.

E. "N&NW" means N&NW Holding Company, and its subsidiaries and/or divisions, their past or present agents, officers, attorneys, directors, representatives, employees, and anyone acting with authority from or on behalf of any of the foregoing.

F. "COUTURIER" means Defendant Clair R. Couturier, Jr., his past or present agents, attorneys and representatives, or anyone acting with authority from or on behalf of any of the foregoing.

G. "JOHANSON" means Defendant David R. Johanson, his past or present agents, attorneys and representatives, or anyone acting with authority from or on behalf of any of the foregoing.

H. "JOHANSON BERENSON LLP" means the law firm of the same name and any past or present agents, attorneys and representatives or anyone acting with authority from or on behalf of any of the foregoing.

I. "EDDY" means Defendant Robert E. Eddy, his past or present agents, attorneys and representatives, or anyone acting with authority from or on behalf of any of the foregoing.

J. "SYNTHETIC EQUITY" means all equity or equity-like interests granted by the Noll or N&NW Board of Directors to Couturier.

K. "DOCUMENTS" means all originals of any nature whatsoever, identical copies and all non-identical copies thereof pertaining to any medium upon which intelligence or information is recorded in your possession, custody, or control, regardless of where located; including, but not limited to, minutes, notes, comments, worksheets, summaries, records or other reports concerning meetings, conferences, visits, surveys, inspections, statements, interviews or telephone conversations; inter-office and intra-office memoranda and electronic mail (e-mail); books, manuals, pamphlets, bulletins, circulars, instructions, work papers, transcripts, reports, memoranda, summaries, studies, analyses, evaluations, invoices, contracts, purchase agreements, deeds, promissory notes, mortgages, journal logs, files, statistical records, diaries, calendars, travel and telephone logs, and appointment books, correspondence

and telegrams, envelopes and other wrappers and packaging; graphs, charts and maps; transcripts of verbal testimony or statements; checks, check stubs and money orders, travel vouchers, receipts, returns; reports of experts; affidavits; balance sheets, profit and loss statements, books of account, statements of account, and other financial data; financial data, analyses, statistical and other forecasts, projections or budgets; teletypes, telefax; printouts or other stored information from computers or other information retrieval systems; photographic matter or sound reproduction, however produced or reproduced, including, but not limited to, photographs, microfiche, microfilm, videotapes, recordings, motion pictures, cassettes, and discs; and any other written, printed, recorded or graphic matter.

Documents in your control include those documents in the possession of your attorneys, accountants or agents. The term "document" shall also be construed so as to include in each document request a request for every document that revises, amends, changes, modifies, supersedes, replaces or otherwise alters any document identified.

L. "RELATING TO" or "RELATED TO" means any document that, in whole or in part, constitutes, contains, embodies, reflects, identifies, states, refers to, pertains, or is in any way relevant to that given subject.

M. "COMMUNICATIONS" includes, but is not limited to, oral discussions, statements, conversations, memoranda, e-mail, notations, letters, notices or any documents.

N. The terms "YOU" and "YOUR" refer to the particular Defendant COUTURIER.

O. The word "IDENTIFY" when used with respect to a person, means to state the following with respect to that person: name, present or last known address and telephone number, and title and position within company if relevant. The word "IDENTIFY" when used with respect to a corporation or other entity, means to state the following with respect to that entity: the full legal name of the entity, the state of incorporation or organization and the business purpose of that entity. The word "IDENTIFY" when used with respect to a document, means to state the following with respect to that document:

    (1) The nature and substance of the writing with sufficient particularity to enable the same to be precisely identified;

    (2) The date or approximate date on which the writing was prepared;

    (3) The identify of each person who wrote, signed, initialed, dictated or otherwise participated in the preparation of the writing;

    (4) The identity of each person to whom the writing was sent or addressed;

    (5) The identity of that person having custody of that writing;

    (6) If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, the date thereof, identify the person or persons responsible for such disposition and the policy rule, order, or other authority by which such disposition was made;

(7) For documents which you had access to, but which were not and are not in your possession, custody or control, set forth in addition to the information indicated above, the circumstances under which you had access to the document.

## DOCUMENTS TO BE PRODUCED

1. All documents reflecting all investments by or on behalf of Defendant Couturier with respect to the $26 million originally deposited into the Couturier IRA account at Pensco Trust from July 1, 2004, through present date.

2. All documents reflecting all profits or losses generated from any investments of the $26 million originally deposited into the Couturier IRA account at Pensco Trust from July 1, 2004, through present date.

3. All agreements and deeds relating to the sale or transfer of any equity or mortgage interest in 113 Wanish Place, Palm Desert, California, by Clair R. Couturier and/or Vicki Couturier, as seller or transferor from January 1, 2007, to present date.

DATED: September 4, 2008.

| | |
|---|---|
| KELLER ROHRBACK, P.L.C.<br>By: /s/ Gary D. Greenwald<br>Ron Kilgard<br>Gary A. Gotto<br>Gary D. Greenwald<br>3101 North Central Avenue, Suite 1400<br>Phoenix, Arizona 85012 | SHAYNE NICHOLS, LLC<br>Stanley H. Shayne<br>Two Miranova Place, Suite 220<br>Columbus, Ohio 43215 |
| KELLER ROHRBACK, L.L.P.<br>Juli E. Farris<br>1201 Third Avenue, Suite 3200<br>Seattle, Washington 98101 | DEVINE, MARKOVITS & SNYDER, LLP<br>Terence J. Devine<br>52 Corporate Circle<br>Albany, New York 12203 |
| | RIGHETTI LAW FIRM, P.C.<br>Matthew Righetti<br>456 Montgomery Street, Suite 1400<br>San Francisco, California 94104 |
| Attorneys for Plaintiffs Johnson, Rangel, Morrell, and Stanton | Attorneys for Plaintiff Rodwell |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on **September 4, 2008, Plaintiffs' Third Set of Request for Production of Documents to Defendant Clair R. Couturier** was be sent by email to all parties listed below.

Theodore M. Becker
Julie A. Govreau
Julia Y. Trankiem
Morgan, Lewis & Bockius LLP.
77 West Wacker Drive
Chicago, Illinois 60601
Attorneys for Defendant Couturier

Donald Patrick Sullivan
M. Michael Cole
Morgan Lewis and Bockius LLP
Spear Street Tower
One Market Street, Suite 28
San Francisco, California 94105
Attorneys for Defendant Couturier

M. Taylor Florence
Robert B. Miller
Katherine Somervell
Kevin A. Hughey
Bullivant Houser Bailey PC
1415 L Street, Suite 1000
Sacramento, California 95814
Attorneys for Defendant The Employee Ownership Holding Company Inc.
Employee Stock Ownership Plan and Trust

Katherine Somervell
Robert B. Miller
Bullivant Houser Bailey
300 Pioneer Tower
888 SW Fifth Street
Portland, Oregon 97204
Attorneys for Defendant Noll Manufacturing Company
Employee Stock Ownership Plan and Trust

```
1    Cynthia J. Larsen
     Stacy Erin Don
2    Orrick Herrington & Sutcliffe LLP
     400 Capitol Mall, Suite 3000
3    Sacramento, California 95814
     Attorneys for Defendant
4         The Employee Ownership Holding Company, Inc.

5
     Christopher J. Rillo
6    Lars C. Golumbic
     Dipal A. Shah
7    Groom Law Group Chartered
     1701 Pennsylvania Avenue, NW
8    Washington, D.C. 20006
     Attorneys for Defendant Johanson
9

10   Natalie P. Vance
     Jason W. Schaff
11   Klinedinst PC
     801 K Street, Suite 2800
12   Sacramento, California 95814
     Attorneys for Defendant Johanson Berenson, LLP
13
     Lois O. Rosenbaum
14   Timothy W. Snider
     Stoel Rives LLP
15   900 S.W. 5th Avenue, Suite 2600
     Portland, Oregon 97204-1268
16   Attorneys for Defendant Eddy

17
     Erick C. Howard
18   Shartsis Friese LLP
     One Maritime Plaza, 18th Floor
19   San Francisco, California 94111
     Attorneys for Defendant Pensco, Inc.
20

21
     Ron Kilgard
22   Gary A. Gotto
     Gary D. Greenwald
23   Keller Rohrback PLC
     3101 North Central Avenue, Suite 1400
24   Phoenix, Arizona 85012
     Attorneys for Plaintiffs Johnson, Rangel, Morrell and Stanton
25

26
```

| | |
|---|---|
| 1 | Juli E. Farris |
|  | Keller Rohrback LLP |
| 2 | 1201 Third Avenue, Suite 3200 |
|  | Seattle, Washington 98101 |
| 3 | Attorneys for Plaintiffs Johnson, Rangel, Morrell and Stanton |
| 4 | |
|  | Stanley H. Shayne |
| 5 | Shayne Nichols LLC |
|  | Two Miranova Place, Suite 220 |
| 6 | Columbus, Ohio 43215 |
|  | Attorneys for Plaintiff Rodwell |
| 7 | |
|  | Terence J. Devine |
| 8 | Devine, Markovits & Snyder, LLP |
|  | 52 Corporate Circle |
| 9 | Albany, New York 12203 |
| 10 | Attorneys for Plaintiff Rodwell |
| 11 | Matthew Righetti |
|  | Righetti Law Firm PC |
| 12 | 456 Montgomery Street, Suite 1400 |
|  | San Francisco, California 94104 |
| 13 | Attorneys for Plaintiff Rodwell |

By:   /s/ Gary D. Greenwald