IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY JOHNSON, et al.,

    Plaintiffs,       No. CIV S-05-2046 RRB GGH

    vs.

CLAIR COUTURIER, JR., et al.,

    Defendants.       ORDER

_____/

BACKGROUND

Presently before this court are documents submitted by defendant Pensco, Inc. for *in camera* review based on a January 18, 2008 order issued by Judge Mueller, the former magistrate judge assigned to this case. In that order, Judge Mueller ruled on plaintiff's motion to compel production of documents. The court granted the motion to compel, requiring responsive documents to be produced within fifteen days. In regard to request number 5, the court ruled that "communications after June 8, 2006 may be withheld for the time being under the joint defense privilege; within fifteen days any documents withheld on that basis shall be submitted to the court for in camera review. Said submission shall be accompanied by a privilege log, which will be served on all parties." (dkt. #268.) The documents were submitted to the undersigned on November 26, 2008, but this court did not immediately rule on disclosure of the documents due

to a pending appeal to the Ninth Circuit Court of Appeals, and a motion for stay of proceedings pending appeal. The court, having refocused on this matter, has now reviewed the documents and issues the following order.

DISCUSSION

Defendants Pensco and Couturier have asserted the joint defense privilege over the documents submitted for review.

"The joint defense and common interest doctrines are not privileges in and of themselves. Rather, they constitute exceptions to the rule on waiver where communications are disclosed to third parties." Nidec Corp. v. Victor Company of Japan, 249 F.R.D. 575, 578 (N.D. Cal. 2007). The common interest doctrine "applies where (1) the communication is made by separate parties in the course of a matter of common [legal] interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." United States v. Bergonzi, 216 F.R.D. 487, 495 (N. D. Cal. 2003). "The 'common interest' rule protects communications made when a nonparty sharing the client's interests is present at a confidential communication between attorney and client." United States v. Zolin, 809 F.2d 1411, 1415 (9th Cir. 1987), *overruled on other grounds by* United States v. Jose, 131 F.3d 1325 (9th Cir. 1997)[1]; United States v. Gotti, 771 F. Supp. 535, 545 (E.D. N.Y. 1991). See also United States v. Austin, 416 F.3d 1016, 1019 (9th Cir. 2005) (finding joint defense privilege inapplicable where conversations between defendants made outside counsel's presence). Furthermore, merely because co-parties may reiterate statements previously confided to their attorneys does not render them protected. The statements must be confidential communications between the client and the attorney. Schachar v. American Academy of Opthalmology, 106 F.R.D. 187, 192 (N.D. Ill. 1985).

---

[1] Zolin has a checkered history indeed. After the panel decision was issued, the panel granted rehearing and vacated its opinion (832 F.2d 127); thereafter, the Ninth Circuit, en banc, vacated the panel's order (842 F.2d 1135). The Supreme Court granted certiorari and affirmed in part and vacated in part the original panel decision, United States v. Zolin, 491 U.S. 554 (1989).

1    The original discovery request propounded by plaintiffs was to provide
2    "communications between counsel for Pensco and counsel for Couturier in connection with any
3    Couturier IRA account...." Joint Stmt. filed January 11, 2008, at 21.
4    The court has reviewed the 65 pages of documents submitted by defendant Pensco
5    for *in camera* review and has determined that the relevant documents are protected by the joint
6    defense privilege.  These documents contain information which is attorney-client privileged, and
7    which has been disseminated to co-defendants based on a common legal interest, albeit
8    somewhat contentious at times.[2]
9    Accordingly, IT IS ORDERED that plaintiffs' motion to compel, filed December
10   19, 2007 (#260), is denied with respect to documents submitted for *in camera* review in response
11   to request number 5.[3]

12   DATED: 06/11/09                                    /s/ Gregory G. Hollows

                                                        _____
                                                        GREGORY G. HOLLOWS
                                                        U. S. MAGISTRATE JUDGE

GGH:076/Johnson2046.IC.wpd

---

[2] A number of pages do not contain material protected by this privilege but the material on these pages is so totally lacking in relevance to the issues in this litigation as to be of no use whatsoever in this litigation.

[3] Documents will be returned to counsel for Pensco by standard mail concurrently with the issuance of this order.