IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JOHNSON, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CLAIR R. COUTURIER, JR., et al., <br><br> Defendants. | 2:05-cv-02046-RRB-KJM <br><br> **ORDER RE PENDING MOTIONS** |

Before the Court are Plaintiffs Gregory Johnson, William Rodwell, Edward Rangel, Kelly Morrell, and Darleen Stanton with a motion at **Docket 548** to hold Defendant Clair Couturier, Jr. in contempt and to schedule a trial date. The contempt motion stems from a dispute between the parties regarding the scope of the Court's October 24, 2008, Preliminary Injunction, which required, in part, that Couturier make an accounting of certain assets he received in the form of executive compensation. Plaintiffs believe that Couturier's disclosures have been insufficient and seek further disclosures, including "all of the information itemized in

the Show Cause Order dated October 16, 2008 (Dkt. 408)".[1] Couturier believes that his submissions are sufficient to comply with the Court's October 24, 2008, Order.

After reviewing the correspondence between the parties, it is apparent that the parties had agreed in principle that Couturier would submit the additional information to Plaintiffs under a protective order. The proposed protective order would allow Plaintiffs' counsel to contact financial institutions mentioned in the accounting disclosures, either with consent of Couturier's counsel or with approval of the Magistrate Judge. The only remaining dispute between the parties was whether the parties must waive their right to appeal the Magistrate Judge's decisions to the District Court judge.

The Court finds that there are not sufficient grounds for a contempt order. This appears to be more or less a good faith dispute about the extent of the Preliminary Injunction. By way of clarification, the Court finds that the additional information sought by Plaintiffs is subject to disclosure under the October 2008 Preliminary Injunction. However, the Court will not require Couturier to disclose the information without a protective order. Therefore, the parties are hereby ordered to jointly submit

---

[1]     Docket 548 at 2.

a proposed protective order to the Court on or before **July 10, 2009.** In order to resolve the outstanding dispute between the parties, the Court hereby rules that the protective order should not require the parties to waive their right to appeal the Magistrate Judge's decisions regarding contact between Plaintiffs and the financial institutions named in the accounting documents.

With regard to Plaintiffs' motion to schedule trial, that motion is rendered moot by the Court's scheduling of a trial setting conference on Thursday, July 16, 2009. For the same reason, Couturier's Motion to Strike Plaintiff's Motion to Set Trial Date at Docket 559 is moot.

Plaintiffs' Motion to Hold Defendant Clair Couturier in Contempt at Docket **548** is **DENIED**. Plaintiffs' Motion to Schedule Trial at Docket **548** is **DENIED** as moot. Defendant Couturier's Motion to Strike at Docket **559** is likewise **DENIED** as moot. The parties are hereby ordered to jointly submit a proposed protective order as outlined above by **July 10, 2009.**

ENTERED this 29th day of June, 2009.

```
                    S/RALPH R. BEISTLINE
                    UNITED STATES DISTRICT JUDGE
```

ORDER RE PENDING MOTIONS - 3
2:05-CV-2046-RRB