MORGAN, LEWIS & BOCKIUS LLP
THEODORE M. BECKER, admitted *pro hac vice*
77 West Wacker Drive
Chicago, IL 60601-5094
Tel: 312.324.1000
Fax: 312.324.1001

MORGAN, LEWIS & BOCKIUS LLP
JOSEPH E. FLOREN, State Bar No. 168292
ELIZABETH A. FROHLICH, State Bar No. 195454
MATTHEW S. WEILER, State Bar No. 236052
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendant
CLAIR R. COUTURIER, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JOHNSON, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CLAIR R. COUTURIER, JR., et al.,<br><br>Defendants. | Case No. 2:05-cv-02046 RRB KJM<br>(Lead Case—Consolidated)<br><br>■■■■■ STIPULATED PROTECTIVE ORDER |
| DARLEEN STANTON,<br><br>Plaintiff,<br><br>vs.<br><br>CLAIR R. COUTURIER, JR., et al.,<br><br>Defendants. | |

Plaintiffs Gregory Johnson, William Rodwell, Edward Rangel, Kelly Morrell, and Darleen Stanton ("Plaintiffs"), Defendant Clair R. Couturier, Jr. ("Mr. Couturier"), and Defendant Pensco, Inc. ("Pensco") submit this Stipulated Protective Order in accordance with the Court's Order of

1  June 30, 2009 (Dkt. 573).

2  Counsel of record for Plaintiffs, Mr. Couturier and Pensco having stipulated and agreed, on behalf of their respective clients, to the entry of this Protective Order, the Court, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 83-143, hereby enters this Protective Order as follows:

1.   This Order protects the confidentiality and limits the disclosure of HIGHLY CONFIDENTIAL MATERIAL, consisting of documents, discovery and information in any other form or media, which Mr. Couturier believes in good faith contains or constitutes personal information relating to Mr. Couturier and his family found in documents comprising or relating to financial records, and is therefore protected under applicable law.

2.   Mr. Couturier or his counsel of record may designate HIGHLY CONFIDENTIAL MATERIAL for protection under this Order by the means set forth below:

    a.   Stamping or inscribing on documents, discovery or other materials the words "HIGHLY CONFIDENTIAL."

    b.   Designating portions of a deposition or hearing transcript or exhibits as HIGHLY CONFIDENTIAL either during the deposition or hearing or within 30 days thereafter.

3.   The following information and documents, produced prior to the entry of this Order, are hereby designated as HIGHLY CONFIDENTIAL MATERIAL and protected by this Order:

    a.   Information in and relating to the accounting spreadsheets submitted to Plaintiffs' counsel on December 19, 2008 and January 19, 2009;

    b.   All documents produced by Pensco.

4.   This Order protects the confidentiality of all HIGHLY CONFIDENTIAL MATERIAL and strictly limits its disclosure. All HIGHLY CONFIDENTIAL MATERIAL shall

be used only for the purposes of this litigation, shall not be used for any other purpose or function, and shall not be disclosed to anyone except:

    a.    All counsel for Plaintiffs;

    b.    Certified court reporters involved in taking testimony in this action;

    c.    The Court and any person employed by the Court whose duties require access;

    d.    Any expert witness for Plaintiffs that requires such information to testify in the reasonable judgment of Plaintiffs, provided they agree to and sign the Certification attached hereto as Exhibit A;

    f.    Any professional providers of accounting services for Mr. Couturier who is designated to testify in this case as to Mr. Couturier's finances; and

    g.    Any other person permitted by order of the Court or to whom counsel of record for Mr. Couturier agrees in writing.

5.    Nothing contained in this Order shall apply to the handling of HIGHLY CONFIDENTIAL MATERIAL by Mr. Couturier or his counsel.

6.    Without written permission of counsel of record for Mr. Couturier or an order of this Court secured after appropriate notice to all interested persons, a party may not file in the public record any HIGHLY CONFIDENTIAL MATERIAL, or refer to any HIGHLY CONFIDENTIAL MATERIAL or information derived therefrom, in pleadings, briefs, memoranda, hearings, depositions, exhibits, answers to interrogatories, or in any other format or by any other means. If a party seeks to file any HIGHLY CONFIDENTIAL MATERIAL with the Court, the party must seek to do so under seal pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, including Local Rule 39-141.

7.    Plaintiffs may challenge a designation of material as "HIGHLY CONFIDENTIAL" by serving a written objection, whereupon the parties shall confer in good faith as to the validity of the designation. To the extent the parties are unable to reach an agreement as to the designation, Plaintiffs may file an appropriate application or motion with this

Court requesting that specifically identified material be excluded from the provisions of this Order, within twenty (20) court days after serving their written objection, with appropriate notice to all interested persons, with the disputed material to be maintained under seal. Until the parties or the Court finally resolves a dispute over the designation, all parties and persons shall treat the disputed material as HIGHLY CONFIDENTIAL MATERIAL subject to this Order.

8. Absent written permission of counsel for Mr. Couturier or further order of the Court, the provisions of this Order shall continue to be binding throughout and after the conclusion of this litigation, including without limitation during any appeals, except as set forth in Paragraph 13 herein. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this litigation, including any appeals, except as set forth in Paragraph 13 herein, all persons having received HIGHLY CONFIDENTIAL MATERIAL, including all persons identified in Paragraph 4 of this Order, shall at each such person's own option, either return all HIGHLY CONFIDENTIAL MATERIAL and all copies thereof (including summaries and excerpts) to counsel for Mr. Couturier, or make a sworn declaration that all HIGHLY CONFIDENTIAL MATERIAL and copies thereof have been destroyed.

9. In the event that any HIGHLY CONFIDENTIAL MATERIAL is used in any court proceeding in this litigation or any appeal, through such use the HIGHLY CONFIDENTIAL MATERIAL shall not lose its protected status under this Order. Counsel for the parties shall confer in an effort to reach agreement upon such procedures as are necessary to protect the confidentiality of any HIGHLY CONFIDENTIAL MATERIAL used in the course of any court proceedings, and shall request this Court to enter appropriate orders.

10. Plaintiffs and their counsel shall not contact any financial institutions, accounting firms, brokerage firms, financial advisors, or other persons or entities mentioned in HIGHLY CONFIDENTIAL MATERIAL, unless authorized to do so in writing by counsel of record for Mr. Couturier or by Order of the Magistrate Judge secured after notice to all appropriate parties, subject to the following conditions:

      A.      Nothing herein limits in any way Plaintiffs' right to depose any representative of Roorda, Piquet & Bessee, or any accounting firm that performed any accounting services for Noll, N&NW, and/or TEOHC prior to April 2007;

      B.      Nothing herein limits Plaintiffs' right to subpoena to testify at trial any person or entity mentioned in HIGHLY CONFIDENTIAL MATERIAL subject to Mr. Couturier's or the subpoenaed person's or entity's right to object to such subpoena; and

      C.      Mr. Couturier shall cooperate in good faith with Plaintiffs' counsel in the future to provide information and/or documents responsive to their inquiries so as to make it unnecessary to petition the Magistrate Judge for permission to contact any of the financial institutions.

      D.      Mr. Couturier shall be entitled to appeal any ruling by the Magistrate Judge regarding whether Plaintiffs are entitled to contact financial institutions.

11.    Nothing in this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other material as that party may consider appropriate.

12.    No part of the restrictions imposed by this Order may be terminated, except by the written stipulation executed by counsel of record for Mr. Couturier, or by an Order of this Court for good cause shown. The termination of this action shall not terminate the effect of this Order.

13.    In the event that the Court enters a judgment in favor of Plaintiffs and against Mr. Couturier, granting a constructive trust against the assets which Mr. Couturier received from Noll, N&NW, and/or TEOHC, pursuant to the Agreement and Plan of Merger, the Amended Agreement and Plan of Merger, and any subsequent agreements in conjunction therewith, Plaintiffs' counsel shall be entitled to retain any documents classified as HIGHLY

- 5 -

CONFIDENTIAL MATERIAL and produced by Mr. Couturier pursuant to this Protective Order, relating to such constructive trust assets, for the purpose of utilizing such documents in any post-judgment collection efforts subject to this Protective Order, even if these efforts should exceed the 60-day period mentioned in Paragraph 8; provided that Plaintiffs' counsel shall return or destroy all such documents at the conclusion of post judgment collection efforts.

14. In the event Plaintiffs prevail and obtain judgment against Mr. Couturier, nothing herein shall preclude Plaintiffs from undertaking any post-judgment collection actions, including against any financial institutions reasonably believed to be in possession of the constructive trust assets or such other assets of Mr. Couturier, subject to all the terms and conditions of this Protective Order, except that in the event the judgment is not stayed by order of court or the posting of bond, Plaintiffs will not be required, post-judgment, to obtain the consent of Mr. Couturier or order of court in order to undertake post-judgment collection actions against such financial institutions.

15. Nothing in the Protective Order shall prevent Mr. Couturier from appealing any judgment or order entered by any court or from seeking a stay of any judgment or order in any court.

16. Nothing in this Protective Order shall prevent Mr. Couturier from seeking, pre- or post-judgment, further protection from any court for any documents or information.

IT IS SO STIPULATED:

DATED:   July 10, 2009         MORGAN LEWIS & BOCKIUS LLP

By: /s/ *Theodore M. Becker*
Theodore M. Becker
Attorneys for Defendant
CLAIR R. COUTURIER, JR.

DATED:   July 10, 2009         SHARTSIS FRIESE LLP

- 6 -

DB1/63220534.3

CASE NO. 2:05-CV-02046-RRB-KJM
[PROPOSED] STIPULATED PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | | By: /s/ Mary Jo Shartsis |
| 2 | | Mary Jo Shartsis<br>Attorneys for Defendant |
| 3 | | PENSCO, INC. |
| 4 | DATED: July 10, 2009 | KELLER ROHRBACK PLC |
| 5 | | |
| 6 | | By: /s/ Gary Greenwald |
| 7 | | Gary Greenwald<br>Attorneys for Plaintiffs |
| 8 | | GREGORY JOHNSON, EDWARD RANGEL,<br>KELLY MORRELL and DARLEEN STANTON |


---

1   By: /s/ Mary Jo Shartsis
2       Mary Jo Shartsis
        Attorneys for Defendant
3       PENSCO, INC.

4   DATED: July 10, 2009    KELLER ROHRBACK PLC
5

6   By: /s/ Gary Greenwald
        Gary Greenwald
7       Attorneys for Plaintiffs
        GREGORY JOHNSON, EDWARD RANGEL,
8       KELLY MORRELL and DARLEEN STANTON
9

10  DATED: July 10, 2009    RIGHETTI LAW FIRM, PC
11

12  By: /s/Matthew Righetti
        Matthew Righetti
13      Attorneys for Plaintiff
        WILLIAM RODWELL
14

15  DATED: July 10, 2009    DEVINE, MARKOVITS & SNYDER, LLP
16

17  By: /s/ Terence J. Devine
        Terence J. Devine
18      Attorneys for Plaintiff
        WILLIAM RODWELL
19

20
21  DATED: July 10, 2009    SHAYNE NICHOLS, LLC

22
23  By: /s/ Stanley H. Shayne
        Stanley H. Shayne
        Attorneys for Plaintiff
24      WILLIAM RODWELL

25

26  DATED: July 10, 2009    SHAPIRO BUCHMAN
27                          PROVINE & PATTON, LLP

28                          - 7 -

DB1/63220534.3

1

2                                 By:  */s/ Stephen C. Seto*

3                                       Stephen C. Seto
                                       Attorneys for Plaintiff

4                                         GREGORY JOHNSON

5

6  IT IS SO ORDERED:

7  DATE: July 13, 2009   By: *[signature]*

8                                         Hon. Ralph R. Beistline
                                       UNITED STATES DISTRICT JUDGE

- 8 -

# EXHIBIT A

# CERTIFICATION

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order filed in the case of *Johnson, et al. v. Couturier, et al.*, No. 2:05-cv-02046 RRB KJM (E.D. Cal.). I agree to comply with and to be bound by all the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions in the nature of contempt. I solemnly promise that I will not disclose in any manner any documents or information that are subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.

Executed this ___ day of _____, 20 __, at _____.

Printed name: _____

Signature: _____