IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY JOHNSON, et al.,

        Plaintiffs,                  No. CIV S-05-2046 RRB GGH

    vs.

CLAIR COUTURIER, JR., et al.,

        Defendants.              ORDER

_____/

        Presently before the court are plaintiffs' motion for an order extending time limits for certain depositions and for an order requiring completion of the Johanson deposition in the presence of the magistrate judge, filed July 6, 2009, and defendant Couturier's motion to strike that motion, filed July 10, 2009. This order concerns Couturier's motion to strike plaintiff's motion for failure to observe local rule requirements regarding discovery disputes.

        Defendant is informed that a meet and confer is not required to take place prior to the filing of the motion. It need only occur prior to the filing of the joint statement ("stipulation"). E. D. Local Rule 37-251(b) (motion shall not be *heard* unless parties have conferred and differences must be set forth in a joint statement). Although plaintiffs' filing of their points and authorities along with a notice of discovery motion is a somewhat idle act except in a "sanctions only" or "failure to respond" discovery motion ( "No other documents *need be*

1

filed at this time" subsection (a)), it does serve to put the opposing party on notice of the precise issues in dispute. Certainly, defendant is not harmed by being placed on notice of the precise issues at the time the motion is noticed.[1]

However, the fact that a supporting memorandum was attached initially does not obviate the requirement of a joint statement. Rule 37-251(c). When the joint statement is filed, it is at *this* time that the Rule directs: "no separate briefing shall be filed." Rule 37-251(c)(3).[2] Furthermore, contrary to defendant's assertion that the undersigned has chastised plaintiffs for filing the initial brief with the notice of motion by issuing a "251 joint statement order," the undersigned routinely issues its own "251 joint statement orders" regarding the requirement of filing joint statements in every discovery dispute in which a joint statement is necessary as a means to modify the time deadline for filing the joint statement as set forth in the local rules.

Accordingly, IT IS ORDERED that:

1. Defendant Couturier's motion to strike, filed July 10, 2009, (#578), is denied.

2. The parties shall file a joint statement in regard to plaintiffs' motion, (#574), in accordance with E.D. Local Rule 37-251(c), no later than July 30, 2009. Plaintiff's initially filed memorandum will be ignored.

DATED: July 22, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076:Johnson2046.jt.wpd

---

[1] Plaintiffs are advised, nevertheless, that an appropriate way of notifying an opposing party of the issues initially in a discovery dispute is to serve a letter on opposing counsel at, and preferably before, the time the notice of motion is filed. In this way any confusion as to the utility of the unnecessarily filed, but advisory, memorandum of points and authorities will be alleviated.

[2] Defendant is correct that the initial, "needless" memorandum of points and authorities will not be reviewed in conjunction with the joint statement.