IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY JOHNSON, et al.,

        Plaintiffs,                     No. CIV S-05-2046 RRB GGH

    vs.

CLAIR COUTURIER, JR., et al.,

        Defendants.               <u>ORDER</u>

_____/

        Previously pending on this court's law and motion calendar for August 13, 2009, were plaintiffs' motion for order extending time limits for depositions of defendants Couturier and Johanson, and for order to complete the Johanson deposition in the presence of the magistrate judge; and defendant Couturier's motion to compel further discovery responses and deposition testimony.  Also pending before the court is Couturier's motion to file a physician's statement under seal.  Gary Greenwald represented all plaintiffs, and Terence Devine appeared for plaintiff Rodwell.  Theodore Becker represented defendant Couturier, and Jeffrey Commisso appeared for defendant Johanson.  After reviewing the joint statements and hearing oral argument, the court now issues the following order.

\\\\\

\\\\\

1

I. <u>COUTURIER'S MOTION TO FILE PHYSICIAN'S STATEMENT UNDER SEAL</u>

Couturier has requested that his physician's statement, which concerns the effect a further deposition may have on him, be filed under seal. (dkt. #594). Couturier's motion to file it under seal is granted; however, he shall serve the physician statement on plaintiffs.

II. <u>PLAINTIFFS' MOTION FOR ORDER EXTENDING TIME LIMITS FOR DEPOSITIONS OF DEFENDANTS COUTURIER AND JOHANSON</u>

Plaintiffs move to extend the time limits for the deposition of defendant Couturier by five hours, and for the deposition of defendant Johanson by six hours, and that Johanson's deposition be conducted in the presence of the magistrate judge.

Rule 30(d)(2) provides in relevant part:

> Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent.

The Notes of the Advisory Committee on the 2000 amendments to Fed. R. Civ. P. 30 explain:

> Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition. . . . The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.
>
> Parties considering extending the time for a deposition--and courts asked to order an extension--might consider a variety of factors. For example, ... in cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them.

Here, plaintiffs contend that their seven hour deposition of Couturier was not long enough to cover all necessary topics, due to this defendant's lack of cooperation and responsiveness. Defense counsel represented at hearing that Couturier's series of strokes have left him with impaired memory and reading ability – thus, defendant argues, plaintiffs mistake illness for being uncooperative. Based on counsel's representation that a three hour preparation session for the deposition ended up taking nine hours due to this impairment, along with a

physician's statement regarding Couturier's condition, the court finds good cause to both continue his deposition to see if his condition improves, and to grant plaintiffs' request for an additional five hours to complete this deposition.

Couturier's further deposition will be permitted for a total of five more hours, but shall be continued to the beginning of October, 2009, prior to discovery cutoff, on a date agreed to by the parties. Said deposition shall take place earlier than October if Couturier files a summary judgment motion that contains a declaration[1] by Couturier. In such an event, Couturier shall present himself for deposition at least two weeks prior to the filing of the motion. Further deposition will not occur, in any event, if Couturier files an unequivocal statement prior to a scheduled further deposition stating that he will not testify at trial.

In regard to Johanson's further deposition, the court finds that this defendant's actions made the deposition taken thus far less than efficient.[2] Despite the fact that the vast majority of documents used at his deposition had been sent to Johanson's counsel prior to the deposition, this deponent took extensive time to purview each document as it was submitted to him notwithstanding that the question to be asked often did not require extensive review. Even if it did, Johanson does not presently relate why he did not review what he could prior to the deposition. Furthermore, although it is certainly possible that a deponent will not remember every action taken in a complex series of transactions occurring several years in the past, the sheer number of " I don't recall" responses, and the like, stretched the limits of credulity. Therefore, good cause is found for further deposition. Plaintiff's request for an additional six hours is granted.

The planned division of duties for questioning by plaintiff's counsel, as presented, is appropriate and need not be altered.

---

[1] The date of the declaration is of no consequence.

[2] Johanson has already submitted to ten hours of deposition pursuant to court order of June 2, 2008, which granted plaintiffs an additional three hours.

       Johanson's request that his deposition be held in San Francisco is denied based on the high level of acrimony between the parties. This deposition shall be held in the jury deliberation room of the undersigned (Courtroom 24), initially, at least, outside the presence of the undersigned. The undersigned will be available for dispute resolution, however. If resolution is required, and the court finds that the dispute was unnecessary, sanctions will issue to the appropriate party. The parties shall agree to a date for this deposition to occur in the second or third week of September, and contact the undersigned's courtroom clerk for availability.[3]

### III. DEFENDANT COUTURIER'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND DEPOSITION TESTIMONY

       As a preliminary matter, plaintiffs have submitted a letter objecting to the 23 pages of reply argument by defendant in this 59 page joint statement which they did not have the chance to review in advance. Plaintiffs contend that defendant saved the bulk of his argument for the reply so that plaintiffs would have no opportunity to respond. Plaintiffs request that the reply portion of the joint statement be stricken. Although defendant appears to have loaded much of his argument into the reply, the substance raised there does not vary from his original arguments. Plaintiffs' request to strike defendant's reply is denied.

       Couturier brings this motion concerning discovery of the pre-filing investigation of this lawsuit. He seeks to compel further written discovery responses, further deposition of plaintiffs Johnson and Stanton, and to compel plaintiffs' attorney Greenwald to sit for deposition on the same subject matter.

    A. <u>Written Discovery Responses</u>

       Couturier claims that plaintiffs' first set of interrogatory responses were insufficient, improperly unverified and lacking a privilege log, and that plaintiffs did not produce a single document in response to the requests for production. Responses were served on July 21,

---

[3] As of the date of the hearing, the jury deliberation room was not available on September 23, 2009.

2006.[4]  In regard to verification, at his March 23, 2009 deposition, Johnson testified that he never saw the interrogatory responses and did not assist in preparing the answers.  Thereafter, Greenwald submitted a verification signed by Johnson, dated July 21, 2006.  The cover letter to this belated verification states that Johnson relied on his counsel's pre-filing investigation, and had no actual first hand knowledge.

Defendant is correct that the verification is invalid; however, Couturier waited years to complain about this problem.  Striking these responses for this correctable problem does not help Couturier.[5]

Defendant's main argument has to do with the sufficiency of the interrogatory responses.  At hearing, it became evident that the responses could be divided into two categories: (1) those responses directed at information held by plaintiff Johnson himself; and (2) those responses which had sought information from others.

With respect to category one, it is a clear that the instant case is of a sort where the named plaintiff is often personally unaware of the alleged wrongdoing prior to being informed of such by a counsel with familiarity in the area of law at issue.  These types of lawsuits may include, for example, such contexts as ERISA, environmental harm, securities regulation, and other complex regulatory schemes.  Thus, the plaintiff's pre-litigation knowledge of the facts involved in the lawsuit stem wholly, or primarily, from information given to him by investigating counsel.

---

[4] Initial responses were served on April 10, 2006, but supplemental responses, which defendant claims he never received until after the initial exchange of the joint statement, were served in July, 2006.

[5] For the most part, privilege logs filed with interrogatory responses are problematic. Unlike the situation for responses to document requests, which identify discrete and tangible documents as privileged, preparing a privilege log for verbal conversations attempting to parcel out what is privileged, or not, is generally uninformative and logistically awkward.  For the reasons discussed in the text concerning the thorough production of documents in this document intensive case, the court will not sanction plaintiffs for not preparing a privilege log for the interrogatory responses.

5

The undersigned knows of no authority abrogating the attorney client privilege because an informed attorney relates to his uninformed client (prospective or actually retained) the facts of the attorney's investigation. Therefore, the communications to the client, which may be the sum total of the client's knowledge of the case, will remain undisclosed in discovery. The situation may well be different for alleged work product as the factual work product doctrine is not absolute, and may be ordered disclosed when there is a need to do so. When the attorney is the sole source of knowledge about the facts of a case, there may well be a legitimate "need to know" on the part of the defendant. Even an attorney's legal thoughts may be discovered in rare circumstances. See generally Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 576-77 (9th Cir.1992).

In light of the above, the court might have well required further responses from plaintiff concerning "his" knowledge of the work product facts which were really held by the attorney. However, the passage of time has dimmed the need for such. This case has been fully briefed on numerous occasions, and plaintiffs, through their counsel, have not been hesitant in fully putting forth their version of the facts – facts largely derived from transactional documents. Defendants have received their requested discovery albeit over time and in various pleadings. The court will not simply order plaintiff's counsel to chase his tail, requiring the disclosure of basic facts which are well known by everyone at this time.[6] Moreover, it is not the purpose of early interrogatory discovery to have one side or the other give a complete rendition of each and every minute, factual detail which will surface at trial.

With respect to category 2 (the McIntosh/ Mytels information), the undersigned stated his conclusion that the responses given were insufficient. However, firm representations were given by plaintiff's counsel that over the course of this lawsuit, all defendants have received

---

[6] There is some indication that defendant has this chasing in mind. There was no explanation concerning why defendant waited years to voice his complaints to the court about plaintiff's discovery responses.

all information within counsel's possession regarding these non-client sources of information. The undersigned accepts these representations.

Therefore, defendant Couturier's motion to compel further written responses will be denied.

B. <u>Further Deposition of Plaintiffs Johnson and Stanton</u>

Couturier seeks to compel further deposition of these plaintiffs to require them to respond to questions concerning facts of this case, even where such facts were disclosed to them by their attorney. A review of the deposition transcript excerpts indicates that these plaintiffs in fact answered the questions to the best of their ability, and that they in fact had no knowledge of most facts. It is true that, in several instances, their counsel instructed them not to answer certain questions which called for facts, not communications between attorney and client, on the basis of attorney-client privilege. (Jt. Stmt. at 32.) For example, defense counsel asked Johnson about facts regarding his understanding at the time he signed the settlement agreement. The colloquy proceeded as follows:

> Q: What things, what facts that you did not know at the time you signed this settlement agreement and mutual release, Exhibit 269, would have caused you not to sign this settlement agreement and mutual release that you later learned?
>
> A: That Mr. Couturier had done - taken from the, from the plan and illegally gave himself ill-gotten funds?
>
> Q: What facts do you have to support that statement?
>
> A: From my attorney.
>
> MR. GREENWALD: Yeah. You're instructed not to testify as to any discussions that you've had with your counsel regarding this case on the basis of attorney-client privilege. To the extent it's information that hasn't been discussed with your counsel then you are free to testify.

7

(Id. at 31; Johnson Depo., 117-118.)

Nevertheless, even if this is somewhat of a case created by attorneys in need of a client, no useful purpose is served by requiring further deposition of plaintiffs who were not aware of the facts creating a claim until so informed by their counsel.  As emphasized at hearing, this is a document intensive case, and plaintiffs have represented that they have produced all documents in their control, obviating the need for further deposition.  Therefore, Couturier's motion to compel further deposition of these plaintiffs is denied.

    C.   Deposition of Plaintiffs' Counsel

Couturier claims that Greenwald developed this case and solicited plaintiffs, and therefore he should be subject to examination concerning the facts of the pre-filing investigation.

Although the Federal Rules of Civil Procedure do not explicitly preclude the deposition of a party's attorney, the cases discourage it to the extent that such a discovery request often gives the opposing party good cause for a protective order.  See, SEC v. Morelli, 143 F.R.D. 42 (S.D.N.Y. 1992); Buford v. Holloday, 133 F.R.D. 487 (S.D. Miss. 1990). West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301 (S.D. Fla. 1990).  The near presumption in favor of a protective order may be overcome where the attorney is a percipient witness to nonprivileged information.  Schwarzer, et al., Federal Civil Procedure Before Trial, § 11:113.3 (1992).

The party seeking to depose the opposing party's counsel has the burden to show three elements:

> (1) [n]o other means exist to obtain the information than to depose opposing counsel [citation omitted]; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986).

The Shelton criteria will be utilized by this court.  First, there are other means to obtain the information.  Couturier was able to depose the witnesses who had the information he

claims he needs from counsel Greenwald.  The fact that McIntosh may have been equivocal in answering questions at his deposition, or that defendant speculates the witness was not telling the truth, is not a reason to depose counsel.  Moreover, this case will be largely proven or disproven based on the pertinent documents themselves.

Secondly, the information sought through a deposition of Greenwald is not crucial to preparation of defendant's case.  Plaintiffs have represented that McIntosh and Mytels have provided all documents in their possession.  Any information which Greenwald could provide in deposition is more than likely cumulative.  Defendant has the burden here, and his arguments that Greenwald's testimony is crucial are not convincing, but based on speculation.  At hearing, defense counsel asserted that McIntosh had told Greenwald important facts, but may not have disclosed them during his deposition as his testimony was inconsistent in some respects.  Defendant stated that Greenwald may or may not have shared these facts with his clients.  Such speculation does not amount to crucial information necessary to prepare defendant's case.  Defense counsel also wanted to find out if any information fell between the cracks, referring to an outline previously prepared by McIntosh which he refused to produce, but which his attorney now states is no longer in existence.  At hearing, plaintiffs' counsel represented that all documents received from McIntosh or given to McIntosh were produced to defendant, as were all documents concerning Mytels.  This case is unlike <u>Nguyen v. Excel Corp.</u>, 197 F.3d 200, 209 (5th Cir. 1999), where the only other source of information were company executives who had been vague and non-specific in their discovery responses.   Here, the primary sources of information, again, are the documents themselves.

Finally, despite the perhaps equivocal protests of defendant's counsel that he does not seek to disqualify plaintiff's counsel at this time, the court senses otherwise.  Once counsel would be deposed as to facts, the assertion that the attorney was an important witness for the defense would soon be forthcoming.  Then, disqualification of a subpoenaed testifying attorney is nearly mandatory. To disrupt the client relationship between plaintiff and his lead attorney, and

1 to start from scratch at this point, would create a manifest injustice. Again, at the risk of blatant
2 repetition, this is a documents case – not a case where the litigating attorney is the only source of
3 facts critical to the outcome of a case.
4  Defendant's motion to compel counsel's deposition is denied.
5 CONCLUSION
6  Accordingly, IT IS ORDERED that:
7  1. Defendant Couturier's motion to file physician's statement under seal, filed
8 July 27, 2009, (dkt. # 594), is granted. Defendant shall serve plaintiffs with the physician's
9 statement.
10  2. Plaintiffs' motion for order extending time limits for depositions of defendants
11 Couturier and Johanson, filed July 6, 2009, (dkt. # 574), is granted in part.
12   a. Couturier's further deposition will be permitted for a total of five more
13 hours, but shall be continued to the beginning of October, 2009, prior to discovery cutoff, on a
14 date agreed to by the parties. Said deposition shall take place earlier than October if Couturier
15 files a summary judgment motion that contains a declaration by Couturier. In such case,
16 Couturier shall present himself for deposition at least two weeks prior to the filing of the motion.
17 Said deposition shall not take place if Couturier files an unequivocal statement indicating that he
18 will not testify at trial.
19   b. Plaintiffs are permitted to depose Defendant Johanson for six more
20 hours. Said deposition shall be scheduled by stipulation of the parties for a date in September,
21 2009, as arranged by Valerie Callen, courtroom clerk to the undersigned (916) 930-4199, in the
22 jury room of courtroom #24. The undersigned shall be available for dispute resolution if
23 necessary; however, sanctions shall issue against the appropriate party/counsel if the court finds
24 that consultation was not necessary.
25 \\\\\
26 \\\\\

3.  Defendant Couturier's motion to compel further discovery responses and deposition testimony, filed June 19, 2009, (dkt. #568), is denied.

DATED: August 21, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076/Johnson2046.mtns.wpd