IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JOHNSON, et al., <br><br>          Plaintiffs, <br><br> vs. <br><br> CLAIR R. COUTURIER JR., et al., <br><br>          Defendants. | Case No. 2:05-cv-02046-RRB-GGH <br><br> **ORDER REQUIRING PRODUCTION OF ACCOUNT STATEMENTS** |

**I.   BACKGROUND AND DISCUSSION**

Before the Court, at Docket 610, are Plaintiffs Gregory Johnson, William Rodwell, Edward Rangel, Kelly Morrell, and Darleen Stanton with a Motion to Amend the Stipulated Protective Order, filed July 10, 2009, at Docket 577. The Court will outline the facts relevant to this motion below.

Prior to issuing the Protective Order, the Court had attempted to resolve a dispute between the parties with regard to the scope of the Court's October 24, 2008, Preliminary Injunction. The injunction required, in part, that Defendant Clair Couturier make an accounting of certain assets he received in the form of

executive compensation. As of July of this year, Plaintiffs believed that the accounting information submitted by Couturier was insufficient to comply with the Preliminary Injunction.

The parties had agreed in principle that Couturier would submit the additional requested information to Plaintiffs under a protective order. The only remaining dispute between the parties was a fairly minor one, concerning whether they would be able to appeal the Magistrate Judge's decisions to the District Court.

The Court attempted to resolve the issue in its Order at Docket 573, which contained a finding "that the additional information sought by Plaintiffs is subject to disclosure under the October 2008 Preliminary Injunction."[1] The Court ordered the parties to submit a proposed protective order, with the condition that the Magistrate Judge's decisions would be appealable to the District Court.

The source of the present dispute is as follows: both parties' competing versions of the proposed protective order, which were submitted to the Court prior to its Order at Docket 573, contained four clauses at the beginning, each of which began with the word, "Whereas." One of these four clauses required Couturier to produce "the most current monthly statement in Mr. Couturier's possession

---

[1] Docket 573 at 2.

for each financial institution referenced above for the time period during which the Order for accounting remains in effect."[2]

Notwithstanding the fact that the parties had apparently already agreed upon the clause requiring continuing production of account statements, the Stipulated Protective Order which was jointly submitted to the Court contained no such clause. Plaintiffs claim that Couturier "intentionally deleted the clauses in the drafts attached to the opposition papers without disclosing such deletion to Plaintiffs or the Court."[3] Couturier claims that Plaintiffs had an opportunity to review the Order before it was submitted and that no deception took place.[4]

Couturier now refuses to submit any account statements dated later than December 31, 2008. Plaintiffs seek to have this Court amend the Protective Order <u>nunc pro tunc</u> to include the four deleted "Whereas" clauses, while Couturier claims that such relief would be inappropriate.

The Court declines to decide whether Plaintiffs are entitled to have the Protective Order amended <u>nunc pro tunc</u> because it is unnecessary to do so. The Court instead finds that the continuing

---

[2] Docket 610, Memorandum at 3.

[3] Docket 610, Memorandum at 4.

[4] Docket 622 at 3.

account statements sought by Plaintiffs are covered by the Court's October 24, 2008, Preliminary Injunction. The purpose of requiring Couturier to submit account statements was to ensure the enforcement of the Court's order that the funds in question be frozen. The interest in enforcing the freeze is no less strong now than it was at the time the injunction was issued. The obligation to produce an accounting is a continuing one. If that was not clear before, the Court now clarifies its injunction to that effect.

Therefore, Couturier is hereby ordered to produce the monthly accounting statements sought by Plaintiffs, subject to the confidentiality protections of the Protective Order at Docket 577. This production is necessary to give effect to the Preliminary Injunction at Docket 450.

## II. CONCLUSION

For the reasons stated above, Defendant Couturier is hereby **ORDERED** to produce the monthly account statements sought by Plaintiffs, with a continuing obligation to submit such statements so long as the October 24, 2008, Preliminary Injunction remains in effect. Plaintiff's Motion to Amend the Protective Order is **DENIED AS MOOT.**

ENTERED this 22nd day of September, 2009.

```
                                S/RALPH R. BEISTLINE
                                UNITED STATES DISTRICT JUDGE
```