IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JOHNSON, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>CLAIR R. COUTURIER JR., et al.,<br><br>        Defendants. | Case No. 2:05-cv-02046-RRB-GGH<br><br>**ORDER REGARDING MOTION TO RESET DISCOVERY AND TRIAL DATES** |

I.   BACKGROUND AND DISCUSSION

Before the Court are Defendants Clair Couturier, David Johanson, and Robert Eddy with a Motion at Docket 617 to Reset Discovery and Trial Dates. Plaintiffs oppose at Docket 621. The Court will outline the facts relevant to this motion below.

Plaintiffs' Initial Rule 26(a) Disclosures identified ten potential witnesses. In June 2007, Plaintiffs issued their first Supplemental Rule 26(a) Disclosures, identifying additional documents, but no additional witnesses.[1]

---

[1]    Docket 617 at 2.

Following the July 30, 2009, trial scheduling conference, this Court entered its Pretrial Order.[2] The Pretrial Order closes fact discovery on October 16, 2009, with expert discovery due on November 6, 2009, and trial set for February 1, 2010. The Order also provides that "[o]n or before January 11, 2010, each party will serve and file a final, revised witness list, which may include only persons who have been previously disclosed as potential witnesses in a timely filed prior witness list."[3]

On August 18, 2009, Plaintiffs served supplemental rule 26(a) disclosures, disclosing 13 additional witnesses who may testify on behalf of the Plaintiffs. Defendant Couturier claims that this is a deceptive litigation tactic and requests four additional months of discovery and a delay in the trial date in order to be able to depose all the additional witnesses.

The Court begins its analysis of this motion by stating clearly that it will not likely continue the trial. This case has gone on long enough and there will always be some reason or another to delay it. Neither will the Court attempt to divine the parties' motives in their litigation conduct. Both sides in this case have

---

[2] Docket 600.

[3] Docket 600 at 3.

used sharp litigation tactics and both have proclaimed themselves hapless victims. It is a tiresome and pointless exercise.

Given that the trial will go forward on February 1, 2010, the Court must decide whether the additional witnesses listed by Plaintiffs have been "timely filed" as required by the Court's scheduling order. The Court will exclude any witnesses whose inclusion would cause prejudice to Defendants due to a delay in filing.

The 13 additional witnesses listed by Plaintiffs can be grouped into four categories. The first category consists of six witnesses who have already been deposed in this case, namely James Roorda, David Fenkel, Matthew Donnelly, Darleen Stanton, Dennis Locke, and Anthony Mathews.[4] Given that Defendants' counsel have already deposed these witnesses, it is very difficult to see how prejudice would result for their inclusion at trial. They will be permitted to testify.

The next category of witnesses includes those who were listed in the initial disclosures of a party other than Plaintiffs, namely Edward Rangel, William Rodwell, Mark Comfort, and William Campbell.[5] Since Defendants have had several years' notice that

---

[4]   Docket 621 at 4.

[5]   Docket 621 at 3.

these witnesses might have discoverable information, the Court sees little prejudice in allowing them to testify. They may therefore testify at trial.

The third category consists of only one person, Dorothy McDaniel, who was not named specifically by any party in their initial disclosures, but falls within the category of "the Noll Board of Directors," which was identified by Plaintiffs in their initial disclosures.[6] Given that Defendants had personal knowledge of those persons who had served on the Noll Board, the Court concludes that she was properly listed in the Plaintiffs' initial disclosures.

The final group of witnesses are those who were never disclosed by any party until this past August, namely Gregory Sullivan and Ronda Connor. Given the proximity of discovery deadlines, the Court believes that the value of these witnesses is outweighed by their potential prejudice to Defendants. They will therefore be excluded from trial.

The Court recognizes that the supplemental disclosure of witnesses by Plaintiffs may require some alteration in discovery or litigation strategy by Defendants. Therefore, the Court will extend the time for fact discovery and expert discovery by three weeks.

---

[6]     Docket 621 at 3, 6.

ORDER RE MOTION TO RESET DISCOVERY
   AND TRIAL DATES - 4
2:05-CV-2046-RRB

## II. CONCLUSION

For the reasons stated above, Defendants' Motion to Reset Discovery and Trial Dates is **GRANTED IN PART AND DENIED IN PART**. Although the trial date of February 1, 2010, is unchanged, the time for completion of fact discovery will be extended until **November 6, 2009**, with expert discovery to be completed by **November 27, 2009**.

**IT IS SO ORDERED.**

ENTERED this 25th day of September, 2009.

                                        S/RALPH R. BEISTLINE
                                        UNITED STATES DISTRICT JUDGE