UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| GREGORY JOHNSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CLAIR R. COUTURIER, JR., et al., <br><br> Defendants, | No. 2:05-cv-02046 RRB GGH <br><br> (Lead Case-Consolidated) |
| DARLEEN STANTON, <br><br> Plaintiff, <br><br> v. <br><br> CLAIR R. COUTURIER, JR., et al. <br><br> Defendants. | No. 2:07-CV-01208 WBS-JFM <br><br> (Consolidated under <br><br> 2:05-CV-02046 RRB GGH) |

ORDER PRELIMINARILY APPROVING
SETTLEMENT AND SETTING FAIRNESS HEARING

These actions involve claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA") and state law, with respect to the Employee Ownership Holding Company, Inc., a Delaware corporation ("TEOHC"), The Employee Ownership Holding Company Employee Stock Ownership Plan and

Trust (the "ESOP"), and the Noll Manufacturing Company Employee Stock Ownership Plan and Trust (the "Noll ESOP") (the ESOP and the Noll ESOP are referred to herein collectively as the "Plans").

Presented to the Court for preliminary approval is a settlement of these actions as against all Defendants (the "Settlement"). The terms of the Settlement are set out in a Settlement Agreement (the "Settlement Agreement"), executed as of December 31, 2009.[1]

The Court has considered the Settlement to determine, among other things, whether it is sufficient to warrant the issuance of notice to present and former participants in the ESOP and the Noll ESOP, whose rights would be affected by the Settlement. Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. <u>Preliminary Findings Regarding Proposed Settlement</u>. The Court preliminarily finds that: (a) the proposed Settlement resulted from informed, extensive arm's-length negotiations, including mediation sessions before the Honorable Kimberly Mueller, United States Magistrate Judge, and followed years of contested motion practice and discovery; (b) Plaintiffs' Counsel has concluded that the proposed Settlement is fair, reasonable, and adequate; (c) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice (the "Notice") of the Settlement to the all current participants in the ESOP and all persons who were participants in the ESOP or the Noll ESOP at any time after October 2, 1996 (such persons are referred to herein as the "Affected Participants"); (d) an action entitled *Solis v. Couturier*, 2:08-cv-02732-RRB-GGH (E.D. Cal.) (the "DOL Action"), asserting claims against the same Defendants in the Action for alleged ERISA violations with respect to the TEOHC

---

[1] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the Settlement Agreement.

2

ESOP and the Noll ESOP, was consolidated with the Action for settlement purposes in a single settlement conference before Magistrate Judge Mueller. This settlement conference lasted two days and was attended by representatives of all parties to the Action and the DOL Action. A global settlement was reached resulting in the Settlement Agreement in the Action and proposed consent judgments against defendants Couturier, Johanson, and Eddy (the "Consent Judgment") in the DOL Action, which documents must be finally approved by the Court for any portion of the global resolution of the Action and the DOL Action to become final and effective. For the reasons set forth in the motion seeking preliminary and final approval of the Settlement, the Action and the DOL Action are consolidated for the purpose of the Court's consideration of whether to approve the Settlement Agreement in the Action and the proposed Consent Judgments in the DOL Action and to enter the judgments sought in both, such that this global resolution comes within the provisions of the U.S. Department of Labor's (the "DOL's") Prohibited Transaction Exemption ("PTE") 79-15, which provides, among other things, that sections 406 and 407(a) of ERISA and section 4975(c)(2) of Title 26 of the United States Code shall not apply with respect to any transaction or activity which is authorized or required, prior to the occurrence of such transaction or activity, by a settlement of litigation approved by a United States District Court where the nature of such transaction or activity is specifically described in the settlement and the DOL is a party to the litigation at the time of settlement.

2. Fairness Hearing. A hearing is scheduled for March 5, 2010 at 2:00 p.m. (the "Fairness Hearing") to determine, among other things:

    (a)    Whether the Settlement should be approved as fair, reasonable, and adequate to the Parties as well as to the Affected Participants;

    (b)    Whether the litigation should be dismissed with prejudice pursuant to the terms of the Settlement;

3

(c) Whether the Notice provided for by the Settlement Agreement was provided and: (i) appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (ii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(d) Whether the Bar Order provided for by the Settlement Agreement should be entered;

(e) Whether the Plan of Allocation provided for by the Settlement Agreement should be approved;

(f) Whether the application for attorneys' fees and expenses filed by Plaintiffs' Counsel should be approved;

(g) Whether the application for Plaintiff incentive awards for the Plaintiffs should be approved; and

(h) Whether the global resolution comes within the provisions of PTE 79-15.

3. <u>Notice</u>. A proposed form of Notice to Affected Participants is attached to the Settlement Agreement as Exhibit C. With respect to such form of Notice, the Court finds that such form fairly and adequately: (a) describes the terms and effect of the Settlement Agreement and of the Settlement; (b) notifies the participants concerning the proposed Plan of Allocation; (c) notifies the Affected Participants concerning the proposed Bar Order; (d) notifies the Affected Participants that Plaintiffs' Counsel will seek from the Settlement Fund awards of attorneys fees and expenses, reimbursement of expenses, and incentive awards for the Plaintiffs; (e) notifies the Affected Participants of the time and place of the Fairness Hearing; (f) notifies the Affected Participants of the proposed consolidation of the Action and the DOL Action; and (g) describes how the recipients of the Notice may object to any of the relief requested. The Court directs that Plaintiffs' Counsel shall:

(a) By no later than twenty-eight (28) days before the Fairness Hearing, cause the Notice, with such non-substantive modifications thereto as may be

4

agreed upon by the Parties, to be sent to each Affected Participant. Such notice shall be sent either by e-mail or first-class mail, postage prepaid, to the Person's last known address as set forth in the records of the Plans. TEOHC shall cause such addresses to be provided to Plaintiffs' Counsel.

(b) By no later than twenty-eight (28) days before the Fairness Hearing, cause the Notice to be published on the website identified therein.

At or before the Fairness Hearing, Plaintiffs' Counsel shall file with the Court a statement of timely compliance with the foregoing mailing and publication requirements.

4. <u>Objections to Settlement</u>. Any Affected Participant who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to the Bar Order, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and expenses, or to any request for incentive awards for Plaintiffs, may file an Objection in accordance with the procedures set forth in the Notice no later than five (5) days prior to the Fairness Hearing.

5. <u>Appearance at Fairness Hearing</u>. Any objector who files and serves a timely, written objection in accordance with paragraph 4 above, may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must follow procedures in the Notice. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph and the procedures set forth in the Notice shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

6. <u>Service of Papers</u>. Defendants' Counsel, TEOHC Counsel and Plaintiffs' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

7. <u>Additional Filings.</u> Plaintiffs' Counsel shall file no later than fifteen (15) days prior to the Fairness Hearing motions for final approval of the Settlement, approval of the proposed Plan of Allocation, and applications for awards of attorneys' fees, cost reimbursements, and Plaintiff incentive awards. Plaintiffs' Counsel shall file no later than two days before the Fairness Hearing a reply to any timely filed objections to the Settlement.

8. <u>Termination of Settlement.</u> This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement Agreement is terminated in accordance with Section 9.1 thereof. In such event, Section 9.2 of the Settlement Agreement shall govern the rights of the parties.

9. <u>Use of Order.</u> In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against the Defendants or the Plaintiffs.

10. <u>Continuance of Hearing.</u> The Court may continue the Fairness Hearing without further written notice.

SO ORDERED this 3rd day of Feb., 2010

/s/ RRB
Hon. Ralph R. Beistline, U.S.D.J.

6