IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| |
|---|
| GREGORY JOHNSON, <u>et</u> <u>al.</u>, |
|         Plaintiffs, |
| vs. |
| CLAIR R. COUTURIER, JR., <u>et</u> <u>al.</u>, |
|         Defendants. |

2:05-cv-02046-RRB

**ORDER DENYING BRUCE
COUTURIER'S MOTION
TO INTERVENE**

I.    **INTRODUCTION**

Before the Court is Bruce Couturier, who is not a party to this litigation, with a Motion to Intervene at Docket 738. Couturier seeks to intervene "for the limited purpose of opposing the settlement agreement" in this case.[1] Couturier argues that the settlement adversely affects his interest as a shareholder in The Employee Ownership Holding Company (TEOHC), because the settlement funds are to be paid directly from the Defendants to the Employee Stock Ownership Plan (the Plan) rather than to TEOHC.

---

[1]    Docket 738 at 1-2.

ORDER DENYING MOTION TO INTERVENE - 1
2:05-CV-2046-RRB

Both Plaintiffs and the Secretary of Labor (whose related ERISA action is also resolved by the settlement agreement) oppose the motion. They argue that the motion is untimely and that, in any event, Couturier has no standing to intervene. Although Couturier has requested oral argument on the motion, the Court finds that further argument is neither necessary nor warranted.

**II.  BACKGROUND**

Because the parties are familiar with the facts of this case, the Court need not recite them in detail here. Rather, the Court will note a few background details which concern this particular motion.

The allegations of misconduct which serve as the basis of Plaintiffs' suit occurred during a period of several years ending in 2005.[2] In August 2005, Bruce Couturier received a compensation package from TEOHC which included stock options.[3] This suit was filed in November 2005, alleging that the Defendants had violated ERISA by approving unreasonable compensation agreements for officers of TEOHC, which at the time was 100% owned by the Plan.[4] The Plaintiffs amended their complaint in April 2007 to add state

---

[2]      See Docket 150.

[3]      Docket 739 at 8.

[4]      See Docket 1.

law derivative claims in their capacity as de facto shareholders of TEOHC.[5]

Also in April 2007, TEOHC sold substantially all of its assets.[6] The Plan continued to hold 100% stake in TEOHC, which was now little more than a cash-holding entity. In June 2007, Bruce Couturier attempted to redeem his stock options, tendering payment for stock in TEOHC, but TEOHC contested his ability to do so.[7] This dispute between TEOHC and Couturier went to arbitration; the arbitrator ruled on November 13, 2009, that Couturier had a right to exercise the stock options, and that the June 2007 attempt to exercise the options was valid.[8] However, the arbitrator also noted that, as of the June 2009 closing arguments of the arbitration, Couturier still "purport[ed] to 'reserve' an 'election' whether to be paid the cash value of his ISO shares or simply to hold the

---

[5]     Docket 150 at 26-30.

[6]     Docket 745 at 5.

[7]     Docket 745 at 5.

[8]     Docket 745, Exhibit 4 at 29.

shares acquired."[9] As of the date of this Order, no stock has been issued to Couturier.[10]

## III. LEGAL STANDARDS

Under Rule 24 of the Rules of Civil Procedure, the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[11] Even where a movant is unable to establish intervention as of right, a court, upon motion, may grant permissive intervention if the movant "has a claim or defense that shares with the main action a common question of law or fact."[12]

## IV. DISCUSSION

Given the advanced stage of the litigation and the prejudice which would result from the unraveling of the settlement agreement, the Court is unwilling to permit intervention by Bruce Couturier unless he is entitled to do so under Rule 24(a)(2). The touchstone

---

[9]   Docket 745, Exhibit 4 at 27.

[10]   Docket 760.

[11]   Fed. R. Civ. P. 24(a)(2).

[12]   Fed. R. Civ. P. 24(b)(1)(B).

for the Court's analysis is whether Couturier has an interest at stake in the litigation which is not adequately represented by any of the current parties.

Pursuant to the settlement agreement, Plaintiffs have agreed to relinquish all of their claims in exchange for various forms of consideration from the Defendants, including the cash payments which Couturier believes should be paid to TEOHC.[13] The claims relinquished include Plaintiffs' equitable claims under ERISA in their capacity as plan beneficiaries and their state law derivative claims which they brought in their capacity as shareholders of TEOHC (through the 100% ownership of TEOHC by the Plan).

Couturier argues that he should be allowed to intervene and oppose the settlement because the wrongdoing alleged in the Amended Complaint primarily concerns the improper depletion of funds from TEOHC; thus it would be unjust for the settlement funds be paid directly to the Plan rather than to TEOHC. The argument is a reasonable one; if the Court had issued judgment for Plaintiffs in this case and were in the position of selecting an equitable remedy, then such an argument would carry some weight.

However, this was not a court judgment in Plaintiffs' favor, but rather a settlement agreement. It is not the Court's place to

---

[13]     Docket 728, Exhibit 2.

determine how the settlement funds should be allocated, but only to ensure that the disposition is fair.

The Court views the settlement funds not as a dollar-for-dollar repayment of the allegedly misused funds, but rather as consideration paid for the relinquishment of Plaintiffs' claims. Thus, in order for Couturier to intervene, he must show that he has a cognizable interest in the claims released by Plaintiffs and that his interest is not adequately represented in this litigation. If he has no interest in the Plaintiffs' claims, then he cannot have any interest in consideration paid for their release. The Court will analyze Couturier's potential interest in both the ERISA claims and the derivative claims.

### A. Bruce Couturier's Interest in Plaintiffs' ERISA Claims is Adequately Represented

Bruce Couturier is a Plan beneficiary and as such he does have an interest in Plaintiffs' ERISA claims. However, his interest is more than adequately represented in this litigation since the Plan stands to receive millions of dollars in the settlement.

### B. Bruce Couturier Has No Interest In Plaintiffs' Derivative Claims

Because TEOHC is a Delaware corporation, it is Delaware state law which governs Plaintiffs' derivative shareholder claims. Delaware Corporate law provides as follows:

> In any derivative suit instituted by a stockholder of a
> corporation, it shall be averred in the complaint that
> the plaintiff was a stockholder of the corporation at the
> time of the transaction of which such stockholder
> complains or that such stockholder's stock thereafter
> devolved upon such stockholder by operation of law.[14]

Plaintiffs' derivative claims concern alleged a pattern of alleged
wrongdoing which ended in 2005, shortly before the filing of this
suit. During this period and at the time the suit was filed, the
Plan was the sole 100% owner of TEOHC and all its assets.
Couturier's ownership of stock options in 2005 does not constitute
either legal or equitable ownership of the stock itself under
Delaware law.[15]

Thus, the earliest that Couturier could be considered as a
"stockholder" of the corporation is in June 2007, when he attempted
to exercise his stock options. Under 8 Del. C. § 327, a purchaser
of stock may not bring a derivative suit for wrongdoing which
occurred prior to the stock purchase, even if the purchase was made
in good faith and not for the purpose of litigation.[16] Therefore it

---

[14]     8 Del. C. § 327.

[15]     Harff v. Kerkorian, 324 A.2d 215, 219 (Del. Ch., 1974)
("The holder of an option to purchase stock is not an equitable
stockholder of the corporation.") (citing Gamble v. Penn Valley
Crude Oil Corp., 104 A.2d 257, 260 (Del. Ch., 1954)).

[16]     7547 Partners v. Beck, 682 A.2d 160, 163 (Del., 1996).

is irrelevant whether Mr. Couturier is now a legal or equitable stockholder in TEOHC. He was not at the time of the alleged wrongdoing and thus would have no standing to participate in Plaintiffs' shareholder derivative claims.

**V.   CONCLUSION**

Bruce Couturier cannot intervene in this litigation under Rule 24 because he has no interest in the subject matter of the litigation which is not already adequately represented by the present parties. His interest as a Plan participant is adequately represented by Plaintiffs and he has no interest in the Plaintiffs' derivative claims because they predate any stock ownership interest which he may hold in TEOHC. For the foregoing reasons, Bruce Couturier's Motion to Intervene at **Docket 738** is **DENIED.**

**IT IS SO ORDERED.**

ENTERED this 24th day of February, 2010.

> S/RALPH R. BEISTLINE
> UNITED STATES DISTRICT JUDGE