IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JOHNSON, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>CLAIR R. COUTURIER JR., et al.,<br><br>　　　　Defendants.<br>_____<br><br>DARLEEN STANTON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CLAIR R. COUTURIER JR., et al.,<br><br>　　　　Defendants. | Case No. 2:05-cv-02046-RRB<br>(Lead Case Consolidated)<br><br><br><br><br><br>Case No. 2:07-cv-01208-RRB<br>(Consolidated)<br><br><br>**ORDER AND FINAL JUDGMENT** |

　　　This Order concerns the settlement ("Settlement") of this litigation (the "Action") involving claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA") and state law, with respect to The Employee Ownership Holding Company, Inc., a Delaware

corporation ("TEOHC"), The Employee Ownership Holding Company Employee Stock Ownership Plan and Trust (the "ESOP"), and the Noll Manufacturing Company Employee Stock Ownership Plan and Trust (the "Noll ESOP") (the ESOP and the Noll ESOP are referred to herein collectively as the "Plans"). A Settlement Agreement, dated December 31, 2009 ("Settlement Agreement"), was filed with the Court on January 5, 2010 (Docket 728-3).[1] Before the Court are: (1) Plaintiffs' Motion for Final Approval of Settlement ("Final Approval Motion"); (2) Plaintiffs' Motion and Memorandum for Approval of Plan of Allocation ("Plan of Allocation Motion"); and (3) Plaintiffs' Counsel's Motion for Award of Attorneys' Fees and Expenses and Plaintiff Incentive Awards (collectively, the "Fees and Expenses Motion"). Also before the Court for approval simultaneously with the Settlement Agreement are consent judgments made between the United States Department of Labor ("DOL") and defendants Couturier, Johanson, Johanson Berenson LLP and Eddy (the "Consent Judgments") in the action entitled *Solis v. Couturier*, 2:08-cv-02732-RRB-GGH (E.D. Cal.) (the "DOL Action").

On February 4, 2010, at Docket 751, the Court entered its Order Preliminarily Approving Settlement and Setting Fairness

---

[1] All capitalized terms used in this Order and Final Judgment and not defined herein shall have the meanings assigned to them in the Settlement Agreement and Preliminary Approval Order.

Hearing ("Preliminary Approval Order"). The Court has received declarations attesting to the mailing of the Notice and publication of the Notice in accordance with the Preliminary Approval Order. A hearing was held on March 5, 2010, (the "Final Approval Hearing") to: (1) determine whether to grant the Final Approval Motion; (2) determine whether to grant the Plan of Allocation Motion; (3) determine whether to grant the Fees and Expenses Motion; and (4) rule upon such other matters as the Court might deem appropriate.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of this action and all parties thereto pursuant to 29 U.S.C. § 1132(e).

2. The Settlement was negotiated at arm's-length by experienced counsel who were fully informed of the facts and circumstances of the action and of the strengths and weaknesses of their respective positions. The Settlement was reached after the Parties had engaged in extensive discovery and motion practice. Plaintiffs' Counsel and Defendants' Counsel are therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

3. The Action has been consolidated with the DOL Action for the specific purpose of the Court's consideration of whether to

approve the proposed Settlement in the Action and the proposed Consent Judgments in the DOL Action and to enter the judgments sought in both. The consolidated actions come within the provisions of the U.S. Department of Labor's ("DOL's") Prohibited Transaction Exemption ("PTE") 79-15, which provides, among other things, that sections 406 and 407(a) of ERISA and section 4975(c)(2) of Title 26 of the United States Code shall not apply with respect to any transaction or activity which is authorized or required, prior to the occurrence of such transaction or activity by a settlement of litigation approved by a United States District Court where the nature of such transaction or activity is specifically described in the settlement and the DOL is a party to the litigation at the time of settlement.

4. The DOL is authorized to bring all claims under ERISA for prohibited transactions and breach of ERISA fiduciary duties, concurrently with plan fiduciaries. The DOL has provided complete releases to defendants Couturier, Johanson, Eddy, and Johanson Berenson LLP, in the proposed Consent Judgments in the DOL Action.

5. The proposed Settlement and the proposed Consent Judgments warrant final approval because they are fair, adequate, and reasonable to the Parties, the ESOP, the Affected Participants, and to others whom they affect based upon (1) the complexity, expense and likely duration of the litigation; (2) the reaction to

the Settlement of the Affected Participants; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the ability of the Defendants to withstand a greater judgment; (7) the range of reasonableness of the settlement fund in light of the best possible recovery; and (8) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

6.  The Final Approval Motion is GRANTED, and the Settlement and the Consent Judgments are hereby APPROVED as fair, adequate and reasonable to the Parties, the ESOP, and the Affected Participants and others whom they affect, and in the public interest.  The settling parties are directed to consummate the Settlement and the Consent Judgments in accordance with the respective terms of the Settlement Agreement and the Consent Judgments.

7.  The Second Amended Plan of Allocation, filed at Docket 781, is hereby APPROVED as fair, adequate, and reasonable to the Parties, the ESOP, and the Affected Participants.  The Administrator shall, in accordance with the respective provisions of the Settlement Agreement and the Consent Judgments, disburse the Settlement Funds to the ESOP for distribution by the ESOP's trustee(s) in accordance with the Plan of Allocation, subject to any amounts withheld by the Administrator for the payment of taxes,

statutory penalties, expenses and other sums as authorized in the Settlement Agreement, and attorneys fees and expenses and incentive awards to Plaintiffs as authorized by this Order. The Court finds payments and distributions made in accordance with such Plan of Allocation to be "restorative payments" as defined in IRS Revenue Ruling 2002-45. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

8. Plaintiffs' Counsel are hereby awarded attorneys' fees of 33.33% of all amounts deposited in the QSF in accordance with the terms of the Settlement Agreement and expenses of $382,500. Such award shall be payable from the Settlement Fund in accordance with the terms of the Settlement Agreement. Counsel's efforts to obtain the "Preliminary Injunction I" fall within their duties under the Plea Agreement.

9. The Court retains jurisdiction over the Action, the Parties, the ESOP and the Affected Participants for all matters relating to the Action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Settlement Agreement, this Order and Final Judgment, and any application for fees and expenses incurred in connection with future actions necessary to fully consummate the Settlement and distribute the proceeds thereof.

10. Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

11. Plaintiffs, the Affected Participants and their personal representatives, heirs, executors, administrators, trustees, successors, and assigns, are forever barred and enjoined from prosecuting any claims of any nature whatsoever relating to the ESOP, the Noll ESOP, or TEOHC and its predecessors, affiliates and subsidiaries (including but not limited to TEOHC California, Inc. (formerly known as the Noll Manufacturing Company, Inc.) and TEOHC Washington, Inc., (formerly known as N&NW Manufacturing Holding Company, Inc.)), arising out of or related to the facts on which the claims asserted in the Action or the DOL Action are based (including in any pleading, motion or other paper filed in either action or on appeal), including, without limitation, claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief and any similar claims regarding the administration of TEOHC and its predecessors, affiliates and subsidiaries (including but not limited to TEOHC California, Inc. (formerly known as the Noll Manufacturing Company, Inc.) and TEOHC Washington, Inc., (formerly known as N&NW Manufacturing Holding Company, Inc.)), the ESOP, and the Noll ESOP, whether accrued or

not, whether known, unknown, or unsuspected, in law or equity, against any of the Defendants, the Defendant Releasees, TEOHC and its predecessors, affiliates and subsidiaries (including but not limited to TEOHC California, Inc. (formerly known as the Noll Manufacturing Company, Inc.) and TEOHC Washington, Inc., (formerly known as N&NW Manufacturing Holding Company, Inc.)), the ESOP, the Noll ESOP, the Insurers, or any of their respective predecessors, successors, assigns, subsidiaries, affiliates, trustees, administrators, fiduciaries, officers, directors, agents, employees or counsel.

12. TEOHC and its predecessors, affiliates and subsidiaries (including but not limited to the TEOHC California, Inc. (formerly known as the Noll Manufacturing Company, Inc.) and TEOHC Washington, Inc., (formerly known as N&NW Manufacturing Holding Company, Inc.)), the ESOP, the Noll ESOP, and all of their respective predecessors, successors, assigns, subsidiaries, affiliates, trustees, administrators, fiduciaries, officers, directors, agents, employees and counsel, are forever barred and enjoined from prosecuting any claims of any nature whatsoever relating to the ESOP, the Noll ESOP, or TEOHC and its predecessors, affiliates and subsidiaries (including but not limited to TEOHC California, Inc. (formerly known as the Noll Manufacturing Company, Inc.) and TEOHC Washington, Inc., (formerly known as N&NW Manufacturing Holding Company, Inc.)) arising out of or related to

the facts on which the claims asserted in the Action or the DOL Action are based (including in any pleading, motion or other paper filed in either action or on appeal), including, without limitation, claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), and any similar claims regarding the administration of TEOHC and its predecessors, affiliates and subsidiaries (including but not limited to TEOHC California, Inc. (formerly known as the Noll Manufacturing Company, Inc.) and TEOHC Washington, Inc., (formerly known as N&NW Manufacturing Holding Company, Inc.)), the ESOP, or the Noll ESOP, whether accrued or not, whether known, unknown, or unsuspected, in law or equity, against any of the Defendants, the Defendant Releasees, the Insurers, or any of their respective predecessors, successors, assigns, subsidiaries, affiliates, trustees, administrators, fiduciaries, officers, directors, agents, employees or counsel.

13. The Defendants, the Defendant Releasees, the ESOP, the Noll ESOP, and TEOHC and its predecessors, affiliates and subsidiaries (including but not limited to TEOHC California, Inc. (formerly known as the Noll Manufacturing Company, Inc.) and TEOHC Washington, Inc., (formerly known as N&NW Manufacturing Holding Company, Inc.)) are forever barred and enjoined from prosecuting

against Plaintiffs or any of them any claim seeking damages or other relief arising out of the institution or prosecution of the Action.

14. All counts asserted in the Action are DISMISSED WITH PREJUDICE, without further order of the Court, pursuant to the terms of the Settlement Agreement.

15. In the event that the Settlement is terminated in accordance with the terms of the Settlement Agreement, this Judgment shall be null and void and shall be vacated nunc pro tunc, and Paragraph 9 of the Settlement Agreement shall govern the rights of the Parties thereto.

**IT IS SO ORDERED.**

ENTERED this 8th day of March, 2010.

                        S/RALPH R. BEISTLINE
                        UNITED STATES DISTRICT JUDGE