IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JOHNSON, et al.,<br><br>             Plaintiffs,<br>vs.<br><br>CLAIR R. COUTURIER, JR., et al.,<br><br>             Defendants. | 2:05-cv-02046-RRB-KJN<br><br>**ORDER DENYING MOTION<br>TO RECONSIDER** |

Before the Court are Plaintiffs' counsel with a Motion to Reconsider Awards of Attorney Fees & Expenses at Docket 789. Plaintiffs' counsel seek reconsideration of two aspects of the Court's award. First, Plaintiffs' counsel object to the Court's denial of an incentive fee award relating to counsel's efforts in obtaining the Preliminary Injunction which was issued on September 26, 2008. Second, counsel object to the Court's issuance of an expense award which was 15% lower than the requested amount.

As to the incentive fee award, the Court is unmoved. The Court awarded Plaintiffs' counsel fees totaling 33.3% of the common settlement fund. The Ninth Circuit has held that, in common fund

cases, reasonable attorney fees typically range from 20 to 30 percent of the fund, with 25% as the "benchmark."[1] Plaintiffs' counsel estimate that the settlement fund will be at least $11.9 million. Using this figure, the Court's fee award is, at a minimum, almost $1 million higher than the 25% "benchmark." Even a fee award of 30%, at the very top of the usual range, would be almost $400,000 less than 33.3% award granted by the Court. Again, these are the minimum figures given by Plaintiff. The actual discrepancy between Plaintiffs' fee award and the typical award may well be greater.

Of course, a determination of reasonable fees must be based on "all of the circumstances of the case."[2] The Court gave such a generous fee award because of counsel's zealous and proficient advocacy, including the obtaining of a preliminary injunction. The Court sees no reason to consider the fee for the preliminary injunction separately from the regular fee award. The injunction was plainly predicated upon Plaintiffs' ERISA claims,[3] which counsel were specifically hired to pursue.

---

[1] Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047–48 (9th Cir. 2002) (citing Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989)).

[2] Vizcaino at 1048.

[3] See Docket 398 at 18.

Plaintiffs' counsel argue that, if the Court views the injunction as within the scope of their fee agreement, then the Court's fee award should be 36%. That is the percentage called for by the Plaintiffs' fee agreement when settlement has occurred more than six months after the filing of the Complaint. However, the Ninth Circuit has held that a fee agreement with the named plaintiffs is "not particularly helpful" in calculating a reasonable fee for a common fund settlement, because the participants in the common fund are not bound by the agreement.[4] The same reasoning applies here. Thus, it is up to the Court to determine a "reasonable" fee, taking into account the 25% benchmark and the usual 20-30% range.

If the Court were to remove the preliminary injunction from its consideration of Plaintiffs' counsel's fee award, then the percentage awarded would have been somewhere at the higher end of the typical 20-30% range utilized by the Ninth Circuit, although not outside of it. Plaintiffs' counsel are adequately compensated for their efforts in obtaining the injunction, without any additional incentive fee award.

With regard to the Court's award of costs, the Court also remains unmoved. Admittedly this is not a scientific process but, in the typical case, the adversary process works to help ensure the

---

[4]     Vizcaino at 1049.

reasonableness of the award.  In the absence of such a process, the Court must exercise its discretion based on the totality of circumstances.  Here, the Court was concerned initially about the expenditures being incurred when counsel showed up, unannounced, in the Sacramento courtroom where the Court was conducting a jury trial, apparently expecting the Court to stop what it was doing to attend to their needs.  This could likely have all been addressed via ECF or telephonically at less expense.  Counsel went on to obtain a good result for their clients in a professional manner, but the Court's concern for costs was raised.  The Court could now appoint an independent auditor to assess the fairness issue here, but that would, itself, be costly.  So considering all of the above, and in order to finally resolve the issue, the Court has determined to reduce the costs requested by 15%.

For the foregoing reasons, the Motion to Reconsider at **Docket 789** is **DENIED.**

**IT IS SO ORDERED.**

ENTERED this 23rd day of March, 2010.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE