IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JOHNSON, et al.,<br><br>          Plaintiffs,<br>vs.<br><br>CLAIR R. COUTURIER, JR., et al.,<br><br>          Defendants. | 2:05-cv-02046-RRB-KJN<br><br>**ORDER TO SHOW CAUSE** |

On May 31, 2012, Nicolas L. Saakvitne, the court-appointed ESOP fiduciary, sent a letter to Judge Kimberly Mueller. Because Judge Mueller previously assisted in this case as a settlement judge, Mr. Saakvitne appears to have mistakenly assumed that she had continuing jurisdiction over the case. In his letter, Mr. Saakvitne expressed his concern that the ESOP was at risk of failing to receive certain compensation provided for in the settlement agreement; namely, the amount of any tax refund received by Defendant Clair Couturier, Jr. for the return of the Palm Desert real property that he had previously received as employment compensation. According to Mr. Saakvitne, "Almost 2-1/2 years post settlement, Plaintiffs have received nothing with respect to the promised consideration and have been kept in the dark regarding

what Mr. Couturier and his counsel are doing to comply with their contractual obligations."

Mr. Saakvitne proposes that the Court require Mr. Couturier to authorize communication between the I.R.S. and Mr Saakvitne, on behalf of the ESOP. He believes that this action is necessary to ensure that the ESOP receives its due compensation under the settlement.

Christopher J. Rillo, counsel for Couturier, sent his own letter to Judge Mueller on June 6, 2012. Mr. Rillo voiced a concern that Mr. Saakvitne was engaging in improper ex parte communication with the Court. He also argued that the remedy sought by Mr. Saakvitne was overly intrusive and that Couturier's efforts to obtain a tax refund for the return of the Palm Desert property had not yet been resolved.

The Court will note first that there is no ethical problem with Mr. Saakvitne's letter. He is not a party to this litigation, but is rather serving as an officer of the Court. The rules against ex parte communications do not apply.

Next, the Court takes the issues raised by Mr. Saakvitne seriously. There is no reason to doubt the credibility of his concern regarding the disposition of the possible tax refund. Mr. Rillo outlined in his letter some reasons why he believes that communication between the IRS and the ESOP fiduciary is unnecessary

and excessively intrusive. He also said, "Should your Honor desire any further information, we stand ready to assist the Court." Given the large amount of potential funds and the gravity of the fiduciary's concerns, the Court would like to hear this additional information.

    Therefore, the Court rules as follows:

    Mr. Couturier is hereby **ORDERED TO SHOW CAUSE** why the Court should not compel him to authorize communication between Mr. Saakvitne and the IRS with regard to Couturier's Palm Desert property tax refund claim. Couturier shall file his stated reasons by on or before **August 24, 2012.** If the Court requires any further briefing from the parties, it will issue another order at that time.

    **IT IS SO ORDERED** this 24th day of July, 2012.

                                  S/RALPH R. BEISTLINE
                                  UNITED STATES DISTRICT JUDGE